UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

CAPITOL RECORDS, LLC,                                      :          12 Civ. 0095 (RJS)

                         Plaintiff,         :

    -against-                                               :          **DECLARATION OF**
                                                  **MARK PIIBE**

REDIGI INC.,                                                     :

                         Defendant.         :

-------------------------------------------------------------- x

MARK PIIBE, pursuant to 28 U.S.C. § 1746, declares as follows:

1.      I am Executive Vice-President, Global Business Development for EMI Music North America ("EMI"), where I have been employed since 2007. I make this declaration in support of the motion for a preliminary injunction brought by EMI's record label affiliate, Plaintiff Capitol Records, LLC ("Capitol"). I have personal knowledge of the facts set forth herein, and if called upon to do so, I could and would testify competently to the matters stated herein.

2.      One of my principal responsibilities at EMI is to explore potential business arrangements on behalf of Capitol and the other record labels with the goal of developing additional sources of income from the digital exploitation of our copyrighted sound recordings. In that capacity, I am constantly meeting and speaking with individuals and businesses that have ideas about how to develop new markets for our sound recordings based on the latest technologies. In most instances, these preliminary discussions do not evolve into anything further. In those cases in which there appears to be a plausible business model that is of mutual interest, we will continue discussions and ultimately attempt to negotiate a license or some other form of business relationship.

3.      In the case of ReDigi Inc. ("ReDigi"), my discussions were extremely limited. I never met with Mr. Ossenmacher (or anyone else from ReDigi) in person, and can only recall one brief telephone conversation with Mr. Ossenmacher. That conversation took place sometime in 2010 after Ronn Werre, our former Chief Operating Officer, asked me to consider whether there was any potential for a business relationship with ReDigi. On that call, Mr. Ossenmacher described in general terms ReDigi's efforts to develop technology designed to let users sell digital files to other users while deleting the file from the seller's computer. I explained that if he actually wanted to launch a service doing what he was describing, he would need a license from us. I left it open for him to follow up with me further if he was interested in pursuing discussions about a license arrangement, but certainly did not give him any indication that I thought we could reach a deal or that he could move forward with his plans without one.

4.      There was very little in the way of further follow-up. My best recollection is that we never even spoke in 2011 and only exchanged a couple of voice mail messages. If we did speak, it would have been an extremely brief conversation and I certainly did not provide any approval of their concept or suggestion that they were free to launch it using our sound recordings without first reaching appropriate business terms with us.

5.      The only further discussions at that point took place in December 2011 following a demand letter that was sent by the RIAA to ReDigi in November 2011. Those discussions, which were designed to avoid a possible lawsuit, were conducted on behalf of EMI by Alasdair McMullan, Executive Vice President of Legal Affairs, and Pat Shah, who reports to me in his capacity as Vice President – Digital Business Development. As described in Mr. McMullan's accompanying reply declaration, those discussions did not prove fruitful and this lawsuit was filed in January 2012.

-2-

6.      As set forth above, nothing in the brief and general exploratory discussions that took place with ReDigi could ever have reasonably made ReDigi believe that we accepted the idea of some kind of second hand digital marketplace that was permitted to operate without license from and compensation to us as copyright owner of the recordings sold.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.  EXECUTED ON JANUARY 31, 2012 IN NEW YORK, NEW YORK.

_____
MARK PIIBE