UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
CAPITOL RECORDS, LLC,                  :     12 Civ. 0095 (RJS)
                                       :
                    Plaintiff,         :
                                       :     **REPLY DECLARATION OF**
         -against-                     :     **ALASDAIR J. McMULLAN**
                                       :
REDIGI INC.,                           :
                                       :
                    Defendant.         :
                                       :
------------------------------------------------------------ X

ALASDAIR J. McMULLAN, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am Executive Vice-President of Legal Affairs for EMI Music North America ("EMI"), and submit this reply declaration in further support of the preliminary injunction motion brought by Plaintiff Capitol Records, LLC ("Capitol"). I have knowledge of the facts set forth herein based on my personal knowledge as well as review of EMI's and Capitol's books and records and other documents referenced herein. If called upon to do so, I could and would testify competently to the matters stated herein.

## Capitol's Efforts to Resolve the Dispute with ReDigi

2. As set forth in paragraph 24 of my moving declaration and shown in Exhibit 7 thereto, the Recording Industry Association of America ("RIAA") sent a demand letter to Defendant ReDigi Inc. ("ReDigi") on November 10, 2011 complaining that ReDigi's service violated the copyright rights of the RIAA's member record companies, including Capitol.

3. ReDigi did not respond to that demand letter until November 28, 2011. A copy of ReDigi's response, which was sent to the RIAA by email on November 28, 2011, is attached hereto as Exhibit A. In his November 28, 2011 letter, Mr. Ossenmacher of ReDigi indicated that he "will continue to work in good faith with all participants to address any issues posed by

ReDigi's new model and technology...."

4.  Following the RIAA's receipt of ReDigi's response, the RIAA informed ReDigi on December 2, 2011 that I wished to speak with ReDigi further regarding its service if there was any interest in discussing an amicable resolution. ReDigi's lawyer, Kevin Koloff, contacted me that day. On December 5, 2011, Mr. Koloff sent an email to me proposing terms for an agreement relating to the sale of Capitol's recordings through the ReDigi website. That same day, Mr. Koloff sent a letter to the RIAA in which he continued ReDigi's debate with the RIAA on the legality of the ReDigi service. Mr. Koloff specifically asked that the record companies hold off on bringing any lawsuit, stating: "So why would you choose this moment to threaten a lawsuit? What I'm suggesting is that you simply give my client a little time. If we can't come to satisfactory arrangements with your members in the near future, you can always sue ReDigi then." (A copy of Mr. Koloff's December 5, 2011 letter is attached hereto as Exhibit B.)

5.  I had several additional telephone calls with Mr. Koloff during December 2011 regarding the possibility of settlement, including at least on December 6, 12, and 15. Pat Shah, EMI's Vice President – Digital Business Development, also conducted discussions with Mr. Ossenmacher in December 2011 to explore whether there was any possible business solution. I emphasized in my December 2011 communications with ReDigi that it needed to remove Capitol's content from its website if we were to move forward regarding any possible business arrangement. ReDigi certainly has the technological capacity to do this if it wanted, as the metadata for all our recordings available on iTunes contains a copyright notice listing the copyright owner. According to ReDigi's papers, this metadata is screened as part of the "verification" process ReDigi performs before making a user's files available for purchase.

6.  After fully investigating the ReDigi service and the nature of its infringing

activity, and also concluding that ReDigi was determined to continue offering Capitol's copyrighted recordings for sale, Capitol instituted this lawsuit on January 6, 2012. I left a voicemail for Mr. Koloff that day informing him of the suit and had another meeting with him in Los Angeles on January 13, 2012 during which we discussed the status of the dispute. One week later, on January 20, 2012, we brought on the present application for a preliminary injunction.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON JANUARY 31, 2012 IN NEW YORK, NEW YORK.

_____
ALASDAIR J. McMULLAN