# EXHIBIT B

# Law Office of Kevin Koloff
## 1875 Century Park East, Suite 700
## Los Angeles, CA 90067

VIA EMAIL ATTACHMENT: jpariser@riaa.com

December 5, 2011

Jennifer Pariser
Senior Vice President, Litigation
Recording Industry Association of America
1025 F Street NW, 10th Floor
Washington, D.C.  20004

Re:  ReDigi, Inc.

Dear Ms. Pariser:

I represent ReDigi, Inc., and am writing, at my client's behest, in response to your letters dated November 10, 2011 and December 2, 2011.

Let me start with a simple clarification.  Your latest letter indicates that John Ossenmacher, in his response to you, "did not dispute that ReDigi makes unauthorized use of RIAA Member copyrighted works and this activity requires a license from the record companies," and that John's position seems to be that because some of those members have "implicitly approved of" ReDigi's service, the company "need not comply with the law."  All of these are inferences on your part, and not at all what John intended in his letter.

Yes, John did make the point that ReDigi has been in discussions with some of your members, whose response to ReDigi's technology and business model has been positive and enthusiastic.  But he was decidedly NOT implying that these discussions obviated the need to comply with the law.

In fact, it is my client's firm position that ReDigi's activities, which include unprecedented technology that will, for the first time, allow the sale and purchase of legitimately purchased, previously used digital audio tracks, are entirely within both the spirit and letter of the law.

Part of the problem here is that the legal analysis in this case is driven largely by the technology, and that technology is new and – as digital technology tends to be – complex.  The initial reaction to ReDigi's claims of what its software can do is often skepticism.  But in the case of at least two of your major members that skepticism seems to have dissolved, through a series of meetings and explanations,

Phone: (310) 284-6834          eFax: (636) 707-3989          kkoloff@kevinkoloff.com

# Law Office of Kevin Koloff
## 1875 Century Park East, Suite 700
## Los Angeles, CA 90067

coupled with their own vetting of the system. ReDigi can, in short, do things that most people, including record label tech experts, thought could not be done. And ReDigi creates a market for "used" digital tracks that provides substantially better protection for your members' intellectual property than any physical system of delivering music.

I am not a programmer, and I would not do justice to ReDigi's technology if I tried to describe it in enough detail to serve as the underpinning for the copyright discussion. If, eventually, that marriage of technical discussion and legal analysis has to happen in the context of briefs and court filings, then my client is ready for that, and is confident about its prospects. But that would be a shame.

ReDigi believes strongly, and can demonstrate, that its business model is much more likely to augment your members' revenues than displace them. And, one by one, we believe that ReDigi is convincing your members of this. You've written your letter at a moment when my client has recently had very successful meetings with two of your members, and one of those two members has asked ReDigi to engage an attorney to work out licensing arrangements (that's why I came on board just last week).

To be clear, the need for licensing arrangements stems from my client's desire to sell new tracks as well as used tracks on its service – and of course, ReDigi can't sell new tracks without a license from the owners. We believe that our facilitation of the sale of used tracks is a different matter altogether, and does not require authorization. However, because the blending of new and used tracks in the ReDigi marketplace potentially adds, we believe, enormous value, ReDigi is willing to pay to the labels a share of revenues from both new AND used tracks.

So, to summarize where we are: you've asserted a legal position; ReDigi is asserting a contrary position. But even as we disagree, my client and your members are in the process of working out an arrangement whereby the RIAA members license new tracks to ReDigi, and share in revenues from the sale of all tracks, new or used. This arrangement has the potential to increase everybody's revenue, for reasons that have been presented and discussed at length with some of your members. And at least some of your members have indicated their desire to move forward right away. (We believe that as soon as ReDigi can get in a room with the other members, they'll be on board as well.)

So why would you choose this moment to threaten a lawsuit?

What I'm suggesting is that you simply give my client a little time. If we can't come to satisfactory arrangements with your members in the near future, you can always sue ReDigi then. You must, of course, enforce your members' rights when bad actors appear, but you are not dealing with pirates

---

Phone: (310) 284-6834          eFax: (636) 707-3989          kkoloff@kevinkoloff.com

# Law Office of Kevin Koloff
# 1875 Century Park East, Suite 700
# Los Angeles, CA 90067

here. You are dealing with a party that has great respect for, and has gone to great lengths to find new ways to protect, the integrity of copyrights.

Sometimes a new technological breakthrough is bad for content owners (e.g., Napster). Sometimes it's good (e.g., the CD, which brought the record business out of the doldrums in the 1980's). And sometimes it looks like it might be bad, but turns out to be a godsend (e.g., the VCR, which terrified the owners of TV shows and movies until it led to the home video revolution and changed – for the good – an entire industry).

We firmly believe that ReDigi falls into the "good" category for your members, and could even turn into "godsend." Please let us continue our discussions with your members without the threat of litigation, which would be in no one's best interest at this moment. We are optimistic that those discussions will lead to deals, and that those deals will lead to more revenues for everyone. Before you go to war, give peace a chance.

I invite you to give me a call to discuss this further.

I must state for the record, as I know you'll understand, that this letter is not intended as a complete statement of the facts or law involved in this matter, and is not intended to waive or diminish any of ReDigi, Inc.'s rights, remedies or defenses, all of which are reserved.

I look forward to hearing from you.

Very Truly Yours,

Kevin Koloff

---

Phone: (310) 284-6834          eFax: (636) 707-3989          kkoloff@kevinkoloff.com