UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

CAPITOL RECORDS, LLC,                      :      12 Civ. 0095 (RJS)

                     Plaintiff,        :

    -against-                                  :      **PLAINTIFF'S RESPONSE TO**
                                          **DEFENDANT'S STATEMENT**
REDIGI INC.,                                      :      **OF UNDISPUTED FACTS**
                                          **PURSUANT TO LOCAL RULE 56.1**
               Defendant.       :      **REDACTED**

-------------------------------------------------------------- x

      Pursuant to Local Rule 56.1, Plaintiff Capitol Records, LLC ("Capitol") submits this

response to Defendant's Statement of Undisputed Facts Pursuant to Local Rule 56.1 (Docket No.

56) ("ReDigi's 56.1 Statement") submitted by Defendant ReDigi Inc. ("ReDigi") in support of

its motion for summary judgment.

      1.      Capitol disputes the statements set forth in paragraph 1 of ReDigi's 56.1

Statement.  Both as a legal and technological matter, the process described by ReDigi necessarily

involves copying.  Plaintiff's Statement of Undisputed Facts Pursuant to Local Rule 56.1

(Docket No. 50) ("Pl. 56.1") ¶¶ 21-24 and citations therein; Declaration of Richard S. Mandel in

Opposition to ReDigi Motion for Summary Judgment ("Mandel SJ Opp. Decl."), Ex. 1

(Ossenmacher Dep. at 73); Declaration of Doug Jacobson in Opposition to ReDigi Motion for

Summary Judgment ("Jacobson Decl.") ¶¶ 6-17.  See also Memorandum of Law in Support of

Plaintiff's Motion for Partial Summary Judgment (Docket No. 49) ("Pl. SJ Brief") at 5-7.

      2.      Capitol disputes the statements set forth in paragraph 2 of ReDigi's 56.1

Statement.  Both as a legal and technological matter, the ReDigi system necessarily involves

copying and deletion.  Pl. 56.1 ¶¶ 18-24 and citations therein; Jacobson Decl. ¶¶ 6-17.  See also

Pl. SJ Brief at 5-10.

3.      Capitol disputes the materiality of the statements set forth in paragraph 3 of ReDigi's 56.1 Statement.  Capitol also disputes the first sentence of paragraph 3, as ReDigi was founded as a for-profit business to provide a marketplace for buying and selling "used" digital music.  Mandel SJ Opp. Decl., Ex. 1 (Ossenmacher Dep. at 66-68); Rudolph Dep. at 21 (Appendix of Deposition Excerpts Submitted in Support of Capitol's Motion for Partial Summary Judgment).

4.      Capitol disputes the materiality of the statements set forth in paragraph 4 of ReDigi's 56.1 Statement.  Capitol also disputes that ReDigi set out to develop a technology that would be compliant with copyright law inasmuch as the entire concept of its business is based on a fundamental misapplication of copyright law and a misreading of the first sale doctrine.  Mr. Ossenmacher believes he reviewed the Copyright Office's DMCA Section 104 Report, which should have made clear that ReDigi's proposed service was not in compliance with copyright law.  Mandel SJ Opp. Decl., Ex. 1 (Ossenmacher Dep. at 39-41).  See also Pl. SJ Brief at 22-23.

5.      Capitol disputes the statements set forth in paragraph 5 of ReDigi's 56.1 Statement.  ReDigi has always been a marketplace for individuals to sell unlawful copies of sound recordings.  Pl. 56.1 ¶ ¶ 21-24 and citations therein; Jacobson Decl. ¶ ¶ 6-17; Rudolph Dep. at 21 (Appendix of Deposition Excerpts Submitted in Support of Capitol's Motion for Partial Summary Judgment).  See also Pl. SJ Brief at 5-7, 20-23.

6.      Capitol disputes the materiality of the statements set forth in paragraph 6 of ReDigi's 56.1 Statement.  Capitol also disputes that ReDigi "tried to create a legally compliant system, which would also help prevent piracy."  The entire concept of ReDigi's business encourages piracy inasmuch as it is based on a fundamental misapplication of copyright law and a misreading of the first sale doctrine.  Mr. Ossenmacher believes he reviewed the Copyright

Office's DMCA Section 104 Report, which should have made clear that ReDigi's proposed service was not in compliance with copyright law.  Mandel SJ Opp. Decl., Ex. 1 (Ossenmacher Dep. at 39-41).  See also Pl. SJ Brief at 22-23.

