

MEISTER SEELIG & FEIN LLP

2 Grand Central Tower
140 East 45th Street, 19th Floor
New York, NY 10017
Telephone (212) 655-3500
Facsimile (212) 655-3535

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________
DATE FILED: 8-20-12

Gary Adelman
Partner
Direct (212) 655-3580
Fax 1 (888) 316-4595
*gpa@msf-law.com*

August 17, 2012

**VIA ELECTRONIC MAIL**

Hon. Richard J. Sullivan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312
sullivannysdchambers@nysd.uscourts.gov

MEMO ENDORSED

Re: *Capitol Records, LLC v. ReDigi Inc.* (12 Civ. 0095)

Hon. Judge Sullivan:

We represent defendant ReDigi Inc., ("ReDigi") in the above-captioned matter. Pursuant to Your Honor's Individual Practices Rule 1.D, we write to respectfully request permission to file an oversized reply brief in support of ReDigi's motion for summary judgment to address the untimely submitted declaration of Doug Jacobson dated August 9, 2012 (Docket No. 75) ("Jacobson Decl.") in opposition to ReDigi's summary judgment motion, or alternatively, for the reasons below, that the Court exclude the Jacobson Decl., from consideration in connection with either party's motion for summary judgment.

Until the submission of its opposition, Jacobson was never identified by Capitol Records LLC ("Capitol") as an expert witness who would offer evidence, nor did Capitol serve the requisite disclosures as mandated by Fed. R. Civ. P. 26(a)(2). Pursuant to Fed. R. Civ. P. 37(c)(1), if a party fails to disclose the requisite information pursuant to Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *See Ziegenfus v. John Veriha Trucking,* 10 Civ. 5946, 2012 WL 1075841, at *5 (S.D.N.Y. Mar. 28, 2012) (Sullivan, J.) (excluding two expert declarations from consideration on summary judgment where experts were unidentified and requisite disclosures pursuant to 26(a) were not provided). This principle applies to the exclusion of reports and affidavits from experts who were not properly identified. *Id.* (citing *Crucey-Castillo v. United States*, No. 06 Civ. 11462, 2009 WL 564287, at *5, (S.D.N.Y. Mar. 5, 2009) (excluding a report from a previously unidentified expert witness that was produced two months after the close of discovery); *Ebewo v. Martinez*, 309 F.Supp.2d

NEW JERSEY: 2G Auer Court, Williamsburg Commons, East Brunswick, NJ 08816 Tele.(732)432-0073
CALIFORNIA: Chassman & Seelig LLP; 350 South Figueroa Street, Suite 580; Los Angeles, CA 90071 Tele.(213)626-6700




MEISTER SEELIG & FEIN LLP



600, 606-08 (S.D.N.Y. 2004) (excluding an affidavit from a previously unidentified expert witness)).

Capitol has never identified Jacobson as an expert who would offer opinions as evidence as to ReDigi's technology nor has it provided the required Rule 26(a)(2) disclosures. For this reason pursuant to Fed. R. Civ. P. 37(c)(1), the Jacobson Decl., cannot be used by Capitol as evidence in the instant motions for summary judgment.

Although Courts have discretion to consider whether to exclude improper or untimely evidence, here the factors considered clearly weigh in favor of excluding the evidence. *See Ziegenfus*, 2012 WL 1075841, at *6 (a district court should consider "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the evidence; (3) the prejudice suffered by the opposing party as a result of having to respond to the new evidence; and (4) the possibility of a continuance.").

In its opposition papers, Capitol did not explain their failure to comply with disclosure requirements as mandated by Rule 26(a)(2) or provide any excuse for waiting until submission of its opposition to surprise ReDigi with evidence offered by Jacobson. Capitol had five (5) months to provide Rule 26(a)(2) disclosures, but failed to do so. Additionally, Capitol declined to request reconsideration of the Court's June 28, 2012 Order denying its previous request to extend discovery nor did it make any attempt to re-open discovery for the purpose of using the Jacobson Decl., in support of its opposition shortly after ReDigi filed its motion. *See id.* (noting that if plaintiff had made efforts to re-open discovery just after defendants' had filed their motion papers, there would have been less prejudice to the defendant, whereas because they waited, the time and resources spent briefing the entire motion would be all but wasted). Instead, Capitol submitted the Jacobson Decl., without proper disclosure.

ReDigi will suffer extensive prejudice if the Jacobson Decl., is considered by the Court because it has been precluded from being given the opportunity to assess Jacobson's qualifications, background, and the reliability of the basis for and opinions as a whole. ReDigi further has serious concerns about each of these issues given that Mr. Jacobson's experience seems to be in network security, rather than being qualified in the area of computer systems, in particular operating systems/file systems, which is crucial to the understanding of ReDigi's technology. Based upon the initial review of his CV, Mr. Jacobson has never taught or been published in the area of operating systems, and appears to have no experience in this area. Simply put, although Mr. Jacobson has some experience with networks, none of his background leads to the conclusion that he is qualified as an expert to testify as to the workings of the operating system of a PC or a Macintosh computer, which is a different type of knowledge than understanding networks.

Additionally, the reliability of his opinions is doubtful. By waiting to disclose Jacobson until the submission of Capitol's opposition papers, ReDigi has a limited ability to respond to his opinions. After expending vast amounts of time and energy to brief the






instant motions, Capitol should not be allowed to surprise ReDigi by waiting until the submission of its opposition to disclose an expert witness.

Therefore, ReDigi requests that it be given an additional five (5) pages in its reply brief so that it can more fully present its argument in support of excluding the Jacobson Decl., and so that ReDigi has some opportunity to respond to the Jacobson Decl. A modest five (5) page extension would be appropriate here, where Capitol's opposition papers are twenty four and a half (24 ½) pages long. Pursuant to Rule 2.B of the Court's Individual Practices, ReDigi only has ten (10) pages to respond to Capitol's arguments. To have to address Capitol's new evidence in those ten (10) pages, in addition to addressing Capitol's other substantive arguments, would be unfair to ReDigi. As such ReDigi respectfully requests that it be allowed to file an oversized fifteen (15) page reply brief to address these issues. Alternatively, ReDigi respectfully requests that the Court issue an order excluding the Jacobson Decl., from consideration in connection with the instant motions for summary judgment, prior to the deadline for submission of ReDigi's reply, on August 24, 2012, which would render ReDigi's need for additional pages in its brief moot.

As always, we greatly appreciate Your Honor's time and consideration in this matter. Should Your Honor need any additional information or wish to conference this matter we are available at the Court's convenience.

Respectfully submitted,

MEISTER SEELIG & FEIN LLP

Gary Adelman, Esq.

Cc: (Via Simultaneous Email)
Richard S. Mandel, Esq.
Jonathan Z. King, Esq.

SO ORDERED
Dated: 8-20-12
RICHARD J. SULLIVAN
U.S.D.J.