```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CAPITOL RECORDS, LLC,                       :
                                            :
                        Plaintiff,          :   12 Civ. 0095 (RJS)
                                            :
     -against-                              :
                                            :
REDIGI INC.,                                :
                                            :
                        Defendant.          :
                                            :
------------------------------------------------------------x
```

# MEMORANDUM OF LAW IN SUPPORT
# OF PLAINTIFF'S MOTION TO SEAL

COWAN, LIEBOWITZ & LATMAN, P.C.
Attorneys for Plaintiff Capitol Records, LLC
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9200

## PRELIMINARY STATEMENT

Plaintiff Capitol Records, LLC ("Capitol") respectfully submits this Memorandum of Law in support of its motion to permit the continued sealing of the following documents conditionally filed under seal, pursuant to the Court's August 2, 2012 endorsed letter order, in connection with the parties' pending cross-motions for summary judgment:

1) Exhibit 3 to the Declaration of Richard S. Mandel, Esq. in Opposition to Defendant's Motion for Summary Judgment (Docket No. 74);

2) Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment (Docket No. 76);

3) Plaintiff's Response to Defendant's Statement of Undisputed Facts Pursuant to Local Rule 56.1 (Docket No. 78);

4) Memorandum of Law in Further Support of ReDigi's Summary Judgment Motion (Docket No. 90);

5) Exhibit 1 to the Reply Declaration of Gary Adelman in Support of Defendant's Motion for Summary Judgment (Docket No. 91).

As set forth in the accompanying Declaration of Mark Piibe ("Piibe Sealing Decl. II"), the above-referenced papers include excerpts from EMI's 2003 "Digital Music Download Agreement" with Apple and various amendments to such agreement (collectively, the "EMI-Apple Agreement"), as well as further references to and discussion of such agreement and Capitol's contractual arrangement with Apple. As shown by Capitol in connection with its prior sealing motion, and as found by the Court (Docket No. 71), the EMI-Apple contractual terms constitute confidential business information that is competitively sensitive and should be shielded from public disclosure. Accordingly, for the same reasons previously explained in the declaration of Mark Piibe in support of Capitol's initial sealing motion in connection with the

1

parties' moving papers (Docket No. 65) ("Piibe Sealing Decl. I"), the Court should again order the continued sealing of the above-referenced documents.

## ARGUMENT

### CAPITOL'S SEALING MOTION SHOULD BE GRANTED

While there is a presumption of public access to judicial documents under the common law and First Amendment, "the court must balance competing considerations" against such a presumption of access. Lugosch v. Pyramid Co. of Onondaga, 435 F.2d 110, 120 (2d Cir. 2006) (quoting United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995)). Among the "countervailing factors" that may outweigh the public interest in disclosure are "the privacy interests of those resisting disclosure," id., including interests based on the need to protect sensitive commercial information. See Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . . ."); Crossman v. Astrue, 714 F. Supp. 2d 284, 287 (D. Conn. 2009) ("there can be (and often are) considerations of personal privacy, public safety, or a business's proprietary information . . . that can trump the right of the public to access court records.") (emphasis added); Encyclopedia Brown Productions, Ltd. v. Deutsch, 26 F. Supp. 606 (S.D.N.Y. 1998) (withholding from disclosure confidential business information that would harm defendants' competitive position).

In the present case, Capitol has made the requisite showing justifying the sealing of the documents at issue in order to preserve the confidentiality of its competitively sensitive commercial information. See Lugosch, 435 F.3d at 120 (sealing of documents is appropriate

2

based on specific findings "demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest") (quoting In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987)). The EMI-Apple Agreement governs a complex commercial relationship between EMI and Apple with respect to the sale of downloads of Capitol's sound recordings, music videos, and ringtones through Apple's iTunes Store, and various services offered by Apple to iTunes Store end users with respect to EMI content. The terms of the EMI-Apple Agreement are of a highly competitively sensitive nature, are not publicly available, are subject to a strict confidentiality provision which treats the terms of the agreement as confidential and prohibits public disclosure of such terms without the other side's consent or unless required by law. Piibe Sealing Decl. I ¶¶ 4-7. The parties' summary judgment opposition and reply papers contain references to specific terms and definitions governing the manner in which purchase of downloads of Capitol's recordings via the iTunes service may be made. Piibe Sealing Decl. II ¶ 4.

    The information at issue constitutes a classic example of the type of confidential business information that courts will prevent from public disclosure in order to prevent harm to a litigant. Permitting competitors, who have their own separately negotiated and confidential relationships with Apple, to have access to the specifically negotiated terms pursuant to which EMI has structured its key commercial arrangement with Apple, would cause serious harm to EMI's competitive position in the marketplace and afford an unwarranted and unfair business advantage to EMI's competitors. Piibe Sealing Decl. I ¶ 6; Piibe Sealing Decl. II ¶ 4. Accordingly, and in view of the limited nature of the redactions made to the publicly available documents in order to protect Capitol's confidential information, Capitol submits that sealing is appropriate and necessary in this case.

The harm that Capitol would suffer to its competitive position from the release of such confidential business information outweighs the public's interest in access to such documents. See, e.g., GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D., P.C., 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting defendants' motion to seal when documents contained "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); Scott D. Boras Inc. v. Sheffield, 2009 WL 3444937, at *1 (S.D.N.Y. Oct. 26, 2009) (granting motion to seal certain documents where "the proprietary business matters discussed" justified confidential treatment); Encyclopedia Brown Productions, 26 F. Supp. at 614 (granting motion to seal confidential business information where harm to defendant's competitive position outweighed interest in public access).

In a situation similar to the one at hand, the defendants in Encyclopedia Brown Productions sought to seal confidential business information, including detailed operations information and information related to business and decision making strategies. 26 F. Supp. at 607-10. Defendants argued that, if unsealed, the information would unfairly benefit defendants' competitors, giving them a bargaining advantage in negotiating, and would irreparably harm defendants' competitive position. Id. at 612-14. The Court found that, while there was a presumption of public access to the information, the potential harm to defendants' competitive position that would result from disclosure outweighed that interest, and therefore granted, in large part, defendants' motion to seal. Id. at 612-15. In so deciding, the Court recognized the need to protect legitimate confidential business information from disclosure, and weighed heavily the potential damage that release of this information would cause to defendants' business interests. Id.

The same result should follow here. The limited sealing sought by Capitol is necessary to preserve its competitive position, and has been narrowly tailored so as also to protect the public's right to access judicial documents. Indeed, Capitol only seeks to prevent public disclosure of two exhibits (both containing portions of the same EMI-Apple Agreement), along with accompanying references to such exhibits in three paragraphs of Capitol's 56.1 opposition, portions of three pages of Capitol's opposition brief and a footnote in ReDigi's reply brief. The information in question is tangential at best to the key issues in the case, and shielding these limited portions of ReDigi's motion from public disclosure would still permit public access to essentially all the important information on which determination of the motion is likely to turn without causing any competitive harm to EMI. Accordingly, the Court should appropriately balance the relevant interests at stake by permitting the sealing requested by Capitol.

## CONCLUSION

For all of the foregoing reasons, Capitol's motion to seal should be granted.

Dated: New York, New York
August 29, 2012

Respectfully submitted,

COWAN, LIEBOWITZ & LATMAN, P.C.
Attorneys for Plaintiff Capitol Records, LLC

By: _____
Richard S. Mandel

1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9200