UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



CAPITOL RECORDS LLC,

                    Plaintiff,

          -v-

REDIGI INC.,

                    Defendant.

No. 12 Civ. 95 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

The Court granted Plaintiff's motion for partial summary judgment on March 30, 2013, concluding that Defendant had violated Plaintiff's exclusive rights of reproduction and distribution. *See Capitol Records, LLC v. ReDigi Inc.*, 12 Civ. 95 (RJS), 2013 WL 1286134 (S.D.N.Y. Mar. 30, 2013). Pursuant to that Memorandum and Order, on April 12, 2013, the parties submitted a letter outlining the next anticipated steps in this action. In the letter, Defendant stated its intention to move pursuant to 28 U.S.C. § 1292(b) for certification of the Memorandum and Order for interlocutory appeal. On June 14, 2013, Defendant submitted a letter to the Court seeking leave to file such a motion. On June 18, 2013, Plaintiff responded, objecting to Defendant's request. For the reasons stated below, Defendant's motion is deemed made and denied.

A district court may certify an immediate appeal of an interlocutory order if the court finds that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Section 1292(b) should be relied upon only when "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v.*

*Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).  Such circumstances include when interlocutory appeal would permit either the resolution of "ephemeral question[s] of law that m[ight] disappear in the light of a complete and final record," or the avoidance of "protracted litigation."  *Weber v. United States*, 484 F.3d 154, 159 (2d Cir. 2007) (quoting *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 864-66 (2d Cir.1996)).

Defendant's motion fails on each of these grounds.  As an initial matter, Defendant's motion comes nearly three months after entry of the Memorandum and Order, and two months after Defendant initially stated its intent to so move.  "[S]uch a delay weighs against [Defendant's] request."  *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 371 (S.D.N.Y. 2008) (denying motion for certification filed four months after entry of summary judgment).  Moreover, Defendant's intended appeal does not concern a "controlling question of law."  *Id.* at 371-72.  That is, an interlocutory appeal must concern a "controlling" question of law, the resolution of which would likely "terminate the action," *id.*, or "significantly affect the conduct of the action," *S.E.C. v. Credit Bancorp, Ltd.*, 103 F.Supp.2d 223, 227 (S.D.N.Y. 2000).  The appeal should also concern a "pure" question of law, precluding the need to review the district court's application of law to facts.  *In re Worldcom, Inc.*, No. M-47 (HB), 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003); *S.E.C. v. First Jersey Sec., Inc.*, 587 F. Supp. 535, 536 (S.D.N.Y. 1984); *see Century Pac., Inc.*, 574 F. Supp. 2d 372 (disfavoring interlocutory appeal of summary judgment rulings).  Defendant's intended question for appeal – whether it violated Plaintiff's reproduction and distribution rights – is neither controlling (because the issues of Plaintiff's performance and display rights remain) nor is it a matter of pure law (because the question necessarily entails review of Defendant's operating scheme).  Finally, Defendant's question is not an "ephemeral" matter necessitating immediate review.  Though Defendant's question is not

controlling, it lies at the heart of this action and will not escape review at the conclusion of this

litigation.  Accordingly, the Court sees no advantage in further delaying this action.  Defendants'

motion to certify the Memorandum and Order for interlocutory appeal is DENIED.  The parties

are HEREBY ORDERED to adhere to the discovery schedule entered in this action.

SO ORDERED.

DATED:        June 20, 2013
              New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE



# DSL

Davis Shapiro & Lewit, LLP

New York | Beverly Hills

June 14, 2013

**VIA ELECTRONIC MAIL**
Hon. Richard J. Sullivan, U.S.D.J.
sullivannysdchambers@nysd.uscourts.gov

   Re:  *Capitol Records, LLC v. ReDigi Inc.* (12CV0095) (RJS)

Hon. Judge Sullivan:

   We represent defendant ReDigi Inc., ("ReDigi") in the above referenced action. We write in accordance with Rule 2.A of Your Honor's Individual Practices to respectfully request a pre-motion conference in anticipation of making a motion for certification of the March 30, 2013 Memorandum and Order (the "Order") for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and for a stay of proceedings in this Court pending the outcome of that appeal.

