**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAPITOL RECORDS, LLC, | 12-CV-00095 (RJS) |
| Plaintiff, | |
| v. | |
| REDIGI INC., JOHN OSSENMACHER, and LARRY RUDOLPH a/k/a LAWRENCE S. ROGEL, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF
INDIVIDUAL DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................. 1

PROCEDURAL BACKGROUND............................................................................................. 2

STATEMENT OF FACTS ......................................................................................................... 3

    A.        The Plaintiff. ................................................................................................. 3

    B.        ReDigi. ......................................................................................................... 4

    C.        The Individual Defendants......................................................................... 4

    D.        The Allegations Against the Individual Defendants. .............................. 4

    E.        The "Defendants'" Alleged Wrongdoing. ............................................... 5

    F.        Claims for Relief......................................................................................... 5

ARGUMENT .............................................................................................................................. 6

    A.        The Motion to Dismiss Standard. ............................................................ 6

    B.        The Amended Complaint's Allegations Against the Individual Defendants Fail to Satisfy Rule 8 and *Twombly*. ................................................................................. 7

    C.        The Amended Complaint Improperly Relies on Collective-Style Pleading........... 9

    D.        The Amended Complaint Inadequately Pleads the Copyright Infringement Claims Against the Individual Defendants........................................................................ 11

    E.        The Court Should Deny Leave To Amend If It Grants Defendants' Motion. ....... 14

CONCLUSION.......................................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abdullahi v. Pfizer, Inc.*,
562 F.3d 163 (2d Cir. 2009)........................................................................................6

*Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*,
404 F.3d 566 (2d Cir. 2005)......................................................................................15

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................................................................................................1

*Banff Ltd. v. Limited, Inc.*,
869 F.Supp. 1103 (S.D.N.Y. 1994)...........................................................................13

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................................ passim

*Berry v. Deutsche Bank Trust Co.*,
No. 07 Civ. 7634 (WHP), 2008 WL 4694968 (S.D.N.Y. Oct. 21, 2008).................8

*Blagman v. Apple Inc.*,
No. 12 Civ. 5453(ALC), 2013 WL 2181709 (S.D.N.Y. May 20, 2013) .................12

*C.L.-Alexanders Laing & Cruickshank v. Goldfeld*,
739 F. Supp. 158 (S.D.N.Y. 1990)............................................................................16

*Calloway v. The Marvel Entm't Group*,
1983 WL 1141 (S.D.N.Y. 1983)...............................................................................12

*Capitol Records, Inc. v. Naxos of Am., Inc.*,
4 N.Y.3d 540 (2005) ................................................................................................12

*Carell v. Shubert Org.*,
104 F. Supp. 2d 236 (S.D.N.Y. 2000).......................................................................11

*Cartier, Inc. v. Four Star Jewelry Creations, Inc.*,
No. 01 Civ. 11295 (CBM), 2004 WL 169746 (S.D.N.Y. Jan. 28, 2004) ...............16

*Chill v. GE*,
101 F.3d 263 (2d Cir. 1996).....................................................................................14

*Christine Falls Corp. v. Algonquin Power Fund, Inc.*,
401 Fed. App'x 584 (2d Cir. 2010)...........................................................................15

*Cresswell v. Sullivan & Cromwell*,
922 F.2d 60 (2d Cir. 1990)..................................................................................15, 16

*Fleurimond v. N.Y. Univ.*,
    722 F. Supp. 2d 352 (E.D.N.Y. 2010) .................................................................6

*Foman v. Davis*,
    371 U.S. 178 (1962).........................................................................................15

*Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*,
    443 F.2d 1159 (2d Cir. 1971)...........................................................................12

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009)..................................................................................6

*Henderson v. City of Meriden*,
    No. 3:11 Civ. 01174 (MPS), 2013 WL 2149706 (D. Conn. May 16, 2013) .........15

*In re Alcatel Sec. Litig.*,
    382 F. Supp. 2d 513 (S.D.N.Y. 2005)................................................................15

*In re Ernie Haire Ford, Inc.*,
    459 B.R. 824 (Bankr. M.D. Fla. 2011) ..............................................................10

*Jacobs v. Carnival Corp.*,
    No. 06 Civ. 0606 (DAB), 2009 WL 856637 (S.D.N.Y. Mar. 25, 2009) .................8, 9, 10, 12

*Kaplan v. Rose*,
    49 F.3d 1363 (9th Cir. 1994) .............................................................................16

*Kelly v. L.L. Cool J.*,
    145 F.R.D. 32 (1992)..........................................................................................6

*Krumme v. Westpoint Stevens, Inc.*,
    143 F.3d 71 (2d Cir. 1998).................................................................................16

