UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/2/2014
```

CAPITOL RECORDS LLC,

                Plaintiff,

-v-

REDIGI INC., *et al.*,

                Defendants.

No. 12-cv-95 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

Now before the Court is the motion of Defendants John Ossenmacher and Larry Rudolph to dismiss the First Amended Complaint. For the reasons set forth below, the motion is denied.

I. BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history, as set forth in the Court's summary judgment Order, dated March 30, 2013. (Doc. No. 109.) Following that Order, the Court granted Plaintiff leave to file its First Amended Complaint ("FAC"), naming Ossenmacher and Rudolph (the "Individual Defendants") as additional defendants. (Doc. No. 116.) On September 20, 2013, the Individual Defendants filed the instant motion to dismiss the First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 126.) The motion was fully submitted on October 18, 2013. (Doc. No. 136.) At a discovery dispute conference on December 2, 2013, the Court stayed all formal discovery pending resolution of the Individual Defendants' motion and indicated, in light of the likelihood that the motion would be denied, that the parties should proceed with informal discovery. (Doc. No. 146 at 34:10–36:14; *see also* Doc. No. 145.)

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must "provide the grounds upon which [the] claim rests." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *ATSI Commc'ns*, 493 F.3d at 98. However, that tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, a pleading that only offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If the plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Id.* at 570.

On a motion to dismiss, the Court may consider, in addition to the complaint itself, "any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (citations and quotation marks omitted); *see also Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

## III. DISCUSSION

The Court found at summary judgment that Defendant ReDigi Inc. ("ReDigi") is liable for direct copyright infringement, contributory infringement, and vicarious infringement. (Doc.

2

No. 109 at 13–17.) The question presented by this motion is whether, under the pleading standard set forth in *Twombly* and *Iqbal*, the First Amended Complaint adequately alleges that the Individual Defendants – who were the founding co-owners of ReDigi and who served as ReDigi's Chief Executive Officer and Chief Technology Officer (FAC ¶¶ 6–7) – were personally involved in ReDigi's infringing activities and thus jointly and severally liable. The Court concludes that it does.

"It is well established that [a]ll persons and corporations who participate in, exercise control over or benefit from an infringement are jointly and severally liable as copyright infringers" and that "[a]n individual, including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity, or who personally participates in that activity is *personally* liable for infringement." *Arista Records LLC v. Lime Grp. LLC* ("*Lime Group*"), 784 F. Supp. 2d 398, 437 (S.D.N.Y. 2011) (internal citations and quotation marks omitted) (citing numerous cases). In *Lime Group*, Judge Wood granted summary judgment in favor of the plaintiffs, finding that a corporate officer defendant who was also the majority owner of the infringing corporation was properly held to be jointly and severally liable based on evidence that he was "the company's 'ultimate decisionmaker,' and that his approval was required for 'any major strategic and design decisions.'" *Id.* Similarly, in *Arista Records LLC v. Usenet.com, Inc.* ("*Usenet*"), Judge Baer granted summary judgment in favor of the plaintiffs against a corporate officer defendant where the officer "was the moving force behind the entire business of both corporate Defendants" and the sole shareholder of both corporations, and provided the "'overall strategic vision'" for the corporate defendants' activities. 633 F. Supp. 2d 124, 158 (S.D.N.Y. 2009).

Here, the First Amended Complaint adequately alleges what was proven in *Lime Group*

and *Usenet*, namely, that the Individual Defendants were corporate officers who so controlled the operations of ReDigi that they can be held liable for ReDigi's infringing acts. Specifically, paragraph 37 of the First Amended Complaint alleges that "[the Individual Defendants] personally conceived of the infringing business model and technology at issue in this case, were the ultimate decision makers concerning the development and implementation of [the] infringing activity [described in previous paragraphs] and directed and approved all key aspects of ReDigi's activities found . . . to infringe Capitol's copyrights." (FAC ¶ 37.) Taken as true, these allegations are sufficient to make the Individual Defendants jointly and severally liable for ReDigi's infringing activities, including ReDigi's direct and secondary infringement. Although paragraph 37 does not itself describe the "infringing activity" ReDigi undertook at the direction of the Individual Defendants, it incorporates by reference the other allegations of the First Amended Complaint, which provide further details about the alleged infringement. (*Id.* ("[The Individual Defendants] personally participated in, and supervised and directed, the infringing acts *described above.*" (emphasis added)).)

The Individual Defendants argue that paragraph 37 does not meet the pleading standard of *Iqbal* and *Twombly* because it is vague and conclusory. (Doc. No. 127 at 7–9.) The Court disagrees. Paragraph 37 specifically alleges that the Individual Defendants were responsible both for the technology ReDigi used and for employing that technology through ReDigi's business. It also alleges that each of ReDigi's key activities was performed either at the behest of, or with the approval of, the two Individual Defendants. These are precisely the sorts of factual allegations that, if true, make a corporate officer personally liable for copyright infringement. *See Lime Group*, 784 F. Supp. 2d at 437; *Usenet*, 633 F. Supp. 2d at 158.

The Individual Defendants also argue that the First Amended Complaint is defective

4

because it employs "collective-style pleading," that is, many of the allegations refer to ReDigi and the two Individual Defendants collectively as "Defendants." (Doc. No. 127 at 9–11.) The problem posed by collective-style pleading is that particular defendants may not be adequately apprised of the conduct they are alleged to have engaged in. *See, e.g.*, *Pietrangelo v. NUI Corp.*, 04-cv-3223 (GEB), 2005 WL 1703200, at *10 (D.N.J. July 20, 2005) (noting that danger of collective-style pleading is that "the allegations are so general that they fail to put each defendant on notice of the claims against them"). Although the First Amended Complaint could certainly have provided more detail with respect to the individual actions of each Defendant, the Court finds that it is nevertheless sufficient, if barely so, to put Defendants on notice, since the three Defendants are a small start-up and the two corporate officers who directed and controlled essentially all of its activities.

Finally, the Court disagrees with the Individual Defendants that Plaintiff must separately plead each theory of liability as to the Individual Defendants. (*See* Doc. No. 126 at 11–14.) As discussed, the rule is that a corporate officer is personally liable for the corporation's infringement if he had the ability to supervise the activity and a financial interest in it, or if he personally engaged in the infringing activity. *See Lime Group*, 784 F. Supp. 2d at 437. Thus, it is sufficient for the First Amended Complaint to plead that ReDigi engaged in various infringing activities and that these activities were undertaken at the behest of or with the approval of the Individual Defendants, who were co-owners of ReDigi. At least for the purposes of this motion, there is no need to separately plead the elements of the infringing activities as to the Individual Defendants: their liability is predicated on their direction of and supervision over ReDigi's infringing activity.

IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT the Individual Defendants' motion to dismiss the First Amended Complaint is DENIED. The Clerk of the Court is respectfully directed to terminate the motion at Doc. No. 126.

IT IS FURTHER ORDERED THAT the parties shall submit a joint letter no later than September 19, 2014, advising the Court of the need for additional discovery and whether the parties contemplate post-discovery motions for summary judgment as to the Individual Defendants.

SO ORDERED.

DATED:   September 2, 2014
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE