UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __08.27.15__
```

CAPITOL RECORDS, LLC, *et al.*

                                Plaintiffs,

        -v-                                             No. 12-cv-95 (RJS)
                                                        OPINION AND ORDER

REDIGI INC., *et al.*,

                                Defendants.

RICHARD J. SULLIVAN, District Judge:

Capitol Records LLC, Capitol Christian Music Group, Inc., and Virgin Records IR

Holdings, Inc. (collectively, "Plaintiffs"), bring this action against ReDigi Inc. ("ReDigi"), a

technology company that touts itself as a "virtual" marketplace for "pre-owned" digital music, and

its two "founding owners," John Ossenmacher and Larry Rudolph (the "Individual Defendants"),

for violations of Plaintiffs' copyrights.  Now before the Court is Plaintiffs' opposition to certain

discovery requests made by the Individual Defendants on the grounds that the requests either

pertain to affirmative defenses that Defendant ReDigi raised and the Court rejected, or to

affirmative defenses that Defendant ReDigi could have raised but waived.  The Court is now in

receipt of the Individual Defendants' memorandum of law regarding whether they are barred from

raising certain affirmative defenses in this action.  (Doc. No. 169 ("ID Mem.").)  The Court is also

in receipt of Plaintiffs' memorandum of law in opposition (Doc. No. 170 ("Opp.")) and the

Individual Defendants' reply memorandum of law (Doc. No. 172 ("ID Rep.")).  For the reasons

set forth below, the Court concludes that the Individual Defendants are barred from asserting

defenses that ReDigi could have raised but failed to assert.

I. Background

On March 30, 2013, the Court granted summary judgment in favor of Plaintiffs against ReDigi, holding that ReDigi infringed Plaintiffs' copyrights and that the affirmative defenses of fair use and first sale did not shield ReDigi from liability. (Doc. No. 109 (the "March 30 Opinion").) The Court also ordered that discovery proceed with respect to damages. (*Id.*)

On August 9, 2013, the Court held a conference on Plaintiffs' contemplated motion to amend the complaint to add ReDigi's principal officers – Ossenmacher and Rudolph – as defendants. In response to the Court's inquiry as to whether permitting the amendment would require additional discovery, counsel for Plaintiffs and ReDigi each represented that they did not think any additional discovery would be necessary if the Individual Defendants were added. (Doc. No. 116.) Based on this representation, the Court granted Plaintiffs' request to amend the pleadings (*id.*), and on August 30, 2013, Plaintiffs filed an amended complaint that added Ossenmacher and Rudolph as defendants. (Doc. No. 118.) Notwithstanding the prior representations made to the Court, the Individual Defendants proceeded to serve interrogatories and requests for the production of documents on Plaintiffs on October 9, 2013. (ID Mem., Declaration of James Pizzirusso, dated Dec. 5, 2014 ("Pizzirusso Decl."), Ex. 6.) As relevant here, Plaintiffs opposed these discovery demands on the grounds that the discovery was not relevant to any of the issues that Plaintiffs believed remained in the case – namely, whether the Individual Defendants participated in ReDigi's infringing acts such that they are personally liable, and the amount of statutory damages. (Pizzirusso Decl., Ex. 7.) Specifically, Plaintiffs characterized the Individual Defendants' discovery requests as pertaining to affirmative defenses that either the Court already considered and rejected in its March 30 Opinion, or that ReDigi could have raised

2

at summary judgment but waived.  Therefore, Plaintiffs argued that they should not have to comply with the discovery requests.

On December 2, 2013, the Court held a conference to discuss these issues.  At the conference, the Court observed that it likely would have denied the motion to amend had it known that the Individual Defendants intended to seek additional discovery once they were added as parties, since the case against ReDigi was largely completed and the inclusion of new defendants and new discovery disputes was likely to slow down resolution of the action.  Nevertheless, the Court reserved judgment on the discovery dispute pending resolution of the Individual Defendants' motion to dismiss, which was filed on September 20, 2013 (Doc. No. 126) and subsequently denied by the Court in an Opinion and Order dated September 2, 2014 (Doc. No. 148).  After the Court denied the Individual Defendants' motion to dismiss, it directed the parties to submit a joint letter outlining the remaining discovery disputes.  (*Id.*)  On November 7, 2014, the Court held another conference concerning the outstanding discovery disputes, at which time the Court  ordered the parties to submit briefing on the Individual Defendants' ability to seek discovery in connection with affirmative defenses that the Court had previously rejected with respect to ReDigi, or which ReDigi could have raised but did not.  (Doc. No. 166.)  The matter was fully submitted on December 30, 2014.

