UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

CAPITOL RECORDS, LLC, CAPITOL      :      12 Civ. 0095 (RJS)
CHRISTIAN MUSIC GROUP, INC. and
VIRGIN RECORDS IR HOLDINGS, INC.,      :

               Plaintiffs,      :

     -against-      :

     :

REDIGI INC., JOHN OSSENMACHER and
LARRY RUDOLPH a/k/a LAWRENCE S.      :
ROGEL,
     :

               Defendants.
-------------------------------------------------------------- X

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTIONS *IN LIMINE*

## TABLE OF CONTENTS

OPPOSITION TO MOTION IN LIMINE No. 1 re INNOCENT INFRINGEMENT AND WILLFULNESS .................................................................................................................1

I.  Plaintiffs' Arguments with Respect to Innocent Infringement and Willfulness are Improper Motions for Summary Judgment .............................................................1

II.  Defendants Should Not Be Precluded From Arguing Innocent Infringement ..........2

A.  Section 402(d) Does Not Bar Arguments Concerning Innocent Infringement ........2

B.  This Court's Summary Judgment Decision Does Not Preclude Defendants' Innocent Infringement Defense .............................................................................4

III.  Defendants Should Not Be Precluded From Arguing To The Jury that Any Infringement Was Not Willful ..............................................................................5

OPPOSITION TO MOTION IN LIMINE No. 2 re OPINIONS OF COUNSEL .................9

OPPOSITION TO MOTION IN LIMINE No. 3 re FAIR USE AND LICENSING ..........9

I.  Fair Use Was Not Addressed with Respect to Recordings that Were Only Offered For Sale ...............................................................................................................9

II.  Licensing Was Not Addressed with Respect to Recordings that Were Only Offered For Sale ............................................................................................................12

MOTION IN LIMINE NO. 4 - OWNERSHIP ...............................................................13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arcliehtz and Films Pvt. Ltd. v. Video Palace Inc.,*
    303 F. Supp. 2d 356 (S.D.N.Y. 2003).................................................................................8

*Arden v. Columbia Pictures Indus., Inc.,*
    908 F. Supp. 1248 (S.D.N.Y. 1995).............................................................................13

*BMG Music v. Gonzalez,*
    430 F.3d 888 (7th Cir. 2005) ..........................................................................................3

*Bowers v. Nat'l Collegiate Athletic Ass'n,*
    563 F.Supp.2d 508 (D.N.J.2008) .............................................................................1, 2

*Bryant v. Media Rights Productions, Inc.,*
    603 F.3d 135 (2d. Cir. 2010)...........................................................................................7

*Capitol Records, Inc. v. Naxos of Am., Inc.,*
    4 N.Y.3d 540, 830 N.E.2d 250 (2005)..........................................................................13

*Cayuga Indian Nation of NY. v. Pataki,*
    79 F. Supp. 2d 78 (N.D.N.Y. 1999).................................................................................7

*DC Comics, Inc. v. Reel Fantasy, Inc.,*
    696 F.2d 24 (2d Cir. 1982).............................................................................................11

*Dumas v. Dagl,*
    88-cv-2293, 1990 WL 258343 (S.D.N.Y. May 22, 1990) ........................................8

*Dynamic Sols., Inc. v Planning & Control, Inc.,*
    646 F Supp. 1329 (S.D.N.Y. 1986)...............................................................................13

*Electra Entm't Grp. Inc. v. McDowell,*
    06-cv-115 (CDL), 2007 WL 3286622 (M.D. Ga. Nov. 6, 2007)..............................3

*Entral Grp. Int'l. LLC v. YHLC Corp.,*
    05-cv-1912, 2007 U.S. Dist. LEXIS 90684 (E.D.N.Y. Dec. 10, 2007)....................9

*Fitzgerald Publ'g Co.. Inc. v. Baylor Publ'g Co., Inc.,*
    807 F.2d 1110 (2d Cir. 1986)......................................................................................7, 8

*Fonar Corp. v. Domenick,*
    105 F.3d 99 (2nd Cir.1997)...........................................................................................14

*Gucci Am.. Inc. v. Duty Free Apparel. Ltd.*,
   315 F. Supp. 2d 511,520 (S.D.N.Y. 2004)..............................................................7

*Innovative Networks v. Satellite Airlines Ticketing Ctrs.*,
   871 F. Supp. 709 (S.D.N.Y. 1995)........................................................................3

