UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
CAPITOL RECORDS, LLC, CAPITOL : 12 Civ. 0095 (RJS)
CHRISTIAN MUSIC GROUP, INC. and
VIRGIN RECORDS IR HOLDINGS, INC., :

                Plaintiffs, :

 -against- :

REDIGI INC., JOHN OSSENMACHER and :
LARRY RUDOLPH a/k/a LAWRENCE S.
ROGEL, :

                Defendants.
------------------------------------------------------------- X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6·3·16

### STIPULATED FINAL JUDGMENT
### SUBJECT TO RESERVATION OF RIGHT OF APPEAL

WHEREAS, on January 6, 2012, Capitol Records, LLC ("Capitol") commenced this action (the "Action") against ReDigi Inc. ("ReDigi"), alleging that aspects of the ReDigi music service, which asserted that it provided an online marketplace for among other things the alleged "re-sale" of digital music files, constituted copyright infringement of Capitol's sound recordings under the United States Copyright Act and the common law of the State of New York; and

WHEREAS, on March 30, 2013, the Court issued a Memorandum and Order in the Action (ECF No. 109) granting Capitol's motion for summary judgment finding ReDigi directly and secondarily liable for copyright infringement based on the unauthorized reproduction and distribution of Capitol's sound recordings (the "Summary Judgment Order"); and

WHEREAS, on August 30, 2013, Capitol filed a First Amended Complaint in the Action adding ReDigi's founders, John Ossenmacher ("Ossenmacher") and Larry Rudolph a/k/a Lawrence S. Rogel ("Rudolph"), as additional defendants; and

WHEREAS, on October 30, 2014, Capitol, Capitol Christian Music Group, Inc. ("CCMG") and Virgin Records IR Holdings, Inc. ("Virgin") filed a Second Amended Complaint in the Action adding CCMG and Virgin as additional plaintiffs; and

WHEREAS, on November 2, 2015, the Court entered an order approving a joint conditional stipulation as to the individual liability of Ossenmacher and Rudolph for copyright infringement; and

WHEREAS, the Court has scheduled a trial for April 11, 2016 in order to determine the amount of damages to which Capitol, CCMG and Virgin (collectively, "Plaintiffs") are entitled against ReDigi, Ossenmacher and Rudolph (the "ReDigi Parties") for the copyright infringement claims previously adjudicated in the Summary Judgment Order; and

WHEREAS, in order to avoid the expense and burden of a damages trial, while reserving Defendants' right to appeal the Summary Judgment Order, the parties have agreed to enter into this Stipulated Conditional Final Judgment to fix the amount of damages and the form of an injunction and permit the parties to proceed to an appeal of the Summary Judgment Order.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the parties hereto and over the subject matter in issue, and venue is proper in this District.

2. In the interest of efficiency and judicial economy, Plaintiffs and the ReDigi Parties agree to stipulate to the amount of damages set forth in paragraph 4 below and the form of a final injunction set forth in paragraph 5 below in order to permit this case to proceed to an appeal of the Summary Judgment Order. The relief awarded in paragraphs 4 and 5 below is expressly conditioned on the ReDigi Parties' reservation of their right of appeal as set forth in

paragraph 3 below.

3. The parties stipulate that the the ReDigi Parties have expressly reserved their right on appeal to challenge solely the judgment of liability for copyright infringement as addressed in the Summary Judgment Order and no other rulings or orders in this case. If the judgment of liability for copyright infringement is reversed or vacated on appeal, wholly or partially, this Stipulated Final Judgment shall be set aside to the extent inconsistent with any such decision on appeal or ruling of this Court on remand. For the purpose of clarity, to the extent the question of the ReDigi Parties' liability for copyright infringement is reversed, reversed in part, or vacated and remanded, in whole or in part, both the damages award and the injunction will be set aside to the extent inconsistent with such a ruling. Otherwise, the parties agree that the provisions of this Stipulated Final Judgment, including the award of damages and injunction set forth in paragraphs 4 and 5, shall be fully binding on all parties. Enforcement of this Stipulated Conditional Final Judgment shall not be stayed pending appeal.

4. Subject to paragraphs 2-3 above, the parties stipulate that the amount of damages awarded to Plaintiffs against the ReDigi Parties jointly and severally shall be three million five hundred thousand dollars ($3,500,000). For purpose of this judgment, the amount of damages is stipulated to be an equal amount for each recording Plaintiffs have accused Defendants of infringing.

5. Subject to paragraphs 2-3 above, the ReDigi Parties and any of their respective officers, agents, servants, representatives, directors, affiliates, employees, successors, assigns and licensees and any other entities which the ReDigi Parties control, to the extent such persons or entities are working under the ReDigi Parties' control, and all persons or companies in active concert or participation with any of them or acting on their behalf, are permanently enjoined and

restrained from directly engaging in the United States or assisting others in engaging in the United States in the unauthorized sale, offering for sale, or distribution, or reproduction facilitating such sale, offer for sale or distribution, of any copyrighted sound recordings or musical compositions owned by Plaintiffs, UMG Recordings, Inc. or any of their parents, subsidiaries, affiliated or related companies, divisions or record labels (collectively, "UMG Content"), or any other direct or secondary infringement of the copyrights in UMG Content in the United States, including, without limitation, by operating, offering, using or otherwise exploiting the services known as ReDigi 1.0 and ReDigi 2.0..

6. The parties agree that costs (other than attorneys' fees) shall not be awarded. However, Plaintiffs shall have the right under this Judgment to move for an award of attorneys' fees, provided that the amount of such fees to be sought by Plaintiffs shall be capped at not more than five hundred thousand dollars ($500,000) and the ReDigi Parties shall retain the right to oppose any such motion for an award of attorneys' fees. Nothing contained herein shall have any effect on the right of Plaintiffs or the ReDigi Parties to seek an award of attorneys' fees in connection with the appeal of this Stipulated Conditional Final Judgment or any future proceedings in the District Court that may occur following the entry of this Stipulated Conditional Final Judgment.

7. This Court shall retain continuing jurisdiction over the parties to this Stipulated Conditional Final Judgment and over the subject matter of the Action for the purposes of interpreting and enforcing the terms of this Stipulated Final Judgment, subject to the ReDigi Parties' right of appeal set forth above

AGREED AS TO FORM AND SUBSTANCE:

COWAN, LIEBOWITZ & LATMAN, P.C.

By: _____
Richard S. Mandel
114 West 47th Street
New York, New York 10036
(212) 790-9200

Attorneys for Plaintiffs

CAPITOL RECORDS, LLC

By: _____
Name: Alasdair J. McMullan
Title: Head of Litigation

CAPITOL CHRISTIAN MUSIC GROUP, INC.

By: _____
Name: Alasdair J. McMullan
Title: Head of Litigation

VIRGIN RECORDS IR HOLDINGS, INC.

By: _____
Name: Alasdair J. McMullan
Title: Head of Litigation

MISHCON DE REYA NEW YORK LLP

By: _____
Mark S. Raskin
Two Park Avenue, 20th Floor
New York, New York 10016
(212) 612-3270

ADELMAN MATZ, P.C.

By: _____
Gary P. Adelman
1173A Second Ave., Suite 153
New York, New York, 10065
(646) 650-2207

Attorneys for Defendants

REDIGI INC.

By: John Ossenmacher
Name:
Title: President

_____
JOHN OSSENMACHER

_____
LARRY RUDOLPH a/k/a
LAWRENCE S. ROGEL

APPROVED AND ORDERED this 3rd day of June, 2016

_____
RICHARD J. SULLIVAN, U.S.D.J.