UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
CAPITOL RECORDS, LLC, CAPITOL : 12 Civ. 0095 (RJS)
CHRISTIAN MUSIC GROUP, INC. and
VIRGIN RECORDS IR HOLDINGS, INC., :

                      Plaintiffs, :

   -against- :

REDIGI INC., JOHN OSSENMACHER and
LARRY RUDOLPH a/k/a LAWRENCE S. :
ROGEL,
                                                                        :

                    Defendants.
------------------------------------------------------------------ X

## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN
## SUPPORT OF MOTION FOR ATTORNEYS' FEES

 

COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, New York 10036-6799
(212) 790-9200

Attorneys for Plaintiffs Capitol Records, LLC,
Christian Music Group, Inc. and Virgin Records IR
Holdings, Inc.

29503/003/2931404.1

Plaintiffs Capitol Records, LLC, Capitol Christian Music Group, Inc. and Virgin Records IR Holdings, Inc. (collectively, "Plaintiffs") respectfully submit this reply memorandum in further support of their motion for attorneys' fees under Section 505 of the Copyright Act, 17 U.S.C. § 505.

Defendant ReDigi Inc. ("ReDigi"), which is no longer represented by counsel in the post-appeal District Court proceedings, submitted no response to Plaintiffs' motion. Defendants Ossenmacher and Rogel, appearing *pro se*, submitted letters in which they requested that the Court stay any further proceedings with respect to Plaintiffs' fee application until the Second Circuit ruling is "final" and beyond any further appeal. However, because the Second Circuit has issued its mandate, its order is already final under Fed. R. App. P. 41(c). See 1998 Adv. Committee Notes to Fed. R. App. P. 41(c) ("A court of appeals' judgment or order is not final until issuance of the mandate; at that time the parties' obligations become fixed."). Defendants never sought to stay the Second Circuit's mandate pending a petition for certiorari pursuant to Fed. R. App. P. 41(d), and thus should not now be permitted to treat the Second Circuit's ruling as something less than final just because they may seek Supreme Court review.

In any event, the finality of the underlying proceedings is irrelevant to a motion for attorneys' fees, which is collateral to the decision on the merits and can thus proceed irrespective of any further appellate proceedings. See Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 225 (2d Cir. 2004) ("notwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters, including claims for attorneys' fees"). Thus, if Defendants truly believed "that there are significant shortcomings and infirmities in the arguments and evidence that Plaintiffs have submitted with their motion for fees," as Mr. Ossenmacher claims in his letter (Docket No. 324), then now was the time to come forward with such arguments. Instead, Defendants seek to

29503/003/2931404.1

reserve the right to make such unspecified arguments at some later time "even if Plaintiffs do ultimately prevail in the case." Id. The reality is that Plaintiffs have already prevailed in the case, and the District Court's summary judgment ruling has been unanimously affirmed. Because Defendants have failed to offer any substantive arguments in response to Plaintiffs' fees motion, the Court should grant the motion for the reasons set forth in detail in Plaintiffs' moving papers.

## CONCLUSION

For the foregoing reasons and those set forth in Plaintiffs' moving papers, Plaintiffs' motion for an award of attorneys' fees should be granted.

Dated: New York, New York
April 22, 2019

Respectfully submitted,

COWAN, LIEBOWITZ & LATMAN, P.C.

By: _____
Richard S. Mandel
Jonathan Z. King

114 West 47th Street
New York, New York 10036
(212) 790-9200

Attorneys for Plaintiffs Capitol Records, LLC, Christian Music Group, Inc. and Virgin Records IR Holdings, Inc.

2

## CERTIFICATE OF SERVICE

      I hereby certify that on April 22, 2019, I caused a true and correct copy of the foregoing Plaintiffs' Reply Memorandum of Law in Support of Motion for Attorneys' Fees to be served on Defendants John Ossenmacher and Lawrence Rogel by first class mail, postage prepaid, addressed as follows:

            John Ossenmacher
            102 NE 2nd Street, No. 261
            Boca Raton, FL 33432

            Lawrence Rogel
            115 Stedman St.
            Brookline, MA  02446

                                          Richard S. Mandel

29503/003/2931404.1