7.       Capitol asserts that no response is required to the statements set forth in paragraph 7 of ReDigi's 56.1 Statement insofar as the paragraph sets forth a legal conclusion concerning the lawfulness of ReDigi's conduct rather than statements of allegedly undisputed facts.  To the extent any response is required, Capitol disputes the statements set forth in paragraph 7 of ReDigi's 56.1 Statement.  Both as a legal and technological matter, the ReDigi system necessarily involves the infringing reproduction and distribution of sound recordings.  Pl. 56.1 ¶ ¶ 21-24 and citations therein; Jacobson Decl. ¶ ¶ 6-17.  See also Pl. SJ Brief at 5-7, 20-23.

8.       In response to the statements set forth in paragraph 8 of ReDigi's 56.1 Statement, Capitol disputes any implication that the "validation process" properly validates the eligibility of a file for sale in a manner that complies with the copyright law.  Pl. 56.1 ¶ ¶ 21-24 and citations therein.  See also Pl. SJ Brief at 5-7, 20-23.

9.       In response to the statements set forth in paragraph 9 of ReDigi's 56.1 Statement, Capitol disputes any implication that the "validation process" properly validates the eligibility of a file for sale in a manner that complies with the copyright law.  Pl. 56.1 ¶ ¶ 21-24 and citations therein.  See also Pl. SJ Brief at 5-7, 20-23.

10.      In response to paragraph 10 of ReDigi's 56.1 Statement, Capitol disputes any implication that ReDigi can ensure that multiple copies of recordings being sold or offered for sale by ReDigi users are not being retained by ReDigi users.  Pl. 56.1 ¶ ¶ 56-64 and citations therein.

29503/003/1329205.4

11.    In response to paragraph 11 of ReDigi's 56.1 Statement, Capitol disputes any implication that ReDigi properly validates the eligibility of a file for sale in a manner that complies with the copyright law, **REDACTED**

Pl. 56.1 ¶ ¶ 21-24 and citations therein; Jacobson Decl. ¶ ¶ 6-17. See also Pl. SJ Brief at 5-7, 20-23.

12.    Capitol disputes the statements set forth in paragraph 12 of ReDigi's 56.1 Statement.  The cited testimony makes no reference to the legally defined term "phonorecords" or whether such "phonorecords" were "legally acquired."  Both as a legal and technological matter, the ReDigi system necessarily involves copying and deletion.  Pl. 56.1 ¶ ¶ 18-24 and citations therein; Rudolph Dep. at 57-58 (Adelman Decl. Ex. 10); Jacobson Decl. ¶ ¶ 6-17.  See also Pl. SJ Brief at 5-10.

13.    Capitol disputes the statements set forth in paragraph 13 of ReDigi's 56.1 Statement to the extent that they suggest that a digital file is itself a "phonorecord," a legally defined term that appears nowhere in the cited portions of Mr. Rudolph's declaration.  Rudolph Decl. ¶ ¶ 5, 22, 36.  See also Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment ("Pl. SJ Opp. Br.") at 20-21.

14.    Capitol disputes the statements set forth in paragraph 14 of ReDigi's 56.1 Statement.  Whatever analogies ReDigi may seek to draw or **REDACTED** both as a legal and technological matter, the ReDigi system necessarily involves copying.  Pl. 56.1 ¶ ¶ 21-24 and citations therein; Jacobson Decl. ¶ ¶ 6-17.  See also Pl. SJ Brief at 5-7.

15.    Capitol disputes the materiality of the statements set forth in paragraph 15 of ReDigi's 56.1 Statement.  Capitol also disputes that the cited portions of Mr. Rudolph's

deposition support the proposition stated in the first sentence of paragraph 15. Rudolph Dep. at 13 (Adelman Decl. Ex. 10).

16.     Capitol disputes the materiality of the statements set forth in paragraph 16 of ReDigi's 56.1 Statement. Capitol also disputes that the cited portion of Mr. Rudolph's testimony supports the proposition stated in paragraph 16. Rudolph Dep. at 58-59 (Adelman Decl. Ex. 10).

17.     Capitol disputes the materiality of the statements set forth in paragraph 17 of ReDigi's 56.1 Statement.

18.     Capitol disputes the statements set forth in paragraph 18 of ReDigi's 56.1 Statement. Both as a legal and technological matter, the ReDigi system necessarily involves copying. Pl. 56.1 ¶¶ 21-24 and citations therein; Jacobson Decl. ¶¶ 6-17. See also Pl. SJ Brief at 5-7.

19.     Capitol disputes the statements set forth in paragraph 19 of ReDigi's 56.1 Statement. Both as a legal and technological matter, the ReDigi system necessarily involves copying. Pl. 56.1 ¶¶ 21-24 and citations therein; Jacobson Decl. ¶¶ 6-17. See also Pl. SJ Brief at 5-7.

20.     Capitol disputes the statements set forth in paragraph 20 of ReDigi's 56.1 Statement to the extent they suggest that **REDACTED** is accomplished without reproduction. Both as a legal and technological matter, the ReDigi system necessarily involves copying. Pl. 56.1 ¶¶ 21-24 and citations therein; Jacobson Decl. ¶¶ 6-17. See also Pl. SJ Brief at 5-7.