   ReDigi's anticipated motion seeks to certify the Order pursuant to Section 1292(b) on the grounds that it (i) involves controlling questions of law; (ii) over which there is substantial ground for difference of opinion; and (iii) if reversed on immediate appeal will materially advance the ultimate termination of this action. *See* 28 U.S.C. 1292(b). Specifically, whether (i) a digital music file that is lawfully made and purchased under the Copyright Act, may be lawfully resold by its owner through a transaction which, because of its digital nature requires the file to be transferred by the owner from one material object to another; and (ii) downloading music files after purchase through ReDigi is protected by fair use. ReDigi respectfully submits that certification of the Order for interlocutory appeal satisfies the statutory criteria and as such its application for certification for interlocutory appeal should be granted.

   ReDigi's anticipated appeal involves controlling questions of law.[1] Typically, a question of law is found to be "'controlling' if reversal of the district court's order would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990). However the Second Circuit has often recognized that "resolution of an issue need not necessarily terminate an action in order to be 'controlling,' for the purposes of Section 1292(b)." *Fed. Hous. Fin. Agency v. UBS Americas, Inc.*, 858 F. Supp. 2d 306, 337 (S.D.N.Y. 2012) (motion to certify appeal granted), *aff'd,*

---

[1] The controlling questions ReDigi seeks to appeal are purely questions of law and interpretation. *See Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 371 (S.D.N.Y. 2008) (question of law certified for interlocutory appeal must refer to a pure question of law that the reviewing court could decide quickly and cleanly). Here the issues that the Order hinged on are "purely legal." Order at 1. The controlling questions of law here relate to (i) the meaning and interpretation of the exclusive right of "reproduction" i.e. whether it is limited in meaning to the right to increase the number of copies of the copyrighted work, as ReDigi argues, or whether it extends to controlling the re-sale and movement the work in digital form, even when there is no more than a single consumable copy in existence at any given time, as Capitol argues; (ii) whether or not the common law right to exhaustion and/or first sale doctrine apply as a defense to ReDigi's marketplace; (iii) whether fair use applies to downloads after sale through ReDigi. Answering these questions does not require considering any mixed questions of law and fact.

---

712 F.3d 136 (2d Cir. 2013) (citing *Klinghoffer,* 921 F.2d at 24). "Rather, it is enough to satisfy the statute's first prong that the issue is one 'that may importantly affect the conduct of [the] action.'" *Fed. Hous. Fin. Agency*, 858 F. Supp. 2d at 337 (citing *In re the Duplan Corp.*, 591 F. 2d 139, 148 n.11 (2d Cir. 1978)).

A reversal here would likely terminate the action in its entirety, but at the very least would significantly affect the conduct of the action.[2] Capitol claims direct and secondary violation of its exclusive rights of reproduction, distribution, display and/or performance of certain allegedly copyrighted musical works. If a re-sale of a digital file through the ReDigi marketplace is found not to be infringing because an appellate court finds that the migration upload process does not constitute a "reproduction" and downloads after sale are protected by fair use, Capitol's reproduction claim would be dismissed. Capitol's distribution claim would similarly be moot, as the Court's finding that its distribution right was violated is predicated on the holding that the digital music file sold through the ReDigi marketplace was an "unlawful reproduction". A reversal based upon the application of common law principles of exhaustion, would have a similar result. To the extent ReDigi prevails in appealing the issues related to direct infringement, all claims of secondary infringement would be moot. Here a successful appeal has the possibility of terminating the entire action, but at the very least will significantly affect the core claims and the scope of the action going forward.