*Matthew Bender & Co. v. West Publ'g Co.*,
    158 F.3d 693 (2d Cir. 1998)...............................................................................14

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*,
    No. 91 Civ. 2923 (CSH), 1994 WL 88129 (S.D.N.Y. Mar. 15, 1994)..................10

*Muniz v. Morillo*,
    No. 06 Civ. 6570 (RJS), 2008 WL 4219073 (S.D.N.Y. Sept. 10, 2008)................6

*Ochre LLC v. Rockwell Architecture, Planning & Design, P.C.*,
    No. 13 Civ. 0005, 2013 WL 3606123 (2d Cir. July 16, 2013) .............................6

*Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.*,
    170 F.R.D. 361 (S.D.N.Y. 1997) .........................................................................9

*Pegasus Imaging Corp. v. Northrop Grumman Corp.*,
No. 8:07-CV-1937-T-27 (EAJ), 2008 WL 5099691 (M.D. Fla. Nov. 25, 2008) ................7, 9

*Pietrangelo v. NUI Corp.*,
No. Civ. 04-3223 (GEB), 2005 WL 1703200 (D.N.J. July 20, 2005) ....................................10

*Polygram Int'l Publ'g v. Nevada/TIG, Inc.*,
855 F. Supp. 1314 (D. Mass. 1994) .................................................................................13

*Robbins v. Oklahoma*,
519 F.3d 1242 (10th Cir. 2008) ......................................................................................10

*Scott v. City of New York Dep't of Corr.*,
No. 04 Civ. 9638(SHS), 2007 WL 4178405 (S.D.N.Y. Nov. 26, 2007) ..............................16

*Sharp v. Patterson*,
No. 03 Civ. 8772 (GEL), 2004 WL 2480426 (S.D.N.Y. Nov. 3, 2004) .................................6

*Singer v. Citibank N.A.*,
No. 91 Civ. 4453 (JFK), 1993 WL 177801 (S.D.N.Y. May 21, 1993) ..................................14

*Technomarine SA v. Jacob Time, Inc.*,
No. 12 Civ. 0790(KBF), 2012 WL 2497276 (S.D.N.Y. June 22, 2012) ..............................8, 9


STATUTES

17 U.S.C. § 106 ............................................................................................................2

17 U.S.C. § 501 ............................................................................................................2

RULES

Federal Rule of Civil Procedure 8 ........................................................................ passim

Federal Rule of Civil Procedure 9(b) ........................................................................14

Federal Rule of Civil Procedure 12(b)(6) .............................................................. passim

John Ossenmacher and Professor Larry Rudolph ("Individual Defendants"), the Chief

Executive Officer and Chief Technology Officer, respectively of Defendant ReDigi Inc

("ReDigi"), submit this Memorandum in support of their Motion to Dismiss Plaintiff Capitol

Records, LLC's First Amended Complaint, ECF No. 118 ("Amended Complaint").

## <u>PRELIMINARY STATEMENT</u>

Despite deposing both Mr. Ossenmacher and Prof. Rudolph and engaging in months of

discovery, Plaintiff's Amended Complaint fails to provide sufficient allegations to state a claim

under the copyright laws against either Individual Defendant. Plaintiff's failure to comply with

the pleading standard the Supreme Court articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007) (articulating proper pleading standard under Federal Rule of Civil Procedure 8)

and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), is fatal. The Amended Complaint, therefore,

should be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6).

Among other failings, the Amended Complaint:

1. Only makes two conclusory allegations against the Individual Defendants. Such simple regurgitation of the elements of a cause of action does not satisfy Rule 8 and *Twombly*.

2. Lumps allegations against all "Defendants" together. This collective-style pleading also fails to satisfy Rule 8.

   - and -

3. Fails, as a substantive matter, to adequately plead the requirements for each of its copyright infringement claims against the Individual Defendants.

Each of these reasons, standing alone, would be sufficient for this Court to dismiss the

Amended Complaint. When taken together, the infirmities in the Amended Complaint requiring

dismissal are clear.

Nor should Plaintiff be provided yet another opportunity to amend its insufficient

pleading. Plaintiff's failure to make particularized allegations against the Individual Defendants after it had ample discovery constitutes undue delay and prejudice.

In short, Mr. Ossenmacher and Prof. Rudolph respectfully request that this Court dismiss the Amended Complaint with prejudice.