II. DISCUSSION

As an initial matter, the Court notes that the Individual Defendants have disavowed attempting to assert those affirmative defenses that the Court had already considered and rejected in its March 30 Opinion – namely, defenses based on the first sale doctrine and fair use.  In their opening brief, the Individual Defendants represented that they were "only seeking to assert, obtain

3

discovery, and litigate defenses not already decided by the Court," and that they did not seek to "relitigate the issues already decided in the partial summary judgment order." (ID Mem. at 1 n.1.) Furthermore, in their reply brief, the Individual Defendants made no attempt to refute Plaintiffs' argument that the Individual Defendants' had effectively waived their right to assert affirmative defenses based on first sale and fair use. (Opp. at 4.)[1]

Accordingly, the only issue before the Court is whether the Individual Defendants are barred from asserting affirmative defenses that ReDigi *could have raised* in opposition to Plaintiffs' motion for summary judgment but did not. The parties have briefed whether a variety of preclusion doctrines – res judicata, collateral estoppel, and law of the case – operate to bar the Individual Defendants from raising affirmative defenses that ReDigi effectively waived. While these preclusion doctrines do not precisely apply to the circumstances at issue here, the Court concludes that the Individual Defendants nonetheless waived the defenses that ReDigi failed to assert. Accordingly, for the reasons set forth below, the Court finds that the Individual Defendants are barred from asserting these defenses now.

A. Res Judicata, Collateral Estoppel, and Law of the Case

Plaintiffs assert that some combination of res judicata, collateral estoppel, and law of the case precludes the Individual Defendants from raising affirmative defenses that ReDigi could have raised in opposition to Plaintiffs' motion for summary judgment. However, none of these doctrines fits the circumstances present here.

Under res judicata, "a final judgment on the merits of an action precludes the parties or

_____

[1] Even if the Individual Defendants *did* attempt to assert the affirmative defenses of fair use or the first sale doctrine, the Court would reach the same conclusion set forth in its March 30 Opinion with respect to these defenses.

their privies from relitigating issues that were or could have been raised in that action." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (citations and internal quotation marks omitted).  The Second Circuit has held that res judicata "does not speak to direct attacks in the same case, but rather has application in subsequent actions." *Rezzonico v. H&R Block, Inc.*, 182 F.3d 144, 148 (2d Cir. 1999); *see also Goodheart Clothing Co., Inc. v. Laura Goodman Enter., Inc.*, 962 F.2d 268 (2d Cir. 1992); *Tomasino v. Estee Lauder Co., Inc.*, 2015 WL 1470177, at *1 (E.D.N.Y. Mar. 31, 2015) (concluding that "res judicata does not apply" because "the supposedly preclusive order arose in the same case – and not a previous action").  Here, the opinion that would potentially have preclusive effect, the March 30 Opinion, arose in this case and not in a previous action.  Accordingly, res judicata cannot apply to the March 30 Opinion to preclude the Individual Defendants from raising defenses that ReDigi waived.

Collateral estoppel "prevents parties or their privies from relitigating in a *subsequent* action an issue of fact or law that was fully and fairly litigated in a *prior proceeding*." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002) (emphasis added).  For collateral estoppel to apply, the issue must have been "actually litigated and decided in the previous proceeding," and resolution of the issue must have been "necessary to support a valid and final judgment on the merits." *Id.* at 288-89.  Here, not only does the March 30 Opinion not come from a prior proceeding, the issues that Plaintiffs seek to bar – affirmative defenses that ReDigi could have but did not raise – were never litigated.  Accordingly, collateral estoppel cannot bar the Individual Defendants from raising defenses that ReDigi did not assert.