*Intl. Media Films, Inc. v Lucas Entertainment, Inc.*,
   703 F Supp. 2d 456 (S.D.N.Y. 2010)...................................................................14

*Island Software & Computer Serv., Inc. v. Microsoft Corp.*,
   413 F.3d 257 (2d Cir. 2005).................................................................................5

*Keane Dealer Servs., Inc. v. Harts*,
   968 F. Supp. 944 (S.D.N.Y. 1997).....................................................................12

*Lyons P'ship, L.P. v. AAA Entm't Inc.*,
   98-cv-0475, 1999 WL 1095608 (S.D.N.Y. Dec. 3, 1999)........................................8

*Malibu Media, LLC v. Does 1*,
   12-cv-2078, 2013 WL 1702549 (E.D. Pa. Mar. 6, 2013) ........................................3

*Maverick Recording Co. v. Harper*,
   598 F.3d 193 (5th Cir. 2010) ..........................................................................2, 3

*Palmieri v. Defaria*,
   88 F.3d 136 (2d Cir.1996)..................................................................................1

*Pavone v. Puglisi*,
   08-cv-2389-MEA, 2013 WL 245745 (S.D.N.Y. Jan. 23, 2013)...........................1, 2

*SEC v. Retail Pro, Inc.*,
   08-cv-1620, 2011 WL 589828 (S.D. Cal. Feb. 10, 2011).......................................7

*Shady Records, Inc. v. Source Enterprises, Inc.*,
   03-cv-9944, 2005 WL 14920 (S.D.N.Y. Jan. 3, 2005)..........................................11

*U.S. Media Corp. v. Edde Entm't Corp.*,
   94-cv-4849, 1998 WL 401532 (S.D.N.Y. July 17, 1998)....................................8, 9

*U.S. Media Corp. v. Edde Enm't, Inc.*,
   94-cv-4849, 1996 WL 520901 (S.D.N.Y. Sept. 10, 1996) ..................................6, 7

*Weiss v. La Suisse, Societe D'Assurances Sur La Vie*,
   293 F.Supp.2d 397 (S.D.N.Y.2003)....................................................................1

**Statutes**

17 USC § 402(d) ........................................................................................2, 3, 4

17 USC § 504(c)(2)..................................................................................................................3, 5

**OPPOSITION TO MOTION IN LIMINE No. 1 re INNOCENT INFRINGEMENT
AND WILLFULNESS**

I.     **Plaintiffs' Arguments with Respect to Innocent Infringement and Willfulness are
Improper Motions for Summary Judgment**

Plaintiffs' first motion *in limine* seeks judgment in its favor regarding its willfulness

claim and Defendants' innocent infringement defense. Similarly, Plaintiffs' third motion *in*

*limine* seeks judgment concerning Defendants' fair use and license defense and Plaintiffs' fourth

motion *in limine* seeks a finding, as a matter of law, that Plaintiffs own every track at issue. A

motion *in limine* is not the proper vehicle to request judgment on a claim or defense.

The purpose of a motion *in limine* is to facilitate an efficient trial "by enabling the Court

to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are

definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v.*

*Defaria*, 88 F.3d 136, 141 (2d Cir.1996); *Weiss v. La Suisse, Societe D'Assurances Sur La Vie*,

293 F.Supp.2d 397, 407 (S.D.N.Y.2003). A motion *in limine* "is not a proper vehicle for a party

to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense,

because '[t]hat is the function of a motion for summary judgment, with its accompanying and

crucial procedural safeguards.'" *Pavone v. Puglisi*, 08-cv-2389-MEA, 2013 WL 245745 at *1

(S.D.N.Y. Jan. 23, 2013) (quoting *Bowers v. Nat'l Collegiate Athletic Ass'n*, 563 F.Supp.2d 508,

532 (D.N.J.2008)). Indeed, if Plaintiffs wanted to preclude Defendants from raising a defense at

trial "because there was no genuine issue of material fact as to them, then [they] should not have

filed a motion *in limine* on the eve of trial, but instead should have filed a summary judgment

motion." *Pavone*, 2013 WL 245745, at *2.