21.     Capitol disputes the statements set forth in paragraph 21 of ReDigi's 56.1 Statement. ReDigi has admitted in its answer, as well as in sworn statements by its Chief Technical Officer, Mr. Rudolph, in both his declaration and deposition, that upon the upload of a file to the ReDigi cloud, that file is deleted from the user's computer. **REDACTED**

# REDACTED                                    Pl. 56.1 ¶

¶ 18-20 and citations therein; Jacobson Decl. ¶ ¶ 14-17.  See also Pl. SJ Brief at 7-10.

22.    Capitol disputes the statements set forth in paragraph 22 of ReDigi's 56.1

Statement,                      **REDACTED**

ReDigi has admitted in its answer, as well as in sworn statements by its Chief Technical Officer,

Mr. Rudolph, in both his declaration and deposition, that upon the upload of any file to the

ReDigi cloud, that file is deleted from the user's computer.

# REDACTED                          Pl. 56.1 ¶ ¶ 18-20 and

citations therein; Jacobson Decl. ¶ ¶ 14-17.  See also Pl. SJ Brief at 7-10.

23.    In response to the statements set forth in paragraph 23 of ReDigi's 56.1

Statement,                  # REDACTED

Both as a legal and technological matter, the ReDigi

system necessarily involves copying.  Pl. 56.1 ¶ ¶ 21-24 and citations therein; Jacobson Decl. ¶ ¶

6-17.  See also Pl. SJ Brief at 5-7.

24.    In response to the statements set forth in paragraph 24 of ReDigi's 56.1

Statement, Capitol disputes any implication that the determination made by ReDigi's verification

software as to a file's eligibility for upload to the ReDigi cloud complies with the copyright law.

Pl. 56.1 ¶ ¶ 21-24 and citations therein.  See also Pl. SJ Brief at 5-7, 20-23.

25.    Capitol disputes the materiality of the statements set forth in paragraph 25 of

ReDigi's 56.1 Statement.

# REDACTED

Both as a legal and technological matter, the ReDigi system necessarily involves

copying. Pl. 56.1 ¶ ¶ 21-24 and citations therein; Jacobson Decl. ¶ ¶ 6-17. See also Pl. SJ Brief
at 5-7.

26.     Capitol disputes the materiality of the statements set forth in paragraph 26 of
ReDigi's 56.1 Statement.

## REDACTED

Both as a legal and technological matter, the ReDigi system necessarily involves copying. Pl.
56.1 ¶ ¶ 21-24 and citations therein; Jacobson Decl. ¶ ¶ 6-17. See also Pl. SJ Brief at 5-7.

27.     Capitol disputes the materiality of the statements set forth in paragraph 27 of
ReDigi's 56.1 Statement.

# REDACTED

Both as a legal and technological matter, the ReDigi system necessarily involves
copying. Pl. 56.1 ¶ ¶ 21-24 and citations therein; Jacobson Decl. ¶ ¶ 6-17. See also Pl. SJ Brief
at 5-7.

28.     Capitol disputes the materiality of the statements set forth in paragraph 28 of
ReDigi's 56.1 Statement.

## REDACTED

Both as a legal and technological matter, the ReDigi system
necessarily involves copying and deletion. Pl. 56.1 ¶ ¶ 18-24 and citations therein; Jacobson
Decl. ¶ ¶ 6-17. See also Pl. SJ Brief at 5-10.

29.     Capitol disputes the materiality of the statements set forth in paragraph 29 of
ReDigi's 56.1 Statement.

30.     Capitol disputes the materiality of the statements set forth in paragraph 30 of
ReDigi's 56.1 Statement.                              ## REDACTED

# REDACTED

Both as a legal and technological matter, the ReDigi system necessarily involves copying. Pl. 56.1 ¶¶ 21-24 and citations therein; Jacobson Decl. ¶¶ 6-17. <u>See also</u> Pl. SJ Brief at 5-7.

31.     Capitol disputes the statements set forth in paragraph 31 of ReDigi's 56.1 Statement. Both as a legal and technological matter, the ReDigi system necessarily involves copying and deletion. Pl. 56.1 ¶¶ 18-24 and citations therein; Jacobson Decl. ¶¶ 6-17. <u>See also</u> Pl. SJ Brief at 5-10.

32.     Capitol disputes the materiality of the statements set forth in paragraph 32 of ReDigi's 56.1 Statement.

33.     Capitol disputes the materiality of the statements set forth in paragraph 33 of ReDigi's 56.1 Statement.

# REDACTED

Both as a legal and technological matter, the ReDigi system necessarily involves copying. Pl. 56.1 ¶¶ 21-24 and citations therein; Jacobson Decl. ¶¶ 6-17. <u>See also</u> Pl. SJ Brief at 5-7.