ReDigi's anticipated appeal is further appropriate because there are substantial grounds for difference of opinion with respect to the issues on which ReDigi seeks appeal. This "element may be met by a showing that . . . the case is particularly difficult and of first impression within this Circuit." *Mills v. Everest Reinsurance Co.*, 771 F. Supp. 2d 270, 274 (S.D.N.Y. 2009); *In re Lloyd's Am. Trust Fund Litig.*, No. 96 CV1262, 1997 WL 458739 (S.D.N.Y. Aug. 12, 1997) (citing *Klinghoffer*, 921 F.2d at 25). The issues addressed by the Court in its Order are issues of first impression, not only in the Second Circuit, but in any court in the United States. In the Order this Court noted that "[t]he novel question presented in this action is whether a digital music file, lawfully made and purchased, may be resold by its owner through ReDigi under the first sale doctrine" . . . "courts have not previously addressed whether the unauthorized transfer of a digital music file over the Internet – where only one file exists before and after the transfer – constitutes reproduction within the meaning of the Copyright Act." Order at 4-5. Here, interpreting the undefined term "reproduction," using legislation that was meant to apply to physical technology to digital media presents particularly difficult questions. This is especially true in light of the policy considerations and the impact that the Order's precedent will have on the future of traditional secondhand marketplaces for media such as used music, books, etc. As noted in the recent decision *Kirtsaeng v. John Wiley & Sons, Inc.*, like the common law refusal to permit restraints on the alienation of chattels, a "law that permits a copyright holder to control the resale or other disposition of a chattel once sold is similarly 'against Trade and Traffi[c], and bargaining and contracting.'" 133 S. Ct. 1351, 1363 (2013). The ambit of common law principles of exhaustion is far broader than the language of First Sale doctrine as codified in Section 109. *See e.g. Doan v. American Book Co.*, 105 F. 772 (7th Cir. 1901) (holding that the sale of a copy exhausts the exclusive right to vend, but that copy ownership also implies a right to renew or repair, even if repair entails altering or copying the underlying work such as replication of cover designs). Here the Court need not find that it was mistaken to certify the Order for interlocutory appeal, it only need find that a difference

---

[2] As noted in the Order, issues of fact remain with respect to Capitol's performance and display rights. While those claims may not be directly affected by this appeal, the conduct of the litigation would still be significantly affected. Capitol has in fact acknowledged that these claims are ancillary to the core of its copyright claims and indicated that they may eliminate these claims all together. *See* April 12, 2012 Joint Letter at 3-4.

of opinion exists as to these controlling questions of law. *Certain Underwriters at Lloyds of London v. Illinois Nat. Ins. Co.*, 2013 WL 310383, *1 (S.D.N.Y. 2013) (Preska, J.) ("although I am confident of the ruling on these facts, I find that there is a substantial ground for difference of opinion of the interpretation of the decision"). Here given the strong legal support against restraints on alienation of property there is a conflict between the purpose of the First Sale Doctrine as well as the common law principles of exhaustion that pre-date it, which are meant to protect the consumer's right to re-sell their property, and the Order, which has the affect of making re-sale impractical, if not impossible, in many ways. There is strong ground for finding that a substantial ground for difference of opinion exists on this issue, as such, this factor too is satisfied.

The last factor, that an appeal would materially advance the termination of the litigation, also weighs in favor of ReDigi's application as an immediate appeal of this action would result in saving of judicial resources and avoiding further protracted litigation. *See Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 373 (S.D.N.Y. 2008). Here, a reversal would obviate the need for further protracted discovery and litigation over questions of damages, as well as any anticipated motion practice regarding amendments to pleadings, adding non-parties and the potential for discovery related thereto, as ReDigi would have prevailed on questions of liability. Alternatively, if Capitol prevails on appeal, the case is virtually certain to settle on terms favorable to Capitol, since there will be no uncertainty about the ultimate outcome of the case following appeal. *Consolidated Edison Co. of New York, Inc. v. U.S.*, 941 F.Supp. 398, 403 (S.D.N.Y. 1996) (where parties anticipate that after resolution of issues on appeal they "[a]nticipate that they will be able to compromise" appeal will advance termination of litigation).

For similar reasons, ReDigi further requests that the Court stay these proceedings pending the outcome of this appeal. As set forth above, ReDigi has made a strong showing that it will succeed on the merits of this appeal, that judicial economy and economic interests of the parties support a stay of proceedings to avoid further unnecessary motion practice and litigation that will be obviated in light of a reversal, that there will be no injury to Plaintiff as a result of the stay and that the public interest lies in a stay of these proceedings to determine these issues. *In re World Trade Center Disaster Site Litigation*, 503 F.3d 167 (2d Cir. 2007) (factors for a stay are (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties; and (4) where the public interest lies).

The precedent set by the Order has broad implications, not only for owners of legally purchased digital music, but for all consumers who purchase any digital media such as books, movies etc. The questions raised by this appeal and their real world implications are very important and as such the circumstances are sufficient to overcome the general aversion to piecemeal litigation and justifies a departure from the basic policy of postponing appellate review until after the entry of a final judgment. We appreciate the Court's time and consideration in this matter.