## PROCEDURAL BACKGROUND

Plaintiff filed its initial complaint on January 6, 2012. Compl., ECF No. 1. This first complaint only named ReDigi as a defendant and alleged claims for (1) copyright infringement under 17 U.S.C. § 106; (2) inducement of copyright infringement under 17 U.S.C. §§ 106 and 501; (3) contributory copyright infringement under 17 U.S.C. §§ 106 and 501; (4) vicarious copyright infringement under 17 U.S.C. §§ 106 and 501; and (5) common law copyright infringement. *Id*. This initial complaint sought (a) a preliminary and permanent injunction to prevent the alleged infringement; (b) actual damages; (c) statutory damages of $150,000 for each copyright work infringed; (d) an accounting; (e) attorneys fees; and (f) pre and post-judgment interest. ReDigi filed an answer to this complaint on January 19, 2012. ECF No. 6.

On January 26, 2012, Plaintiff filed a motion for a preliminary injunction. Mot. for Prelim. Inj., Order to Show Cause, ECF No. 8. In responding to the injunction, ReDigi noted that "Plaintiff ha[d] been in communication with ReDigi, and ha[d] known about, and even encouraged, ReDigi's business model for two (2) years." Defs. Mem. of Law in Opp. to Pl.'s Mot. for a Prelim. Inj., at 4, ECF No. 13. On February 6, 2012, the Court denied the motion for a preliminary injunction. Order, ECF No. 25.

Thereafter, on July 20, Plaintiff filed a motion for partial summary judgment against ReDigi for "infringement of Plaintiff's reproduction and distribution copyright rights." Notice of Mot., ECF No. 48. On the same day, ReDigi filed a cross-motion for partial summary judgment

requesting that the Court dismiss all of Plaintiff's claims with prejudice. Notice of Mot. for Sum. J., ECF No. 54. During its October 5, 2012 hearing on the cross-motions, the Court noted that "I think there are honest disagreements as to what the law says and how it ought to be applied . . . ." Hr'g Tr. 3:18-19, ECF No. 107 (Oct. 22, 2013). While noting that this action presents a "novel question," the Court nevertheless granted Plaintiff's motion for partial summary judgment as to Plaintiff's claims for "ReDigi's direct, contributory, and vicarious infringement of its distribution and reproduction rights." ECF No. 109.

On August 2, 2013, Plaintiff requested leave to amend its complaint, in part to add Mr. Ossenmacher and Prof. Rudolph as defendants. Plaintiff claimed that it "ha[d] established strong grounds for their personal liability," presumably through the discovery record, and questioned ReDigi's ability to pay any monetary judgment. ReDigi responded on August 7, 2013, writing that the Individual Defendants "do not satisfy the legal standard for personal liability" because neither "own[s] a controlling share of ReDigi," neither is "solely in charge of the company – they sit on a board that is comprised of 4 active members," and neither "has been paid a salary or received any other form of remuneration from ReDigi." The Court held a conference on these letters on August 9, 2013 and granted Plaintiff leave to amend and add the Individual Defendants to the action.

Plaintiff filed its Amended Complaint on August 30, 2013.

## STATEMENT OF FACTS

Even taking all of the facts alleged in the Amended Complaint to be true, Plaintiff has still failed to allege cognizable claims against Mr. Ossenmacher and Prof. Rudolph.

### A.    The Plaintiff.

Plaintiff is a record company with its principal place of business in New York, New

York. Am. Compl. ¶¶ 4, 12. Among other activities, Plaintiff "distributes and licenses its sound recordings in the form of digital audio files, which are marketed and distributed online in a variety of forms (*e.g.*, permanent downloads, conditional downloads, subscription services, streaming, etc.), and delivered to the consumer via the Internet." Am. Compl. ¶ 15.

**B.     ReDigi.**

ReDigi was launched in 2011 as "'the world's first and only online marketplace for used digital music.'" Am. Compl. ¶ 19. ReDigi claims that its service "allows users to 'buy used digital music from others at a fraction of the price currently available on iTunes.'" *Id.* ReDigi sold "used" digital tracks "for approximately 79 cents, and earn[ed] a commission for each sale. That commission total[ed] 60% of the purchase price." Am. Compl. ¶ 28. ReDigi continued to sell "used" digital tracks until the Court's summary judgment order on March 30, 2013. Am. Compl. ¶ 40.

**C.     The Individual Defendants.**

There are two Individual Defendants: John Ossenmacher and Larry Rudolph. Mr. Ossenmacher is the Chief Executive Officer of ReDigi, Am. Compl. ¶ 6, while Prof. Rudolph is the Chief Technology Officer of ReDigi. Am. Compl. ¶ 7. Both are founding owners of ReDigi. Am. Compl. ¶¶ 6-7.

**D.     The Allegations Against the Individual Defendants.**

Other than identifying the Individual Defendants, the Amended Complaint contains a single, conclusory allegation against both Mr. Ossenmacher and Prof. Rudolph:

> Defendants Ossenmacher and Rudolph personally participated in, and supervised and directed, the infringing acts described above. Indeed, they personally conceived of the infringing business model and technology at issue in this case, were the ultimate decision makers concerning the development and implementation of such infringing activity and directed and approved all key aspects of ReDigi's activities found by this Court to infringe Capitol's copyrights.