Finally, the doctrine of "law of the case" provides that "when a court decides upon a rule of law, that decision should generally continue to govern the same issues in subsequent stages in

5

the same case." *Rezzonico*, 182 F.3d at 148 (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). The Second Circuit has held that the law of the case doctrine does not apply when an issue was never squarely presented or decided. *Stichting Ter Behartiging Van de Belangen Van Oudaandeelhounders In Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber*, 407 F.3d 34, 44-45 (2d Cir. 2005). Once again, because ReDigi did not press the affirmative defenses that Plaintiffs seek to preclude, the Court did not pass upon them. Accordingly, the law of the case doctrine cannot bar the Individual Defendants from raising them.

### B. Waiver

Of course, the fact that res judicata, collateral estoppel, and law of the case do not apply to the affirmative defenses at issue here does not end the inquiry. Rule 8(c) of the Federal Rules of Civil Procedure requires that a party, in responding to a pleading, must expressly state any affirmative defenses it contemplates asserting. Failure to plead an affirmative defense in an answer makes it untimely, and therefore subject to waiver. *See, e.g.*, *Saks v. Franklin Covey Co.*, 316 F.3d 337 (2d Cir. 2003). Prohibiting a party from pursuing affirmative defenses that were not timely raised furthers one of the goals of Rule 8(c), which is to prevent unfair prejudice by giving the adverse party notice that a particular defense may be pursued. Nevertheless, "[n]otwithstanding a defendant's failure to timely plead [an affirmative] defense, a district court may still entertain affirmative defenses at the summary judgment stage in the absence of undue prejudice to the plaintiff, bad faith or dilatory motive on the part of the defendant, futility, or undue delay of the proceedings." *Dessert Beauty, Inc. v. Fox*, 617 F. Supp. 2d 185, 191 (S.D.N.Y. 2007) (quoting *Saks*, 316 F.3d at 350); *see also Rose v. AmSouth Bank of Fla.*, 391 F.3d 63, 65 (2d Cir. 2004).

A court may also deem an affirmative defense to have been waived, despite being pleaded

in the party's answer, if the party does not press it in its summary judgment papers. *See Summit Health, Inc. v. APS Healthcare Bethesda, Inc.*, 993 F. Supp. 2d 379, 397 (S.D.N.Y. 2014). Similarly, "[f]ederal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way." *Taylor v. City of New York*, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003).

Here, the Individual Defendants have asserted thirty defenses in their Answer to the Second Amended Complaint (Doc. No. 163) and Plaintiffs seek to preclude the Individual Defendants from raising twelve of them (Opp. at 14).[2]  Five of those affirmative defenses – the second, eleventh, twelfth, fifteenth, and twenty-first – are premised on the principles of fair use and first sale, which, as discussed above, the Court has already rejected in its March 30 Opinion, and the Individual Defendants have now disavowed any attempt to reassert.  Two affirmative defenses are ones that ReDigi raised in its original Answer (Doc. No. 6) – the essential step defense under section 117 of the Copyright Act (sixteenth defense) and the safe harbor defense under section 512 of the Digital Millennium Copyright Act (twentieth defense) – but ultimately abandoned at summary judgment after Plaintiffs opposed them (Doc. No. 49 at 18-23).  Five more affirmative defenses are ones that ReDigi never raised in its original answer (*see* Doc. No. 6) – estoppel (fifth defense), waiver (sixth defense), unclean hands (seventh defense), laches (twenty-second defense), and consent (twenty-third defense).

Were ReDigi to attempt to assert any of these twelve affirmative defenses at this juncture, the Court would have wide latitude to deny them as having been waived because they were not

---

[2] Plaintiffs do not challenge the following eighteen affirmative answers – the first, third, fourth, eighth, ninth, tenth, thirteenth, fourteenth, seventeenth, eighteenth, nineteenth, twenty-fourth, twenty-fifth, twenty-sixth, twenty-seventh, twenty-eighth, twenty-ninth, or thirtieth – and accordingly the Court does not address them.