The "crucial procedural safeguards that accompany summary judgment motions, are not

mere formalities; they help ensure the accurate resolution of claims as a matter of law." *Id.*; *see*

1

*Bowers*, 563 F.Supp.2d at 532. As such, parties "cannot evade the procedural requirements of Rule 56 by offering arguments for summary judgment in a motion *in limine*." *Pavone*, 2013 WL 245745, at *2. When a Court considers a motion for summary judgment under the guise of a motion *in limine* it is appropriate to require the movant to file "Rule 56.1 statements" with "undisputed facts and memoranda of law." *Id*.

Here, Defendants have pled the affirmative defenses of innocent infringement, fair use and license and Plaintiffs' have pled willful infringement and, as detailed below, bear the burden of establishing ownership of each track at issue. Now, on the eve of trial, Plaintiffs boldly ask the Court to find that there are no disputes of fact with respect to each of these issues. A motion *in limine* is simply not the proper vehicle to request judgment on a claim or defense, especially where, as here, the claim and defense concern quantum of damages, and the Plaintiffs strategically elected not to place such issue in their summary judgment motion.

## II.     Defendants Should Not Be Precluded From Arguing Innocent Infringement

### A.     Section 402(d) Does Not Bar Arguments Concerning Innocent Infringement

Plaintiffs' arguments with respect to Section 402(d) of the copyright act and innocent infringement should be rejected because Plaintiffs fail to: (1) identify any evidence regarding its alleged placing of copyright notice on phonorecords; (2) identify any evidence regarding each of the Defendants' access to such phonorecords; and (3) demonstrate the applicability of § 402(d) in the context of digital music. Plaintiffs' failures preclude judgment in their favor on the issue of innocent infringement.

A party may be barred from presenting an innocent infringement defense "[i]f a notice of copyright in the form and position specified by this section appears on the published phonorecord or phonorecords to which a defendant in a copyright infringement suit had access."

2

17 USC § 402(d). Before a Section 402(d) bar applies, a plaintiff must have affixed the required statutory notice on all phonorecords at issue. Indeed, the statute expressly requires the placing of such notices on phonorecords and access to such phonorecords. The cases Plaintiffs cite in support of their argument do not find otherwise. In each, the court made a factual finding establishing that the copyright holder affixed the correct notice on all the phonorecords at issue. *See BMG Music v. Gonzalez*, 430 F.3d 888, 892 (7th Cir. 2005) ("It is undisputed that [plaintiff] gave copyright notice as required - on the surface of the phonorecord, or on the phonorecord label or container"); *Maverick Recording Co. v. Harper*, 598 F.3d 193 (5th Cir. 2010) ("The district court acknowledged that Plaintiffs provided proper notice on each of the published phonorecords from which the audio files were taken."). Here, the court made no such factual finding. Instead, the question as to whether Plaintiffs affixed the proper statutory notice each of the phonorecords at issue remains open and disputed. Where questions of fact remain, it would be improper to strike Defendants' "innocent infringer" defense. *See Malibu Media, LLC v. Does 1*, 12-cv-2078, 2013 WL 1702549, at *2 (E.D. Pa. Mar. 6, 2013) (denying plaintiff's motion to strike innocent infringer defense because it would be improper to do so where there remained an open question as to whether plaintiff attached proper copyright notices to its works). Where a question of fact exists as to whether defendant had access to the notice of copyright, defendant is entitled to a jury determination of the proper amount of statutory damages under 17 USC § 504(c)(2). *See Electra Entm't Grp. Inc. v. McDowell*, 06-cv-115, 2007 WL 3286622, at *2 (M.D. Ga. Nov. 6, 2007) (finding a question of fact concerning access precluded judgment); *Innovative Networks v. Satellite Airlines Ticketing Ctrs.*, 871 F. Supp. 709, 721 (S.D.N.Y. 1995) ("A finding of innocent infringement primarily is a factual determination").

3

Further, as a threshold matter, Plaintiffs have failed to establish that Section 402(d) is even applicable in the circumstances of this case. In *Malibu*, the court noted the unsettled law regarding the applicability of a Section 402(d) bar in a suit involving internet file-sharing. 2013 WL 1702549 at *2. Further, in denying *certiorari* in *Maverick*, Justice Alito recognized that "[t]here is a strong argument that § 402(d) does not apply in a case involving the downloading of digital music files." *Maverick*, ——U.S. ——, ——, 131 S.Ct. 590, 590–91, 178 L.Ed.2d 511 (2010) (Alito, J., dissenting from the denial of certiorari). Put simply, digital copies that were arguably accessible to Defendants, and were allegedly copied by Defendants, were not published phonographs that bore a copyright notice. As such, Section 402(d) is inapplicable.