34.     Capitol disputes the materiality of the statements set forth in paragraph 34 of ReDigi's 56.1 Statement.

# REDACTED

Both as a legal and technological matter, the ReDigi system necessarily involves copying. Pl. 56.1 ¶¶ 21-24 and citations therein; Jacobson Decl. ¶¶ 6-17. <u>See also</u> Pl. SJ Brief at 5-7.

35.     Capitol disputes the materiality of the statements set forth in paragraph 35 of ReDigi's 56.1 Statement.

# REDACTED

it is because ReDigi deletes the file on the user's hard drive as part of the upload process, as admitted by ReDigi in its answer and in the sworn testimony of its Chief Technical Officer, Mr. Rudolph.  Pl. 56.1 ¶ ¶ 18-20 and citations therein; Jacobson Decl. ¶ ¶ 14-17. See also Pl. SJ at 7-10.

36.     Capitol disputes the materiality of the statements set forth in paragraph 36 of ReDigi 56.1 Statement.  Capitol also disputes the statements set forth in paragraph 36 of ReDigi's 56.1 Statement, as ReDigi cannot ensure that ReDigi users do not retain multiple copies of recordings being sold or offered for sale,                    **REDACTED**

Pl. 56.1 ¶ ¶ 56-64 and citations therein; Jacobson Decl. ¶ 14.

37.     Capitol disputes the materiality of the statements set forth in paragraph 37 of ReDigi's 56.1 Statement.  Capitol also asserts that no response is required insofar as the paragraph sets forth legal interpretations concerning "reproduction" rather than statements of allegedly undisputed facts.  To the extent any response is required, Capitol also disputes the statements set forth in paragraph 37 of ReDigi's 56.1 Statement.  Both as a legal and technological matter, the ReDigi system necessarily involves copying.  In addition, ReDigi cannot ensure that ReDigi users do not retain multiple copies of recordings being sold or offered for sale.  Pl. 56.1 ¶ ¶ 21-24, 56-64 and citations therein; Jacobson Decl. ¶ ¶ 6-17; Mandel Decl. Ex. 3. See also Pl. SJ Brief at 5-7; Pl. SJ Opp. Br. at 6-18.

38.     Capitol disputes the materiality of the statements set forth in paragraph 38 of

ReDigi's 56.1 Statement.                  **REDACTED**

Both as a legal and technological

matter, the ReDigi system necessarily involves copying.  Pl. 56.1 ¶ ¶ 21-24 and citations therein;

Jacobson Decl. ¶ ¶ 6-17.  <u>See</u> <u>also</u> Pl. SJ Brief at 5-7.

39.

# REDACTED

Both as a legal

and technological matter, the ReDigi system necessarily involves copying and deletion.  Pl. 56.1

¶ ¶ 21-24 and citations therein; Jacobson Decl. ¶ ¶ 6-17.  <u>See</u> <u>also</u> Pl. SJ Brief at 5-7.

40.     Capitol disputes the materiality of the statements set forth in paragraph 40 of

ReDigi's 56.1 Statement inasmuch as ReDigi's new service as described in this paragraph did

not exist at the time Capitol instituted this action.

# REDACTED

Capitol has not had an adequate opportunity to take the full discovery that

would be required in order to respond to factual allegations concerning this new practice.

# REDACTED

Mandel SJ Opp. Decl. ¶ ¶ 2-4.

41.     Capitol disputes the materiality of the statements set forth in paragraph 41 of

ReDigi's 56.1 Statement inasmuch as ReDigi's new service as described in this paragraph did

not exist at the time Capitol instituted this action.          **REDACTED**

-10-

# REDACTED

Capitol has not had an adequate opportunity to take the full discovery that would be required in order to respond to factual allegations concerning this new practice. Capitol also disputes the statement that the purchased file is "downloaded directly" to the ReDigi server.

# REDACTED

Mandel SJ Opp. Decl. ¶¶ 2-4; Mandel SJ Opp. Decl. Ex. 3. See also Pl. SJ Opp. Br. at 16-18.

42.     Capitol disputes the materiality of the statements set forth in paragraph 42 of ReDigi's 56.1 Statement inasmuch as ReDigi's new service as described in this paragraph did not exist at the time Capitol instituted this action.

# REDACTED

Capitol has not had an adequate opportunity to take the full discovery that would be required in order to respond to factual allegations concerning this new practice. Mandel SJ Opp. Decl. ¶¶ 2-4.

43.     Capitol disputes the materiality of the statements set forth in paragraph 43 of ReDigi's 56.1 Statement inasmuch as ReDigi's new service as described in this paragraph did not exist at the time Capitol instituted this action.