Respectfully submitted,
DAVIS SHAPIRO & LEWIT LLP

Gary Adelman, Esq.
Sarah M. Matz, Esq.

Cc:    Jonathan Z. King, Esq.
       Richard Mandel, Esq.

# COWAN
# LIEBOWITZ
# LATMAN

Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Richard S. Mandel**
(212) 790-9291
rsm@cll.com

June 18, 2013

**By E-mail (sullivannysdchambers@nysd.uscourts.gov)**

Hon. Richard J. Sullivan
United States District Judge
United States Courthouse
500 Pearl Street, Room 640
New York, NY 10007

      Re:   Capitol Records, LLC v. ReDigi Inc., 12 cv. 0095 (RJS)

Dear Judge Sullivan:

      We represent Plaintiff Capitol Records, LLC ("Capitol") in the above-referenced action, and write in response to the June 14, 2013 pre-motion letter submitted by Defendant ReDigi Inc. ("ReDigi"). In that letter, ReDigi proposes moving for certification of an immediate appeal of the Court's March 30, 2013 Memorandum and Order (Docket No. 109) (the "Order") and for a stay of the instant proceeding. Given the stringent requirements for interlocutory appeals, the current posture of this case, and ReDigi's delay in seeking such extraordinary relief, ReDigi provides no justification for interrupting these proceedings with unnecessary, piecemeal appellate review.

      28 U.S.C. §1292(b) permits a Court to certify an interlocutory order for appeal where the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." Because of the "basic tenet of federal law to delay appellate review until a final judgment has been entered," §1292(b) certification is a "rare exception" reserved for cases "where an intermediate appeal may avoid protracted litigation." See Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865-66 (2d Cir. 1996). In denying requests for certification, this Court has emphasized that (1) parties "are generally required to wait for a final judgment to appeal"; (2) district courts "have broad discretion to deny certification even where the statutory criteria are met"; (3) §1292(b) was enacted primarily "to ensure that the courts of appeals would be able to rule on . . . ephemeral question[s] of law that m[ight] disappear in the light of a complete and final record"; and (4) interlocutory appeal is "a rare exception where, in the discretion of the district judge, it may avoid protracted litigation." See Consolidated RNC Cases, 2009 WL 130178 (S.D.N.Y. Jan. 8, 2009) (citations and quotations omitted); Century Pac., Inc. v. Hilton Hotels Corp., 574 F. Supp. 2d 369, 370-71 (S.D.N.Y.

**Cowan, Liebowitz & Latman, P.C.**
Hon. Richard J. Sullivan, U.S.D.J.
June 18, 2013
Page 2

2008) (same). See also Asia Project Servs. Ltd. v. Usha Martin Ltd., 2010 WL 1644891 (S.D.N.Y. April 8, 2010) (interlocutory appeal available only where "movant demonstrates the existence of exceptional circumstances sufficient to overcome the general aversion to piecemeal litigation") (citations and quotations omitted). ReDigi cannot meet any of these stringent criteria.

As a threshold matter, ReDigi has unduly delayed in seeking certification two-and-a-half months after the Order issued. While there is no fixed time by which a motion for certification must be brought, any delays must be "reasonable." See Century Pac., 574 F. Supp. 2d at 371 (denying certification requested four months after summary judgment). See also Green v. City of New York, 2006 WL 3335051, at *2 (E.D.N.Y. Oct. 23, 2006) (denying certification after two-month delay); Ferraro v. Secretary of United States HHS, 780 F. Supp. 978, 979 (E.D.N.Y. 1992) (denying certification after two-and-a-half month delay). Here, the Order issued March 30, and the parties are busy conducting discovery on the remaining issues of the case. ReDigi identifies no "ephemeral" circumstances requiring immediate review, and its delay suggests that "the saving of time is of little concern in this case." See Ferraro, 780 F. Supp. at 979.