4

They were the moving force behind those infringing acts.

Am. Compl. ¶ 37.

The only other time either Individual Defendant is specifically mentioned in the Amended Complaint is Paragraph 33, which states that Mr. Ossenmacher "has acknowledged publicly that there is no way to ensure absolutely that users are not retaining copies of the files they upload to ReDigi's service. . . ." Am. Compl. ¶ 33. This allegation against Mr. Ossenmacher was also in the original complaint. Compl. at ¶ 34, ECF No. 1.

**E.      The "Defendants'" Alleged Wrongdoing.**

Outside of the conclusory allegation specific to the Individual Defendants and the single additional mention of Mr. Ossenmacher, the Amended Complaint makes a number of allegations against the "Defendants."[1] It alleges, for example, that the "Defendants" "encouraged [their] users to infringe copyrights" held by the Plaintiff and "sought to excuse their activities legally in various public statements. . . ." Am. Compl. ¶¶ 29-32. The "Defendants," according to the Amended Complaint "essentially created a marketplace where users engaged in widespread infringement." Am. Compl. ¶ 36.

**F.      Claims for Relief.**

The Plaintiff seeks relief against the "Defendants" on five counts: (1) copyright infringement, Am. Compl. ¶¶ 42-48; (2) inducement of copyright infringement, Am. Compl. ¶¶ 49-58; (3) contributory copyright infringement, Am. Compl. ¶¶ 59-68; (4) vicarious copyright infringement, Am. Compl. ¶¶ 69-79; and (5) common law copyright infringement, Am. Compl. ¶¶ 80-86. These are the same claims pursued against ReDigi alone in the initial complaint. *See*

---

[1] Presumably, this term encompasses both ReDigi and the Individual Defendants. Because the Individual Defendants do not have "users," however, it is often unclear what the Amended Complaint is trying to allege Mr. Ossenmacher and Prof. Rudolph actually did. *See* Am. Compl. ¶¶ 34-36.

page 2, *supra*.

## ARGUMENT

**A.**     **The Motion to Dismiss Standard.**

Under *Twombly*, a complaint should be dismissed where it does not contain sufficient allegations of fact to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570; *see also Fleurimond v. N.Y. Univ.*, 722 F. Supp. 2d 352, 354 (E.D.N.Y. 2010). Although the Court must accept the material facts of the complaint to be true and to draw all reasonable inferences in the plaintiff's favor, this "'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

*Twombly* undoubtedly applies to the copyright claims at issue here. *Fleurimond*, 722 F. Supp. 2d at 354 (citing cases); *see also Ochre LLC v. Rockwell Architecture, Planning & Design, P.C.*, No. 13 Civ. 0005, 2013 WL 3606123 (2d Cir. July 16, 2013); *Muniz v. Morillo*, No. 06 Civ. 6570 (RJS), 2008 WL 4219073 (S.D.N.Y. Sept. 10, 2008). Under this standard, the plaintiff's complaint cannot rest on "bare-bone allegations that infringement occurred." *Sharp v. Patterson*, No. 03 Civ. 8772 (GEL), 2004 WL 2480426, at *12 (S.D.N.Y. Nov. 3, 2004). Instead, Rule 8 requires that "the particular infringing acts" be set out with specificity. *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (1992) (internal citations omitted).

Moreover, a court's "review of a decision to grant a motion to dismiss 'is limited to the facts as asserted within the four corners of the complaint' and any attached documents." *Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 210-211 (2d Cir. 2009) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007)).

**B.    The Amended Complaint's Allegations Against the Individual Defendants Fail to Satisfy Rule 8 and *Twombly*.**

The Amended Complaint barely attempts to satisfy the *Twombly/Iqbal* standard. Rather than include particularized allegations of misconduct, as it must to survive a Rule 12(b)(6) challenge, the complaint contains only one *new* vague and conclusory allegation, making no mention of the supposed extensive discovery record that purportedly supported adding the Individual Defendants in the first place. This is simply insufficient to state a claim as a matter of law.