initially pleaded or were abandoned when ReDigi did not oppose them in response to Plaintiffs'

summary judgment briefing.  Furthermore, it is clear that permitting ReDigi to assert them now

would unduly prejudice Plaintiffs, who have already litigated the issue of copyright infringement

through the summary judgment stage, and unduly delay the proceedings, which have been ongoing

since January 2012.  *See, e.g.*, *Wilkins v. Time Warner Cable, Inc.*, 10 F. Supp. 3d 299, 313

(N.D.N.Y. 2014) (prohibiting defendant from asserting an affirmative defense that was not timely

raised because reopening discovery to permit plaintiff to defend against this defense would delay

resolution of the case); *Hightower v. Nassau Cnty. Sheriff's Dep't*, 325 F. Supp. 2d 199, 205-06

(E.D.N.Y. 2004) (prohibiting defendant from asserting an untimely affirmative defense because it

would unduly prejudice plaintiff).  The question remains, of course, whether ReDigi's waiver and

abandonment of these affirmative defenses should be imputed to the Individual Defendants – that

is, whether ReDigi and the Individual Defendants were in privity when ReDigi waived and

abandoned these affirmative defenses.

The doctrine of privity, in its modern form, provides that two parties can have a

"sufficiently close relationship" that it is judicially efficient to impute conduct in or outcomes from

one party in a litigation to the other.  *See Central Hudson Gas & Elec. Corp. v. Empresa Naviera*

*Santa S.A.*, 56 F.3d 359, 368 (2d Cir. 1995).  The Second Circuit has instructed district courts to

apply the "doctrine of privity . . . with flexibility" for the purposes of finding preclusion, and that

the inquiry "depends on whether, under the circumstances, the interests of the nonparty were

adequately represented."  *Amalgamated Sugar Co. v. NL Indus., Inc.*, 825 F.2d 634, 640 (2d Cir.

1987).  The interests of an officer, director, or shareholder of a corporation are "adequately

represented" by the corporation, such that "a judgment against a corporation bars later litigation

8

on the same cause of action by [that individual,] if the individual participated in and effectively controlled the earlier case." *In re Teltronics Servs., Inc.*, 762 F.2d 185, 191 (2d Cir. 1985) (citing *Kreager v. Gen. Elec. Co.*, 497 F.2d 468, 472 (2d Cir. 1974)).  The Second Circuit has held that an individual "participated in and effectively controlled" an earlier case when the individual was the "founder, president, chairman of the board, and a substantial shareholder in [the corporation]," was the sole witness for the corporation at the hearing on its motion for preliminary injunction, and took action on the corporation's behalf in connection with its litigation. *Teltronics*, 762 F.2d at 191.  Similarly, in *Kreager*, the Second Circuit held that an individual officer was in privity with the corporation where he "was present in court throughout the [earlier litigation], attended conferences in chambers and was the corporation's principal witness." *Kreager*, 497 F.2d at 472.

Here, the Individual Defendants hardly contest that they are in privity with ReDigi.  Their opening brief addresses the issue in a single footnote, and when they do address it, it is largely to dissuade the Court from even reaching the issue.  (ID Mem. at 1 n.1 (arguing that "[t]he Court need not reach the privity issue"); *see also* ID Rep. at 2 (asserting that "the Court need not even reach the privity issue").)  When the Individual Defendants do challenge privity, they do so solely on the grounds that Plaintiffs "ha[ve] not produced any evidence [demonstrating] that [the] Individual Defendants controlled the prior litigation, which is [their] burden to carry."  (ID Mem. at 1 n.1.)  The Court disagrees, and finds that Plaintiffs have more than adequately met their burden of establishing privity between the Individual Defendants and ReDigi.