B.     This Court's Summary Judgment Decision Does Not Preclude Defendants'
       Innocent Infringement Defense

Plaintiffs seek to preclude Defendants from submitting any evidence or argument that they believe is inconsistent with facts allegedly established on summary judgment. The issues decided by the Court on summary judgment concerned direct copyright infringement, contributory infringement and vicarious liability, all "***incident to sales***." D.I. 109, 3/30/13 Opinion, p. 10. Plaintiffs never argued that the mere uploading of songs to ReDigi's servers, or storage of them on ReDigi's servers, was actionable infringement. Indeed, Plaintiffs ***did not even dispute*** that such acts constitute "fair use." *See Id.* Nevertheless, Plaintiffs subsequently amended their Complaint to assert infringement with respect to approximately 230 new tracks that were never sold through ReDigi's system. These tracks were never "copied" incident to a sale. The Court's summary judgment decision did not concern the issue of liability with respect to these songs. Given the express and implied licenses from iTunes, and Plaintiffs' previous failure to dispute the "fair use" exception in this context, it is likely a jury will not find infringement. Of course, to the extent infringement is found, such infringement would be "innocent infringement."

4

With respect to songs that were actually sold through ReDigi's system, the Court's summary judgment opinion did not address the issue of "innocent infringement." Indeed, following summary judgment, Plaintiffs informed the Court that they would again be moving "for summary judgment on the innocent infringement defense." December 23, 2014 Hr. Tr. 34:24 - 35:1, D.I. 146. Plaintiffs never followed through on their threatened motion. But now they argue that "innocent infringement" was somehow decided in the original summary judgment order. That is simply not true. The Court made clear when addressing the subjective knowledge of ReDigi, that it "will not create a subjective, good faith defense to contributory liability's objective knowledge requirement." *See* D.I. 109, 3/30/13 Opinion, p. 16. As such, contrary to Plaintiffs' current assertion, the Court did not make a finding that the Defendants' infringement is not "innocent infringement."

## III.   Defendants Should Not Be Precluded From Arguing To The Jury that Any Infringement Was Not Willful

There has been no finding that Defendants acted willfully for the purpose of assessing statutory damages within the meaning of 17 USC §504(c)(2).

A determination of "willfulness" requires finding: "(1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005). Where there is no conclusive evidence of actual knowledge, and questions of fact remain as to whether defendants were willfully blind, plaintiffs are not entitled to summary judgment on the question of willfulness. *Id.*

As an initial matter, the Court's summary judgment decision did not address Defendants' knowledge or belief with respect to recordings that were uploaded to Redigi's servers but never

sold, because those recordings were not at issue in plaintiffs' motion. Thus, there has been no finding that such mere uploads were "infringement" let alone an express finding that such uploads were willful infringement. As such, at best, Plaintiffs' characterizations of the summary judgment decision and its implications only apply to recordings that were actually sold.

With respect to the recordings actually sold, plaintiffs argue that the Court's findings in its summary judgment decision lead inexorably to the conclusion that Defendants engaged in "willful" copyright infringement as that term is used in section 504(c) of the Copyright Act. The Court, however, never explicitly characterized Defendants' conduct as "willful," and never addressed the issue of willful infringement. Plaintiffs did not seek summary judgment on the issue of willful infringement. Accordingly, Defendants have not been accorded an opportunity to present evidence rebutting Plaintiffs' claim of willful infringement. Indeed, the issue of willfulness and the particular facts concerning willfulness as it pertains to songs merely uploaded and never sold would have been an inappropriate basis for summary judgment. *See U. S. Media Corp. v. Edde Enm't, Inc.*, 94-cv-4849, 1996 WL 520901, at *7 (S.D.N.Y. Sept. 10, 1996) (recognizing that willfulness requires an analysis of an infringer's "state of mind" and "is not usually susceptible to summary judgment").

In addressing the knowledge required for contributory infringement in its SJ Decision, the Court noted that the knowledge requirement is "'objective' and satisfied where Defendants knew or had reason to know of the infringing activity." *See* D.I. 109, 3/30/13 Opinion, p. 16. Notably, the Court did not assess the particular state of mind of each of the Defendants because it was not required. *See id.* (refusing to create a subjective defense to contributory infringement). In contrast to the knowledge at issue on summary judgment, "a determination as to willfulness requires assessment of a party's state of mind, a factual issue that is not usually susceptible to

summary judgment ….” *U.S. Media*, 1996 WL 520901, at *7. Since the summary judgment decision did not consider an assessment of each Defendant's "state of mind," the summary judgment decision did not, and could not, decide the issue of willfulness as a matter of law. Where, as here, different legal issues, with different standards, are presented to a jury, the underlying factual statements in a summary judgment opinion should not be treated as established. *See SEC v. Retail Pro, Inc.*, 08-cv-1620, 2011 WL 589828, at *3 (S.D. Cal. Feb. 10, 2011) (denying motion *in limine*, noting that "the Court declines to enter an order pursuant to Rule 56(g) requiring the facts stated in Plaintiff's motion be treated as established in the jury trial … due to the differing legal standards at issue in the claims decided on summary judgment and those which remain to be decided by the jury") (internal citation omitted); *Cayuga Indian Nation of NY. v. Pataki*, 79 F. Supp. 2d 78, 86-87 (N.D.N.Y. 1999) (denying motion *in limine* to preclude relevant evidence on law of the case grounds where prior ruling "most decidedly was not one of damages" and "the law of the case doctrine does not mandate the conclusion that [prior pronouncements] are binding in this entirely different damage context").

Further, the jury will be charged with determining the amount of statutory damages to which Plaintiffs are entitled within the broad range Congress authorized for such infringements, *i.e.*, between $750 and $30,000 or between $750 and $150,000, per infringement. *See* 17 U.S.C. § 504(c). In determining damages, a jury may properly consider, *inter alia*, defendants' "state of mind," as well as "the conduct and attitude of the parties." *See Bryant v. Media Rights Productions, Inc.*, 603 F.3d 135, 144 (2d. Cir. 2010). The first factor that the jury must consider in assessing statutory damages refers to the question of "whether the defendant's conduct was innocent or willful." *i.e.*, the infringer's state of mind. *See Gucci Am.. Inc. v. Duty Free Apparel. Ltd.*, 315 F. Supp. 2d 511,520 (S.D.N.Y. 2004). But the analysis does not end with the

determination of which descriptive (willfulness or innocent) applies. *See Fitzgerald Publ'g Co.. Inc. v. Baylor Publ'g Co., Inc.*, 807 F.2d 1110, 115 (2d Cir. 1986) (""[I]t is possible in the same action for a plaintiff not to be able to prove a defendant's willfulness, and, at the same time, for the defendant to be unable to show that it acted innocently"). In assessing statutory damages, the jury must also consider the "degree of willfulness." *Dumas v. Dagl*, 88-cv-2293, 1990 WL 258343, at *7 (S.D.N.Y. May 22, 1990); *see U.S. Media Corp. v. Edde Entm't Corp.*, 94-cv-4849, 1998 WL 401532, at *18 (S.D.N.Y. July 17, 1998) ("T]he pertinent considerations in deciding the amount of [a statutory damages] award encompass both the degree of the defendant's culpability and the extent of the injury caused. Among the relevant factors are the degree of willfulness or innocence of the defendant...."); *Lyons P'ship, L.P. v. AAA Entm't Inc.,* 98-cv-0475, 1999 WL 1095608, at *10 (S.D.N.Y. Dec. 3, 1999) (recognizing that "the degree of willfulness in the infringing conduct" is a factor in assessing statutory damages).

Thus, even if the infringements attributed to defendants were willful (they were not), Defendants nonetheless must be accorded the right to present to the jury the very evidence that Plaintiffs seek to exclude. That evidence bears directly upon the degree of willfulness or "bad faith," so that the jury, in its "broad discretion," properly may reach a just determination of the precise measure of statutory damages to award Plaintiffs. *See Arcliehtz and Films Pvt. Ltd. v. Video Palace Inc.*, 303 F. Supp. 2d 356, 362 (S.D.N.Y. 2003). There is nothing in the summary judgment decision, or settled law that precludes Defendants from presenting evidence to the jury that would shed light on the degree of their alleged "willfulness," a factor central to its determination of statutory damages.

**OPPOSITION TO MOTION IN LIMINE No. 2 re OPINIONS OF COUNSEL**

Defendants do not seek to introduce any opinion of counsel that was not produced during discovery. In their Motion, Plaintiffs point to no exhibit that could be excluded on this basis. This should end the inquiry because there is nothing to exclude.

To the extent Plaintiffs' motion could be read to seek to preclude Defendants from presenting evidence of "good faith", Plaintiffs motion should be denied. Indeed, as detailed above, the degree to which a defendant acted in "good faith" or "bad faith" presents a factual issue that the jury may weigh in determining damages. See *Entral Grp. Int'l. LLC v. YHLC Corp.*, 05-cv-1912, 2007 U.S. Dist. LEXIS 90684, at \*9-\*10 (E.D.N.Y. Dec. 10, 2007). This must be so, as the Copyright Act provides such a broad range of awards for willful infringement, spanning \$750 to \$150,000. In light of the range of permissible awards, it is self-evident that a jury must consider the degree to which all of the relevant factors apply to the facts at issue. *See U.S. Media Corp.*, 1998 WL 401532, at \*18.

**OPPOSITION TO MOTION IN LIMINE No. 3 re FAIR USE AND LICENSING**

**I.     Fair Use Was Not Addressed with Respect to Recordings that Were Only Offered For Sale**

Opposing Plaintiffs' motion for summary judgment, ReDigi argued that uploading to and downloading from the Cloud Locker for storage and personal use are protected fair use; Capitol agreed. *See* D.I. 109, 3/30/13 Order, p. 10. Capitol instead asserted that "uploading to and downloading from the Cloud Locker incident to sale fall outside the ambit of fair use," and the Court agreed. *See id.*

Section 107 of the Copyright Act, provides that the "fair use of a copyrighted work, including such use by reproduction in copies or phonorecords . . . is not an infringement of copyright." *See* 17 U.S.C. §107. To determine fair use a finder of fact should consider, inter alia:

(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work.

*See* D.I. 109, 3/30/13 Order, p. 7.

The Court has determined that works uploaded and sold through the ReDigi website are not protected by fair use because, among other reasons, "ReDigi and the uploading user directly profit from the sale of a digital music file, and the downloading user saves significantly on the price of the song in the primary market." *See* 3/30/13 Opinion, p. 10. Additionally, the Court found that "the product sold in 'ReDigi's secondary market is indistinguishable from that sold in the legitimate primary market. . . . The clear inference is that ReDigi will divert buyers away from that primary market." *See id*.

These findings, however, were not directed to works uploaded to the Cloud Locker that were thereafter merely offered for sale and never sold. That category of works was not part of the Complaint, and thus not at issue, when the summary judgment decision was rendered. Importantly, the Court recognized that copying incident to uploading was not disputed to be fair use. *See* D.I. 109, 3/30/13 Order, p. 7. The later "offering for sale" of tracks previously uploaded under the "fair use" exception cannot be an act of infringement. *Id.* at 8, n. 6. Indeed, prior to an actual sale being consummated, the only individual with the ability to listen to or download a track is the individual who uploaded the track (*i.e.*, the actual owner of that track). Thus, the only manner in which a track offered for sale may be "used" prior to sale is identical to the manner in which a track not offered for sale may be used. Further, even if these two separate acts, uploading and offering for sale -- completed at two separate times -- were considered by a finder of fact to be a single act, offering the track for sale provides no profit to the seller (or ReDigi), no

savings to a putative purchaser, and no alleged diversion of buyers away from the primary

market. In these circumstances, an analysis of "fair use" would be markedly different than that for

tracks merely uploaded to a user's Cloud Locker. There can be no dispute that the Court did not

undertake that analysis with respect to tracks that were merely uploaded and never sold.

Accordingly, the issue remains undecided and should be presented to the jury. *See DC Comics,*

*Inc. v. Reel Fantasy, Inc.,* 696 F.2d 24, 28 (2d Cir. 1982) (recognizing fair use factors "raise

essentially factual issues [and] are normally questions for the jury.").

   The jury may find that the later offer for sale would not retroactively obviate the fair use

defense otherwise applicable to that upload. To the extent a user uploaded a song to her Cloud

Locker and then, while retaining her ability to listen to the song in question, decided to offer that

song for sale, but did not consummate a sale, the jury should be allowed to consider Redigi's fair

use defense. *See DC Comics Inc. v. Reel Fantasy, Inc.*, 696 F.2d 24, 28 (2d Cir. 1982) ("The fair

use defense turns not on hard and fast rules but rather on an examination of the facts in each

case. The four factors listed in Section 107 raise essentially factual issues and, as the district

court correctly noted, are normally questions for the jury.") (internal quotation omitted); *Shady*

*Records, Inc. v. Source Enterprises, Inc.,* 03-cv-9944, 2005 WL 14920, at *17 (S.D.N.Y. Jan. 3,

2005) ("The four factors "raise essentially factual issues [and] are normally questions for the

jury") (denying summary judgment motion and leaving "any ultimate determination as to the

merits of a fair use defense to the fact finder.")

   In an effort to avoid adjudication of Redigi's "fair use" defense with respect to the tracks

that were never sold, Plaintiffs' rely on the Court's prior orders. However, the Court's

endorsement of order, D.I. 186, supports Defendants' position, finding that "Plaintiffs may

introduce evidence about recordings that were uploaded to the ReDigi server and offered for

sale. The jury may then decide what, if any, damages are appropriate for such recordings." The endorsement order did not preclude Defendants from asserting a fair use defense. Nor did the Court's decision on Plaintiffs' motion to amend the Complaint, or any statement made at the hearing thereon, decide the issue of fair use. Indeed, in contesting Plaintiffs' motion, Defendants argued that it would be futile to allow Plaintiffs to amend the Complaint because uploading was protected by "fair use". D.I. 188. Although the Court allowed Plaintiffs to amend the Complaint to assert infringement against tracks that were never sold, the Court did not grant summary judgment with respect to these newly added tracks at the time it allowed the amendment, or any time thereafter. D.I. 146 at 20-22. Indeed, the standard with respect to amendments, which are freely granted, and summary judgment, which requires "no dispute of material fact", are vastly different. To date, there has been no briefing, no evidentiary hearing, and no argument directed to the issue of whether fair use applies to songs that were uploaded, used solely for the enjoyment of the uploading individual, and were offered for sale.

Simply put, there are a small number of tracks that were actually sold; the remaining tracks are just stored in User Cloud Lockers and available only to the individual who uploaded them for personal use -- which is fair use, as Capitol admits, and iTunes permits.

## II.    Licensing Was Not Addressed with Respect to Recordings that Were Only Offered For Sale

ReDigi is entitled to argue to the jury that the works uploaded to the Cloud Locker and offered for sale (but not sold) cannot be subject to statutory damages because any "reproduction" of such works was subject to either an express or implied license. "[A] nonexclusive license may be . . . implied from conduct . . . In fact consent given in the form of mere permission or lack of objection is also equivalent to a nonexclusive license and is not required to be in writing." *Keane Dealer Servs., Inc. v. Harts*, 968 F. Supp. 944, 947 (S.D.N.Y. 1997). Here, ReDigi's customers,

*i.e.*, the track owners, had an express or implied license to store their music in multiple locations by Plaintiffs and/or iTunes, and such activities were encouraged by both Plaintiffs and iTunes. At the time of summary judgment, the only tracks at issue were those that were actually sold. An express or implied license defense does not apply to those tracks. However, Defendants should be allowed to argue to the jury that the defense applies to tracks that were offered for sale but not sold. Indeed, Plaintiffs' attempt to tactically add new theories of liability following summary judgment and then requesting judgment with respect to those new theories as part of a motion *in limine* is procedurally improper and highly prejudicial. No judgment should be granted in the absence of a full opportunity for Defendants to present their defenses.

## MOTION IN LIMINE NO. 4 - OWNERSHIP

In order to succeed on a claim of copyright infringement, a copyright owner must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Arden v. Columbia Pictures Indus., Inc.,* 908 F. Supp. 1248, 1257 (S.D.N.Y. 1995) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991)); *see Capitol Records, Inc. v. Naxos of Am., Inc.*, 4 N.Y.3d 540, 563, 830 N.E.2d 250, 266 (2005) (A copyright infringement cause of action in New York consists of two elements: (1) the existence of a valid copyright; and (2) unauthorized reproduction of the work protected by the copyright).

While an *admissible* certificate of registration from the United States Copyright Office is *prima facie* proof that the claimed copyright is valid and that the *registrant* is its legitimate owner, here many of the registrations at issue, even if admitted at trial, are not in the name of any of the Plaintiffs. *See Dynamic Sols., Inc. v Planning & Control, Inc.*, 646 F Supp. 1329, 1337 (S.D.N.Y. 1986). Instead, the vast majority of the certificates of registrations for the sound

recordings at issue are admittedly in the name of third parties. For each of these tracks Plaintiffs argue that this Court must find ownership as a matter of law on the basis of a self-serving interpretation of numerous agreements that were only recently produced by Plaintiffs. However, the proffered license agreements are often silent with respect to the identity of tracks assigned, and ambiguous, at best, with respect to the tracks covered. Further, the chain of custody with respect to the ownership of the tracks in question is often broken in a manner that makes Plaintiffs proof severely lacking.

As but one example, Trial Exhibit 39 identifies 156 tracks (recordings 197-353) that were allegedly exclusively licensed from a "foreign affiliate copyright owner." Trial Exhibit 39, at 14-22. For each recording, Trial Exhibit 39 identifies a purported copyright owner. *Id.* For example, for recording 197, Trial Exhibit 39 identifies Virgin France, div. of EMI Music France. *Id.* at 14. The declaration submitted in support of Defendants' motions *in limine* alleges that an exclusive license was granted to Capitol by virtue of a Matrix Exchange Agreement ("MEA"). D.I. 196 at ¶ 15. However, the signatory to the MEA agreement is EMI Musical International, but EMI Music International is not listed as the copyright claimant for a single one of the 156 tracks. Trial Exhibit 81 at CAP001586, CAP001644. Unless (i) Capitol can establish that EMI Musical International obtained the right to grant an exclusive license for each identified track, or (ii) Capitol can establish that the true copyright owner has agreed to be bound by the MEA agreement, Capitol will be unable to establish ownership of the recordings at issue. It is Plaintiffs' burden to prove that they are the owners or exclusive licensees of a valid copyright for the sound recordings they claim in this action. *Fonar Corp. v. Domenick*, 105 F.3d 99, 103 (2nd Cir.1997). If they are unable to do so, their claim for damages on that track must fail.

14

A "transferee plaintiff in a copyright infringement action must prove that the copyright was properly transferred to the plaintiff." *Intl. Media Films, Inc. v Lucas Entertainment, Inc.*, 703 F Supp. 2d 456, 463 (S.D.N.Y. 2010) (internal citations omitted). To the extent Plaintiffs are unable to provide admissible evidence that they own a valid copyright in and to certain sound recordings they claim were infringed, these tracks must be excluded as a matter of law. Plaintiffs will have failed to satisfy their burden of proof on the first and most essential element of their claims for copyright infringement.

Put simply, Plaintiffs' declaration in support of their motion *in limine* does not and cannot lead to the conclusion that ownership has been established for each track as a matter of law. Plaintiffs have requested a jury trial. Ownership, and all other undecided factual issues, is for the jury to decide. Of course, to the extent the issue of ownership is not disputed with respect to certain specific recordings Defendants will attempt to reach agreement with Plaintiffs regarding such recordings prior to trial.

Dated: March 18, 2016                      By: */s/ Mark S. Raskin*
                                           Mark S. Raskin
                                           New York State Bar No. 3989100
                                           Robert A. Whitman
                                           Vincent Filardo, Jr.
                                           Michael S. DeVincenzo
                                           MISHCON DE REYA NEW YORK LLP
                                           Two Park Avenue, 20th Floor
                                           New York, NY 10016
                                           mark.raskin@mishcon.com
                                           robert.whitman@mishcon.com
                                           vincent.filardo@mishcon.com
                                           michael.devincenzo@mishcon.com

                                           *Attorneys for Defendants ReDigi Inc.,*
                                           *John Ossenmacher, and Larry Rudolph a/k/a*
                                           *Lawrence S. Rogel*

                                           ADELMAN MATZ P.C.

                                           Gary Philip Adelman, Esq.
                                           Sarah Matz, Esq.
                                           1173A Second Ave, Suite 153
                                           New York, NY 10065
                                           Tel: (646) 650-2207
                                           Fax: (646) 650-2108
                                           g@adelmanmatz.com
                                           sarah@adelmanmatz.com

                                           Attorneys for Defendant ReDigi Inc.