# REDACTED

Capitol has not had an adequate opportunity to take the full discovery that

would be required in order to respond to factual allegations concerning this new practice. Mandel SJ Opp. Decl. ¶¶ 2-4.

44.     Capitol disputes the materiality of the statements set forth in paragraph 44 of ReDigi's 56.1 Statement inasmuch as ReDigi's new service as described in this paragraph did not exist at the time Capitol instituted this action.

# REDACTED

Capitol has not had an adequate opportunity to take the full discovery that would be required in order to respond to factual allegations concerning this new practice. Mandel SJ Opp. Decl. ¶¶ 2-4.

45.     Capitol disputes the materiality of the statements set forth in paragraph 45 of ReDigi's 56.1 Statement inasmuch as ReDigi's new service as described in this paragraph did not exist at the time Capitol instituted this action.

# REDACTED

Capitol has not had an adequate opportunity to take the full discovery that would be required in order to respond to factual allegations concerning this new practice.

# REDACTED

Mandel SJ Opp. Decl. ¶¶ 2-4; Mandel SJ Opp. Decl., Ex. 1 (Ossenmacher Dep. at 201-204).

46.     Capitol disputes the materiality of the statements set forth in paragraph 46 of ReDigi's 56.1 Statement.  Capitol also disputes the statements set forth in paragraph 46 to the

extent that they suggest that a digital file is itself a "phonorecord," a legally defined term that appears nowhere in the cited declarations.  Rudolph Decl. ¶ ¶ 22, 36; Lin Decl. ¶ ¶ 10-15; Worth Decl. ¶ ¶ 11-16, 27.

47.     Capitol disputes the materiality of the statements set forth in paragraph 47 of ReDigi's 56.1 Statement.  Capitol also disputes that no reproduction or duplication has been made.  Both as a legal and technological matter, the ReDigi system necessarily involves copying as the first necessary step to selling a recording.  Capitol also disputes the statements set forth in paragraph 47 to the extent that they suggest that a digital file is itself a "phonorecord," a legally defined term that appears nowhere in the cited declarations.  See Pl. 56.1 ¶ ¶ 21-24 and citations therein; Mandel SJ Opp. Decl., Ex. 1 (Ossenmacher Dep. at 73); Jacobson Decl. ¶ ¶ 6-17; Rudolph Decl. ¶ ¶ 22, 36; Lin Decl. ¶ ¶ 25.  See also Pl. SJ Brief at 5-7.

48.     Capitol disputes the materiality of the statements set forth in paragraph 48 of ReDigi's 56.1 Statement.  Capitol also disputes the statements set forth therein inasmuch as ReDigi cannot ensure that ReDigi users do not retain multiple copies of recordings being sold or offered for sale.  Capitol also disputes the statements set forth in paragraph 48 to the extent that they suggest that a digital file is itself a "phonorecord," a legally defined term that appears nowhere in the cited declaration.  Pl. 56.1 ¶ ¶ 56-64 and citations therein; Rudolph Decl. ¶ ¶ 22, 36.

49.     Capitol disputes the materiality of the statements set forth in paragraph 49 of ReDigi's 56.1 Statement.  Capitol also disputes the statements set forth therein inasmuch as ReDigi cannot ensure that ReDigi users do not retain multiple copies of recordings being sold or offered for sale.  Capitol also disputes the statements set forth in paragraph 49 to the extent that

29503/003/1329205.4

they suggest that a digital file is itself a "phonorecord," a legally defined term that appears nowhere in the cited declaration. Pl. 56.1 ¶ ¶ 56-64 and citations therein; Rudolph Decl. ¶ 36.

50.  Capitol disputes the materiality of the statements set forth in paragraph 50 of ReDigi's 56.1 Statement.

51.  Capitol disputes the materiality of the statements set forth in paragraph 51 of ReDigi's 56.1 Statement. Capitol also disputes that there has been no duplication or reproduction of the copyrighted work, or that only one user has ownership of the recording. Both as a legal and technological matter, the ReDigi system necessarily involves copying. ReDigi also cannot ensure that ReDigi users do not retain multiple copies of recordings being sold or offered for sale. Capitol also disputes the statements set forth in paragraph 51 to the extent that they suggest that a digital file is itself a "phonorecord," a legally defined term that appears nowhere in the cited declaration. Pl. 56.1 ¶ ¶ 21-24, 56-64 and citations therein; Mandel SJ Opp. Decl., Ex. 1 (Ossenmacher Dep. at 73); Jacobson Decl. ¶ ¶ 6-17; Rudolph Decl. ¶ 36. See also Pl. SJ Brief at 5-7.

52.  Capitol disputes the statements set forth in paragraph 52 of ReDigi's 56.1 Statement to the extent that they suggest that a digital file is itself a "phonorecord," a legally defined term that appears nowhere in the cited testimony. Rudolph Dep. at 52, 146 (Adelman Decl. Ex. 10).

53.  Capitol disputes the statement in paragraph 53 of ReDigi's 56.1 Statement that the file is maintained in the ReDigi cloud for the user's personal use, since the admitted ability of the ReDigi user to sell that recording maintained in the ReDigi cloud would not be for personal use, but for commercial purposes.

# REDACTED

Both as a legal

and technological matter, the ReDigi system necessarily involves copying. Capitol also disputes the statements set forth in paragraph 53 to the extent that they suggest that a digital file is itself a "phonorecord," a legally defined term that appears nowhere in the cited declarations. Rudolph Decl. ¶ 12, 20-24; Lin Decl. ¶8; Pl. 56.1 ¶ ¶ 21-24 and citations therein; Jacobson Decl. ¶ ¶ 6-17. See also Pl. SJ Brief at 5-7, 17-18.

54.     Capitol disputes the materiality of the statements set forth in paragraph 54 of ReDigi's 56.1 Statement. Capitol also disputes the statement that ReDigi is interested in encouraging use of their cloud storage service for purposes other than the sale of digital music.

# REDACTED

Pl. 56.1 ¶ ¶ 7-8 and citations therein.

55.     Capitol disputes the materiality of the statements set forth in paragraph 55 of ReDigi's 56.1 Statement. Capitol also disputes the statements set forth therein as unsupported by any admissible evidence. The cited exhibit contains a single advertisement by Apple and in no way provides any support for what consumers' expectations are with respect to the automatic syncing of their libraries with portable devices or for any other aspect of music services. Capitol also disputes the statements set forth in paragraph 51 to the extent that they suggest that a digital file is itself a "phonorecord," a legally defined term that appears nowhere in the cited testimony or exhibit. Rudolph Dep. at 111-112 (Adelman Decl. Ex. 10); Adelman Decl. Ex. 7.

56.     Capitol disputes the materiality of the statements set forth in paragraph 56 of ReDigi's 56.1 Statement. Capitol also disputes the statement that files stored in the ReDigi cloud are "personal use copies." ReDigi's terms of use do not prevent users from selling the files they store in the ReDigi cloud. Indeed, ReDigi bases its entire business model on such sales,

which ReDigi has actively encouraged.  Adelman Decl. Ex. 5; Pl. 56.1 ¶¶ 7-8, 36-45 and
citations therein.

57.    Capitol asserts that no response is required to the statements set forth in paragraph
57 of ReDigi's 56.1 Statement insofar as the paragraph sets forth legal interpretations concerning
"infringements" rather than statements of allegedly undisputed facts.  Moreover, ReDigi's
statement in paragraph 57 is unsupported by any factual citation, in violation of Local Rule 56.1.
To the extent any response is required, Capitol also disputes the statements set forth in paragraph
57 of ReDigi's 56.1 Statement.  Both as a legal and technological matter, the ReDigi system
necessarily involves infringing reproduction and distribution.  Pl. 56.1 ¶¶ 21-24 and citations
therein; Mandel SJ Opp. Decl., Ex. 1 (Ossenmacher Dep. at 73); Jacobson Decl. ¶¶ 6-17.  See
also Pl. SJ Brief at 5-7, 10-11.

58.    Capitol disputes the statements set forth in paragraph 58 of ReDigi's 56.1
Statement, except to the extent the statements admit that downloads from the ReDigi Cloud are
reproductions of Capitol's sound recordings.  Both as a legal and technological matter, the
ReDigi system necessarily involves copying.  In addition, the sale of recordings from one ReDigi
user to another is not for personal use, but for commercial purposes.  Pl. 56.1 ¶¶ 21-24 and
citations therein; Mandel SJ Opp. Decl., Ex. 1 (Ossenmacher Dep. at 73); Jacobson Decl. ¶¶ 6-
17.  See also Pl. SJ Brief at 5-7, 17-18.

59.    Capitol disputes the statements set forth in paragraph 59 of ReDigi's 56.1
Statement.  To the extent a ReDigi user downloads a file from the ReDigi cloud that was
obtained from another ReDigi user, such download constitutes an infringing copy of an
infringing copy – the end result of a user's initial unlawful reproduction made not for personal

use, but for commercial purposes.  Pl. 56.1 ¶¶ 21-24 and citations therein.  See also Pl. SJ Brief

at 5-7, 17-18.

60.     Capitol disputes the materiality of the statements set forth in paragraph 60 of

ReDigi's 56.1 Statement.  Capitol also asserts that no response is required to the statements set

forth in paragraph 60 of ReDigi's 56.1 Statement insofar as the paragraph sets forth legal

interpretations concerning what is "legal" rather than statements of allegedly undisputed facts.

To the extent any response is required, Capitol disputes any implication that the existence of a

cloud storage component to ReDigi's service somehow renders the services offered by ReDigi

legal.  Pl. 56.1 ¶¶ 7-8, 21-24, 36-45 and citations therein.  See also Pl. SJ Brief at 5-7, 15-16.

61.     Capitol disputes the statements set forth in paragraph 61 of ReDigi's 56.1

Statement.  To the extent a ReDigi user downloads a file from the ReDigi cloud that was

obtained from another ReDigi user, such download is an infringing copy of an infringing copy –

the end result of a user's initial unlawful reproduction made not for personal use, but for

commercial purposes.  Moreover, the cited exhibit contains a single advertisement by Apple and

in no way provides any support for what consumers "have come to expect through almost every

service available to them."  Pl. 56.1 ¶¶ 21-24 and citations therein; Adelman Decl. Ex. 7.  See

also Pl. SJ Brief at 5-7, 17-18.

62.     Capitol disputes the materiality of the statements set forth in paragraph 62 of

ReDigi's 56.1 Statement.  Capitol also disputes any implication that downloads accomplished by

ReDigi users are only for personal use.  To the extent a ReDigi user downloads a file from the

ReDigi cloud that was obtained from another ReDigi user, such download is an infringing copy

of an infringing copy – the end result of a user's initial unlawful reproduction made not for

personal use, but for commercial purposes.  Pl. 56.1 ¶ ¶ 21-24 and citations therein.  See also Pl.

SJ Brief at 5-7, 17-18.

63.     Capitol disputes the materiality of the statements set forth in paragraph 63 of

ReDigi's 56.1 Statement.  Capitol also disputes the statements set forth therein as unsupported by

any admissible evidence.  The cited exhibit (Apple's terms of use for iTunes) provides no

support as to the "overwhelming number of products that are sold and promoted for the purpose

of allowing and encouraging users to listen to their music anywhere," nor does it demonstrate

anything about what consumers "expect" with respect to the storage and usage of their purchased

music.  In fact, the exhibit limits use of iTunes content to a specified number of iTunes-

authorized devices.  Adelman Decl. Ex. 3.

64.     Capitol disputes the materiality of the statements set forth in paragraph 64 of

ReDigi's 56.1 Statement.  Capitol also disputes the statements set forth therein as unsupported by

any admissible evidence.

# REDACTED

Moreover, the cited exhibit (the EMI-Apple

contract) does not support the last sentence in paragraph 64 of ReDigi's 56.1 Statement.

Adelman Decl. Ex. 6.

65.     Capitol disputes the materiality of the statements set forth in paragraph 65 of

ReDigi's 56.1 Statement.

66.     In response to the statements set forth in paragraph 66 of ReDigi's 56.1

Statement, Capitol disputes any implication that ReDigi's determinations as to a file's eligibility

for upload or sale complies with the copyright law.  Pl. 56.1 ¶ ¶ 21-24 and citations therein.  <u>See</u> <u>also</u> Pl. SJ Brief at 5-7, 20-23.

      67.    Capitol asserts that no response is required to the statements set forth in paragraph 67 of ReDigi's 56.1 Statement insofar as the paragraph sets forth legal interpretations concerning the definition of "phonorecords" under the Copyright Act rather than statements of allegedly undisputed facts.  To the extent any response is required, Capitol disputes the statements set forth in paragraph 67 of ReDigi's 56.1 Statement.  Electronic music files are not in and of themselves "phonorecords" under the Copyright Act, but only to the extent that they are embodied on a material object (such as a computer disc) from which they can be perceived.  Pl. 56.1 ¶ ¶ 22-24.  <u>See</u> <u>also</u> Pl. SJ Brief at 5-7.

      68.    Capitol disputes the materiality of the statements set forth in paragraph 68 of ReDigi's 56.1 Statement.

# REDACTED

but

otherwise denies the statements set forth in paragraph 68 of ReDigi's 56.1 Statement as unsupported by the cited evidence.  Adelman Decl. Ex. 6.

      69.    Capitol asserts that no response is required to the statements set forth in paragraph 69 of ReDigi's 56.1 Statement insofar as the paragraph sets forth legal interpretations under the Copyright Act rather than statements of allegedly undisputed facts.  To the extent any response is required, Capitol states that a phonorecord refers to a material object in which a sound recording is embodied, and an individual's ownership of any phonorecord as a result of purchasing a download from iTunes is limited to a particular phonorecord (without providing the right to reproduce or sell other phonorecords).  Pl. SJ Brief at 20-23.

70.     Capitol asserts that no response is required to the statements set forth in paragraph 70 of ReDigi's 56.1 Statement insofar as the paragraph sets forth a legal conclusion concerning the definitions in the Copyright Act rather than statements of allegedly undisputed facts.  To the extent any response is required, Capitol admits that "phonorecord" is defined in the Copyright Act.

71.     Capitol asserts that no response is required to the statements set forth in paragraph 71 of ReDigi's 56.1 Statement insofar as the paragraph sets forth legal interpretations concerning the claims made by Capitol in this case rather than statements of allegedly undisputed facts.  To the extent any response is required, Capitol admits that it claims exclusive rights as enumerated in Section 106 of the Copyright Act in its copyrighted sound recordings, including the exclusive rights to reproduce the recordings in phonorecords and the right to distribute phonorecords of such recordings, but otherwise disputes ReDigi's characterization of Capitol's claims.  See Pl. SJ Brief at 5-7, 10-11.

72.     Capitol disputes the materiality of the statements set forth in paragraph 72 of ReDigi's 56.1 Statement.

# REDACTED

but otherwise denies the statements set forth in paragraph 72 of ReDigi's 56.1 Statement as unsupported by the cited evidence.  Adelman Decl. Ex. 6.

73.     Capitol disputes the statements set forth in paragraph 73 of ReDigi's 56.1 Statement.

# REDACTED

29503/003/1329205.4

# REDACTED

Adelman Decl. Ex. 9 (introduction, ¶ ¶ 2.1, 2.5,

3.1, 4.3, 4.6); Mandel SJ Opp. Decl. Ex. 1 (Ossenmacher Dep. at 243-244).

74.     Capitol disputes the materiality of the statements set forth in paragraph 74 of

ReDigi's 56.1 Statement.

## REDACTED

ReDigi first offered audio streams via Rdio until such time as that alleged

license was apparently terminated by Rdio in accordance with the terms of that agreement.

Mandel SJ Opp. Decl., Ex. 2 (Rudolph Dep. at 162, 168-169, 176-177); Mandel SJ Opp. Decl.

Ex. 4.

75.     Capitol disputes the materiality of the statements set forth in paragraph 75 of

ReDigi's 56.1 Statement.  Capitol also disputes the statements set forth therein as unsupported by

any admissible evidence.

# REDACTED

Moreover, Capitol was certainly not required to have its content offered by a

site which it deemed to be infringing,                    **REDACTED**

# REDACTED

Adelman Decl. Ex. 9 (introduction, ¶ ¶ 2.1, 2.5, 3.1, 4.3, 4.6).

76.     Capitol disputes the statements set forth in paragraph 76 of ReDigi's 56.1 Statement.  It is unclear what licenses, what artwork or what period of time is being referenced in this allegation.  In any event, to the extent the allegations concern alleged licenses from **REDACTED** or Rdio, **REDACTED** Rdio terminated those alleged licenses in accordance with the terms of those licenses, **REDACTED** which gave the licensor unfettered discretion to terminate and prohibited the use of licensed content for the purposes of assisting copyright infringement.  Adelman Decl. Ex. 9; Mandel SJ Opp. Decl., Ex. 4; Mandel SJ Opp. Decl., Ex. 1 (Ossenmacher Dep. at 243-244); Mandel SJ Opp. Decl., Ex. 2 (Rudolph Dep. at 176-177).

77.     Capitol disputes the materiality of the statements set forth in paragraph 77 of ReDigi's 56.1 Statement.

78.     Capitol disputes the materiality of the statements set forth in paragraph 78 of ReDigi's 56.1 Statement.  Capitol also disputes the statements set forth therein as unsupported by any admissible evidence.  The cited paragraph of Mr. Rudolph's declaration relates solely to the manner in which ReDigi currently functions, and does not address ReDigi's prior activities that were the subject of the complaint in this action.  Rudolph Decl. ¶ 17.

79.     Capitol disputes the materiality of the statements set forth in paragraph 79 of ReDigi's 56.1 Statement.  Capitol also disputes the statements set forth therein as unsupported by any admissible evidence.  The cited paragraph of Mr. Rudolph's declaration relates solely to the manner in which ReDigi currently functions, and does not address ReDigi's prior activities that were the subject of the complaint in this action.

# REDACTED

# REDACTED

Rudolph Decl. ¶ 17.

80.     Capitol disputes the statements set forth in paragraph 80 of ReDigi's 56.1

Statement as unsupported by the cited reference.  Rudolph Decl. ¶ 17.

Dated: New York, New York
      August 14, 2012

COWAN, LIEBOWITZ & LATMAN, P.C.
Attorneys for Plaintiff Capitol Records, LLC

By:_____
     Richard S. Mandel
     Jonathan Z. King
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9200

29503/003/1329205.4