Moreover, ReDigi's proposed motion is otherwise deficient. The first obstacle is that the issue to be appealed must be a "controlling question of law," which in turn means that (1) the issue is a "pure question of law," and (2) "reversal of the district court's order would terminate the action." See Century Pac., 574 F. Supp. 2d at 371-72. Here, while the precise scope of ReDigi's intended appeal is unclear, ReDigi purports to challenge Your Honor's finding of unlawful reproduction and denial of the fair use defense. Neither issue is one of "pure" law susceptible to early appeal.

As a general matter, "a summary judgment ruling is essentially a fact-based inquiry, making an interlocutory appeal inappropriate." See Century Pac., 574 F. Supp. 2d at 372 (citation and quotation omitted). The Court's analysis in this case bears this principle out. As to reproduction, the Court made an exhaustive analysis of the facts of ReDigi's system and ReDigi's variable descriptions of file transfers (ranging from admitted "copying" to "data migration"), and applied those facts to existing law. See Order at 1-3, 6-7. The legal issues are inseparable from the factual workings of the ReDigi system, and premature appeal "would require the Second Circuit to review this Court's application of the law to the evidence adduced in the summary judgment motion." See Century Pac., 574 F. Supp. 2d at 372. With regard to the second proposed issue for appeal, copyright fair use is undisputedly a "mixed question of law and fact," see Harper & Row, Publishers, Inc. v. Nation Enters., 471 U.S. 539, 560 (1985); Cariou v. Prince, 714 F.3d 694 (2d Cir. 2013), as reflected in the Court's detailed factual analysis of the four statutory fair use factors. See Order at 10-11. As this Court has held, where the matters to be appealed "do not present issues of pure law," they are "not appropriate for interlocutory review." See Century Pac., 574 F. Supp. 2d at 372.

In addition, the issues proposed for appeal are not "controlling" where even reversal will not likely terminate this action. The Court granted Capitol's motion for summary judgment on liability. If that ruling is reversed (without a corresponding grant of ReDigi's own summary

29503/003/1407721.1

**Cowan, Liebowitz & Latman, P.C.**
Hon. Richard J. Sullivan, U.S.D.J.
June 18, 2013
Page 3

judgment motion), Capitol's claims would most likely be remanded for resolution of issues of fact at trial. And such reversal might only apply to discrete aspects of the Court's ruling, such as the analysis of particular violations or particular defenses (such as fair use). Thus, an appeal at this juncture offers little promise of advancing the ultimate termination of this litigation.

There is likewise no substantial ground for a difference of opinion regarding these issues. While ReDigi adverts again to its policy-based disagreement with the Court's ruling, Your Honor has already observed that "ReDigi seeks judicial amendment of the Copyright Act to reach its desired policy outcome." See Order at 17. As to what the law and the Copyright Act provide, however, there is little debate. Among other things, this Court noted that "Courts have consistently held that the unauthorized duplication of digital music files over the Internet infringes," and that "the plain text of the Copyright Act makes clear that reproduction occurs when a copyrighted work is fixed in a new material object." Id. at 5. The Court based these conclusions on the plain language of the statute, its legislative history, cases from this and other jurisdictions, and even "the laws of physics." Id. at 5-7. Against this wealth of consistent authority, ReDigi offered only a single, inapposite 1973 case from the Northern District of Texas, dealing with the irrelevant issue of moving decal stickers from one backing to another. Id. at 7. With no countervailing authority to contradict the extensive authority supporting Capitol's position, ReDigi is ill-situated to insist that its infringement is a close call. That this case is one of "first impression" flows only from the fact that ReDigi is the only infringer brazen enough to develop such a contrived mechanism for skirting the first sale doctrine.

Finally, an immediate appeal would do nothing to "conserve judicial resources" or avoid "protracted litigation." The parties are a month and a half away from completing remedies discovery and will appear before the Court on August 9, 2013 to discuss remaining motions and a trial date. Given this schedule, this matter will be fully tried before any appeal might reasonably be expected to conclude. Thus an appeal and corresponding stay would be inefficient and would serve only to delay further Capitol's right to stem the tide of ReDigi's infringement.

Ultimately ReDigi's relentless pursuit of its policy objectives cannot justify derailing the imminent conclusion of this case in this Court. The Court found, with ample justification, that ReDigi's services infringe, and it is thus time to move to the remedy stage of this case in order to protect Capitol's valuable intellectual property.

Respectfully,

Richard S. Mandel