In *Pegasus Imaging Corp. v. Northrop Grumman Corp.*, for instance, the plaintiff alleged in its amended complaint that the defendant, the parent corporation of the direct infringing defendants, "committed vicarious and contributory copyright infringement 'because of [the defendant's] knowledge regarding, its right and ability to supervise, its material contribution to and its receipt of direct financial benefit as a result of, the infringing conduct of both [direct infringers].'" No. 8:07-CV-1937-T-27 (EAJ), 2008 WL 5099691, at *2 (M.D. Fla. Nov. 25, 2008) (quoting Am. Compl. ¶ 84). The court dismissed the vicarious and contributory copyright infringement claims, finding that the allegation was "vague and conclusory," which was insufficient "under the dictates of *Twombly*." *Id*. The court, quoting Southern District of New York precedent, continued:

> The Amended Complaint fails to include sufficient factual allegations of [the defendant's] direct participation in the 'decisions, processes, or personnel directly responsible for the infringing activity.' Moreover, while authorization and assistance of a parent corporation may constitute material contribution, '[t]he authorization or assistance must bear a direct relationship to the infringing acts.' The Amended Complaint does not include a sufficient factual basis that [the defendant] authorized or assisted the alleged infringement . . . . Accordingly, Count IV of the Amended Complaint is DISMISSED.

*Id*. at *3 (quoting *Banff Ltd. v. Limited, Inc.*, 869 F.Supp. 1103, 1109 (S.D.N.Y. 1994); *Berry v. Deutsche Bank Trust Co.*, No. 07 Civ. 7634 (WHP), 2008 WL 4694968, at *5 (S.D.N.Y. Oct. 21, 2008)).

Similarly, in *Jacobs v. Carnival Corp.*, the plaintiff brought a direct copyright infringement claim against several cruise lines. No. 06 Civ. 0606 (DAB), 2009 WL 856637 (S.D.N.Y. Mar. 25, 2009). Although Judge Batts found the allegations against one of the cruise line defendants to be sufficient,[2] the court noted that the allegations as to the rest of the defendants "quickly and totally descended into the realm of broad and conclusory speculation . . . ." *Id*. at *5. Specifically, the court found generalized allegation of misconduct to be insufficient to state a claim for direct copyright infringement under Rule 8 and *Twombly*. Indeed, the allegations "amount[ed] to nothing more than [a] sweeping, blanket assertion" *Id*.[3] The court noted that "Plaintiff[] attempt[ed] to cast an infinite net over Defendants that encompasses every theatrical work ever made and copyrighted, hoping to catch Defendants somewhere within it." *Id*. at *6. According to Judge Batts, such allegations were "the epitome of the fishing expedition dreaded in discovery, launched prematurely in the Complaint." *Id*.

Finally, in *Technomarine SA v. Jacob Time, Inc.*, the plaintiff alleged that the defendant was liable for copyright infringement as a result of selling watches "bearing the allegedly copyrighted [plaintiff] logo." No. 12 Civ. 0790(KBF), 2012 WL 2497276, at *6 (S.D.N.Y. June

---

[2] The complaint alleged, for that *specific* defendant, that it had "'performed and presented at least three hundred and fifty-six (356) performances of Grease, all without securing the necessary licenses and/or permissions.'" No. 06 Civ. 0606 (DAB), 2009 WL 856637, at *5 (quoting Compl. ¶ 38).

[3] Similar to the sparse allegations in the Amended Complaint here, the plaintiff in *Jacobs* alleged, "'[A]ll of the remaining defendants . . . have publicly performed and presented significant portions, and/or all, of Grease and/or other famous and enormously popular Broadway, off Broadway, other plays and other works' and 'said remaining defendants . . . planned, prepared, authorized, developed, performed and/or presented such performances and presentations.'" *Id*. at *6 (quoting Compl. ¶ 42).

22, 2012) (citing to Am. Compl. ¶¶ 64-73). Judge Forrest dismissed the claim, however, noting that "the bare assertion that [defendant] has been 'selling piratical copies' of the watches without offering any factual support for that claim" was insufficient. *Id.* (quoting Am. Compl. ¶ 68). Judge Forest reasoned: "Without reciting facts from which a reasonable and plausible inference can be drawn that the watches are either counterfeit or were acquired in such a way as to make their resale unlawful, [plaintiff] 'has alleged-but it has not shown-that [it] is entitled to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. 679).

The allegations at issue here are virtually indistinguishable from those in *Pegasus*, *Jacobs*, and *Technomarine*. Just as (a) the plaintiff in *Pegasus* vaguely alleged knowledge, supervision, contribution, and receipt of financial benefits;[4] (b) the plaintiff in *Jacobs* made the blanket allegation that all of defendants, "planned, prepared, authorized, developed, performed and/or presented" the copyrighted works; and (c) the plaintiff in *Technomarine* made the "bare assertion" of infringement without "any factual support," the Plaintiff here makes similarly vague, conclusory, and unsupported allegations of infringement against the Individual Defendants. *See* Am. Compl. ¶ 37 (alleging personal participation, supervision, and conception by the Individual Defendants). Such bare allegations fail to satisfy Rule 8 and *Twombly*. As such, the Amended Complaint should be dismissed.

## C.   <u>The Amended Complaint Improperly Relies on Collective-Style Pleading.</u>

The Amended Complaint should also be dismissed for failing to differentiate between the alleged wrongdoing of the Individual Defendants and ReDigi. Such collective-style pleading does not satisfy Rule 8. *See generally Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.*,

---

[4] Plaintiff also fails to allege that the Individual Defendants specifically derived a financial benefit from the allegedly infringing activity. As described in Part D, *infra*, this is fatal to the vicarious liability claim.

170 F.R.D. 361, 375 (S.D.N.Y. 1997) (applying the Rule 8 pleading standard and dismissing claim where the plaintiff "merely assert[ed] that an undifferentiated group of 'defendants' conspired to defraud [the plaintiff]"); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*, No. 91 Civ. 2923 (CSH), 1994 WL 88129, at *20 (S.D.N.Y. Mar. 15, 1994) ("The allegations' impermissible failure to distinguish between [certain] Defendants mandates dismissal under . . . Rule 8(a)."); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (holding that Rule 8 is not satisfied where a complaint merely uses either "the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom . . . ."); *Jacobs*, 2009 WL 856637 (dismissing a complaint that relied on collective-style pleading). This is because collective-style allegations fail to provide "a reasonable basis from which [the court] can infer [a] defendant's liability," *In re Ernie Haire Ford, Inc.*, 459 B.R. 824, 835 (Bankr. M.D. Fla. 2011), and "are so general that they fail to put each defendant on notice of the claims against them." *Pietrangelo v. NUI Corp.*, No. Civ. 04-3223 (GEB), 2005 WL 1703200, at *10 (D.N.J. July 20, 2005).

Here, the Amended Complaint makes two allegations against the Individual Defendants, Am. Compl. ¶ 33; 37, with the remainder of the Amended Complaint referring to ReDigi alone, Am. Compl. ¶¶ 20-25; 27; 39, or to "Defendants" collectively. Am. Compl. ¶¶ 19; 26; 28-32; 34-36; 38; 40. This collective style pleading is untenable under the legal precedent in this Circuit, and for good reason. The Plaintiff's collective style pleading has resulted in incoherent allegations. For instance, Paragraphs 34 through 36 refer to Defendants' "users." On its face, the Amended Complaint seems to be alleging that the Individual Defendants had "users" in their individual capacities, in contravention to logic. Similarly, Paragraph 26 alleges that the "Defendants offered ReDigi users various incentives" and then describes ReDigi credits and

coupons. Taken as true, Plaintiff appears to be alleging, nonsensically, that the Individual

Defendants, in their individual capacities, offered ReDigi's users credits and coupons. In fact,

based on a comparison of the initial complaint and the Amended Complaint, it appears that

Plaintiff did little more than find-replace "Defendant" with "Defendants."

Despite months of discovery, including deposing the Individual Defendants, Plaintiff has

failed to make the type of particularized allegations that Rule 8 requires. Dismissal of the

Amended Complaint is appropriate for this reason alone.

**D.    The Amended Complaint Inadequately Pleads the Copyright Infringement Claims
Against the Individual Defendants.**

Plaintiff's Amended Complaint states claims for (1) copyright infringement, (2)

inducement of copyright infringement, (3) contributory copyright infringement, (4) vicarious

copyright infringement, and (5) common law copyright infringement. To the extent that Plaintiff

is pursuing each of these claims against the Individual Defendants (which is altogether unclear,

*see, supra*),[5] the Amended Complaint is devoid of non-conclusory allegations sufficient to

support these claims, rendering dismissal more than warranted. *See Carell v. Shubert Org.*, 104

F. Supp. 2d 236, 271 (S.D.N.Y. 2000) (dismissing a complaint against individual defendants

where the complaint lacked "any description of acts that could lead to the conclusion of direct

copyright or trademark infringement, or allegations of authorization or participation that would

indicate vicarious liability or contributory infringement").

Assuming that Plaintiff is pressing each of these claims against the Individual

Defendants, which the Amended Complaint fails to make clear, there are two additional

---

[5] By way of example, Paragraph 41 refers to "ReDigi's unlawful actions," but then apparently
seeks injunctive relief against all "Defendants." As a further example, Paragraph 52 alleges that
the "Defendants" adopted a business model that depended on a high volume of infringement by
its users, but does not say whether – and to what extent – the Individual Defendants assisted in
developing this model.

problems with the Amended Complaint. First, inducement to infringe is not a distinct cause of action in this Circuit; instead, inducement to infringe is really a theory for contributory infringement. *See Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971). As such, dismissal of this cause of action is warranted as a matter of law. Second, the elements for common law copyright infringement are the same for direct copyright infringement. *See Capitol Records, Inc. v. Naxos of Am., Inc.*, 4 N.Y.3d 540, 563 (2005). Thus, the common law copyright claim will rise and fall with the statutory claim. As explained below, Plaintiff has failed to allege the required elements of each of the remaining claims.

Plaintiff has not properly pled all of the requisite elements of its apparent direct and common law infringement claims against the Individual Defendants. In order to properly plead these copyright infringement claims, the plaintiff must allege "(1) which specific original works are the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts during what time the defendant infringed the copyright." *Blagman v. Apple Inc.*, No. 12 Civ. 5453(ALC), 2013 WL 2181709, at *2 (S.D.N.Y. May 20, 2013) (citing *Kelly,* 145 F.R.D. at 35-36 (citing *Franklin Elect. Publishers v. Unisonic Prod. Corp.*, 763 F. Supp. 1, 4 (S.D.N.Y. 1991); *Calloway v. The Marvel Entm't Group*, 1983 WL 1141, at *3 (S.D.N.Y. 1983)). Here, Plaintiff has not adequately alleged the fourth requirement as to the Individual Defendants. Just as the plaintiff in *Jacobs* did not make specific acts and times of infringement against each of the specific defendants, 2009 WL 856637, at *5, Plaintiff here does not *specifically* alleged the direct infringement activities by the Individual Defendants and when they occurred. Consequently, the Amended Complaint fails to adequately plead these infringement claims, and the direct and common law copyright infringement claims must be dismissed.

12

Plaintiff has also failed to properly plead the requisite elements with respect to the Plaintiff's apparent vicarious liability claim against the Individual Defendants. Vicarious liability requires that the plaintiff show, in addition to the above four factors for direct infringement, that the defendant had (1) the right and ability to supervise and (2) an obvious and direct financial interest. *Polygram Int'l Publ'g v. Nevada/TIG, Inc.*, 855 F. Supp. 1314, 1324 (D. Mass. 1994) (citing *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304 (2d Cir. 1963)). Here, Plaintiff utterly fails to make a single allegation, specific to the Individual Defendants, as to the direct financial benefit they derived from the alleged infringement. *See* Am. Compl. ¶ 37. In addition, Plaintiff has not alleged the requisite level of control by the Individual Defendants to satisfy the first requirement for vicarious liability. As *Banff Ltd. v. Limited, Inc.* made clear:

> [T]here must be indicia beyond the mere legal relationship showing that the parent is actually involved with the decisions, processes, or personnel directly responsible for the infringing activity. . . . A subsidiary possesses an independent legal existence; it may organize its affairs and make its decisions completely independently of its parent. . . . [The] parent's influence . . . is characteristic only of that particular parent-subsidiary relationship, and is not inherent in the nature of the relationship in either legal or practical terms. . . . [T]he actual exercise of control cannot be presumed from the mere power to control, it is logical to require evidence of actual control and supervision before holding the parent liable.

869 F. Supp. at 1109-10. Despite having months of discovery, the Amended Complaint does not contain any semblance of an allegation, against the Individual Defendant sufficient to show the requisite level of control. The vicarious infringement claim, therefore, must be dismissed.

Finally, Plaintiff's contributory infringement claim, to the extent is being pursued against the Individual Defendants, must also be dismissed for failure to plead requisite elements. In addition to the four elements for direct infringement, contributory liability requires the plaintiff to show that the defendant (1) with knowledge of the infringing activity, (2) induced, caused or materially contributed to the infringing conduct of another. *Id.* at 1333 (quoting *Gershwin*

*Publishing Corp.,* 443 F.2d at 1162). Put differently, there must be "personal conduct that encourages or assists the infringement." *Matthew Bender & Co. v. West Publ'g Co.*, 158 F.3d 693, 706 (2d Cir. 1998). There are no specific allegations of personal conduct sufficient to support this claim in the Amended Complaint. Further, a claim for "contributory infringement requires [that the defendant acted with] scienter," *Singer v. Citibank N.A.*, No. 91 Civ. 4453 (JFK), 1993 WL 177801, at *5 (S.D.N.Y. May 21, 1993).[6] Here, the Amended Complaint fails to make the requisite scienter allegations against the Individual Defendants, instead couching its allegations against them in broad, conclusory terms. Am. Compl. ¶ 37. Thus, the Plaintiff's allegations are insufficient to state a claim for contributory infringement, and this claim must be dismissed as well.

In sum, in addition to the Amended Complaint failing as a whole because it does not plead allegations against the Individual Defendants with the required level of specificity and for relying on collective-style pleading, the claims contained in the Amended Complaint fail, in and of themselves, because the Plaintiff has not specifically pled the required elements – as to the Individual Defendants – of each of its claims. Thus, dismissal of the complaint as a whole and of each of the causes of actions is warranted.

**E.     The Court Should Deny Leave To Amend If It Grants Defendants' Motion.**

This Court should dismiss Plaintiff's Amended Complaint with prejudice and deny Plaintiff's leave to amend its Amended Complaint, should Plaintiff request such leave. "The decision whether to grant [p]laintiffs leave to replead any claims dismissed by the [c]ourt rests 'within the sound discretion of the court,' and leave to amend 'shall be freely given' in the

---

[6] To the extent contributory infringement requires a showing of scienter, Plaintiff has come nowhere near meeting the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Chill v. GE*, 101 F.3d 263, 267 (2d Cir. 1996).

absence of countervailing factors such as undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or futility of the amendment." *In re Alcatel Sec. Litig.*, 382 F. Supp. 2d 513, 535 (S.D.N.Y. 2005) (quoting *Am. Stock Exch., LLC v. Mopex, Inc.*, 230 F. Supp. 2d 333, 335 (S.D.N.Y. 2002)) (citing Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990); *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603-4 (2d Cir. 2005). These considerations weigh in favor of dismissing the Amended Complaint with prejudice.[7]

Undue delay and prejudice to the Individual Defendants are present here. Plaintiff originally filed this action in January 2012, had months of discovery, including deposing each of the Individual Defendants, and fully briefed (and won) a motion for partial summary judgment against ReDigi. These facts, in and of themselves, counsel against granting Plaintiff leave to amend its complaint again. *See Christine Falls Corp. v. Algonquin Power Fund, Inc.*, 401 Fed. App'x 584, 589 (2d Cir. 2010) (denying leave where plaintiff sought leave to amend years after the case commenced, well after discovery had closed, and while a summary judgment motion was *sub judice*, because Second Circuit "case law makes clear that a proposed amendment is especially prejudicial and therefore it is well within a district court's discretion to deny a motion for leave to amend") (internal quotations omitted)).

In addition, Plaintiff already amended its complaint, had the opportunity to make sufficient allegations against the Individual Defendants — and either could not make sufficient allegations or chose not to. *Henderson v. City of Meriden*, No. 3:11 Civ. 01174 (MPS), 2013 WL 2149706, at *11 (D. Conn. May 16, 2013) (noting that where plaintiff makes prior amendments

---

[7] Because the standard for granting leave to amend is the same as for determining whether to dismiss a case with prejudice, cases discussing whether to grant leave to amend are appropriately discussed herein.

that fail to allege known facts and theories, denial of leave to amend is proper). That Plaintiff represented to the Court that it had sufficient facts to add the Individual Defendants to this action, but in fact provides a single new, conclusory allegation in its Amended Complaint, further weighs against permitting another amendment. *See, e.g., Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, No. 01 Civ. 11295 (CBM), 2004 WL 169746, at *3 (S.D.N.Y. Jan. 28, 2004) (denying leave to amend to add officers of a corporate defendant to an action where the facts and "theory for relief against the proposed defendants that plaintiffs advocate for was known to them at the time they filed their initial and first amended complaints") (citing cases); *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) (affirming a denial of leave to amend to include facts that were known to the plaintiff at the time it filed its original complaint). Plaintiff, not the Individual Defendants, bears the burden of Plaintiff's pleading infirmities. *Scott v. City of New York Dep't of Corr.*, No. 04 Civ. 9638(SHS), 2007 WL 4178405, at *6 (S.D.N.Y. Nov. 26, 2007). The Court should not grant Plaintiff yet another opportunity to cure the obvious defects in its Amended Complaint, after Plaintiff had ample opportunity to plead its claims in a manner consistent with Rule 8 but failed to do so, as it would constitute both undue delay and prejudice to the Individual Defendants. *See also Cresswell,* 922 F.2d at 72; *Krumme v. Westpoint Stevens, Inc.*, 143 F.3d 71, 88 (2d Cir. 1998); *C.L.-Alexanders Laing & Cruickshank v. Goldfeld*, 739 F. Supp. 158, 166 (S.D.N.Y. 1990).

## CONCLUSION

For the foregoing reasons, the Individual Defendants respectfully request the Court grant their motion in its entirety and dismiss the Amended Complaint, as against them, with prejudice.

Dated:  September 20, 2013

*/s/ Seth R. Gassman*_____
Seth R. Gassman (SG-8116)

James J. Pizzirusso (*pro hac vice* pending)
Nathaniel C. Giddings (*pro hac vice* forthcoming)
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, D.C. 20006

*Counsel for John Ossenmacher & Larry Rudolph*