In their brief supporting their motion to dismiss, the Individual Defendants identified themselves as the "founding owners of ReDigi," with Ossenmacher serving as the Chief Executive Officer, and Rudolph functioning as the Chief Technology Officer.  (Doc. No. 127 at 4.)  At the

December 2, 2013 conference, counsel for ReDigi acknowledged that "[p]rimarily . . . John Ossenmacher and Larry Rudolph" gave him "direction as to how the corporate defendant should be pursuing this case." (Doc. No. 146, Transcript of Oral Argument, dated Dec. 2, 2013, 9:13-18.) Indeed, the Individual Defendants were the only individuals identified in ReDigi's initial disclosures as persons with knowledge of the matters in dispute, the only witnesses who submitted declarations to oppose Plaintiffs' motion for a preliminary injunction, and the main witnesses who submitted declarations as part of ReDigi's summary judgment briefing. (Opp. at 6.) The Individual Defendants have also been present at every deposition and every hearing pertaining to the preliminary injunction, summary judgment, and mediation. (*Id.*) In light of these uncontested representations, the Court has little difficulty concluding that the Individual Defendants "participated in and effectively controlled" ReDigi's prior litigation of this case, such that they are in privity with ReDigi concerning the affirmative defenses it waived or abandoned. Since it is clear that the interests of the Individual Defendants were more than adequately represented by ReDigi up through the Court's summary judgment ruling, it is equally clear that preclusion of the defenses waived or abandoned by ReDigi is appropriate with respect to the Individual Defendants as well. *See, e.g.*, *Teltronics*, 762 F.2d at 191.

C.  Due Process

The Individual Defendants maintain that if the Court bars them from raising affirmative defenses that ReDigi waived or abandoned, "the Court will have both violated Federal Rule of Civil Procedure 15 and the Individual Defendants' due process rights." (ID Mem. at 20.) To support this argument, the Individual Defendants contend that they are virtually identical to the individual plaintiff in *Nelson v. Adams USA, Inc.*, 529 U.S. 460 (2000). In that case, a defendant

had secured a judgment of costs and fees against a one-person corporation at trial.  Concerned that it might not be able to collect on its judgment, the defendant concurrently moved under Rule 15 to amend its pleading to add the individual behind the corporation, Nelson, as a party and moved under Rule 59(e) to amend the fee award to make Nelson personally liable.  *Id.* at 464.  The district court granted both motions, "simultaneously making Nelson a party and subjecting him to a judgment."  *Id.*  The Supreme Court held that Nelson's rights were violated because he "was never afforded a proper opportunity to respond to the claim against him[;] he was adjudged liable the very first moment his personal liability was legally at issue."  *Id.* at 468.  The Supreme Court emphasized that due process afforded Nelson "the right to contest on the merits his personal liability for fees originally sought and awarded solely against [the corporate entity]."  *Id.* at 472.

Obviously, the Individual Defendants here do not remotely resemble Nelson.  They have never been "adjudged liable," let alone from "the very first moment [their] personal liability was legally at issue."  Indeed, they have been parties to this case since August 30, 2013 (Doc. No. 118) and they have *still* not been found liable for anything as they continue to litigate to this day. Furthermore, denying the Individual Defendants the opportunity to raise affirmative defenses that ReDigi waived during summary judgment briefing does not take away their "right to contest on the merits [their] personal liability," since (1) Plaintiffs still must demonstrate that the Individual Defendants are personally liable for ReDigi's infringement, *see Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 437 (S.D.N.Y. 2011), and (2) Plaintiffs have not been awarded any damages against ReDigi.  Accordingly, the Court rejects the Individual Defendants' contention that denying them the ability to raise affirmative defenses that ReDigi waived would violate their due process rights. *See Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1233 (2d Cir. 1977) (holding

that the doctrine of privity satisfies due process); *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 346 (2d Cir. 1995) (same); *see, e.g.*, *Teltronics*, 762 F.2d at 191 (implicitly concluding that a corporate entity's conduct in a litigation can be imputed to an officer, director, or shareholder without violating due process); *Kreager*, 497 F.2d at 472 (same).

III. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT the Individual Defendants are precluded from raising affirmative defenses that ReDigi previously waived or abandoned.  As a result, the Individual Defendants' motion to compel Plaintiffs' compliance with discovery requests that pertain to defenses that the Individual Defendants cannot assert is DENIED.

IT IS FURTHER ORDERED THAT, by September 9, 2015, the parties shall submit either (1) a joint letter apprising the Court of whether further discovery is necessary, (2) if the parties contemplate moving for summary judgment, pre-motion letters in accordance with the Court's Individual Practices, or (3) a joint letter apprising the Court of the parties' availability for trial. SO ORDERED.

Dated:   August 27, 2015
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE