UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, LLC, CAPITOL CHRISTIAN MUSIC GROUP, INC. and VIRGIN RECORDS IR HOLDINGS, INC., <br><br> Plaintiffs, <br><br> -v- <br><br> REDIGI INC., JOHN OSSENMACHER and LARRY RUDOLPH a/k/a LAWRENCE S. ROGEL, <br><br> Defendants. | No. 1:12-cv-95 (RJS) <br> ORDER |

RICHARD J. SULLIVAN, Circuit Judge:

Before the Court is Plaintiffs' request for $514,421.53 in attorneys' fees pursuant to the Court's prior Order granting in part and denying in part Plaintiffs' request for attorneys' fees under 17 U.S.C. § 505. (Doc. Nos. 319, 329). For the reasons set forth below, the Court awards $514,355.38 in fees.

## BACKGROUND

Capitol Records, LLC ("Capitol"), Capitol Christian Music Group, Inc., and Virgin Records IR Holdings, Inc. (collectively, "Plaintiffs") sued ReDigi Inc. ("ReDigi") and its "founding owners" Larry Rudolph (also known as "Lawrence S. Rogel") and John Ossenmacher (collectively, "Defendants") for copyright infringement. *See Capitol Recs., LLC v. ReDigi Inc.*, 934 F. Supp. 2d 640, 645 (S.D.N.Y. 2013). Plaintiffs alleged that the Defendants infringed on Plaintiffs' reproduction and distribution rights for numerous digital music files. *See id.* at 646–47. In 2013 and 2016, the Court granted summary judgment motions in favor of Plaintiffs. *See id.* at 645. The Second Circuit affirmed these decisions on December 12, 2018. *See Capitol Recs., LLC v. ReDigi Inc.*, 910 F.3d 649, 664 (2d Cir. 2018). The Court presumes the parties' familiarity with

the other relevant facts and procedural history of the case, which are set out more fully in the Court's March 30, 2013 Opinion, *see ReDigi*, 934 F. Supp. 2d at 644–47, as well as its April 7, 2022 Order granting in part Plaintiffs' request for fees (the "Fees Order"). (Doc. No. 328).

The Fees Order awarded Plaintiffs attorneys' fees for "certain proceedings before this Court in connection with the parties' cross-motions for summary judgment, for fees incurred after the Court's March 30, 2013 summary judgment opinion, and for fifteen percent of Plaintiffs' fees incurred on appeal." (Doc. No. 328 at 23.) As directed by the Court, Plaintiffs submitted an accounting of those fees on May 6, 2022. (Doc. No. 329.) Defendants, however, declined to submit a response, which was due on June 6, 2022.

In an action brought under 17 U.S.C. § 101, a district court may "award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. There is "no precise rule or formula" for determining the appropriateness or magnitude of attorneys' fees under section 505. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) (internal quotation marks omitted). Instead, courts must exercise their "equitable discretion" when awarding these fees, *id.*, which they typically do pursuant to a four-factor test. (Doc. No. 328 at 6–7 (citing *Fogerty*, 510 U.S. at 534 n.19).)

After concluding a party is entitled to attorneys' fees, a court determines the "presumptively reasonable fee" to which that party is entitled by multiplying a reasonable hourly rate for each attorney by the reasonable number of hours he or she expended on the case. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 189–90 (2d Cir. 2008). This procedure is referred to as the "lodestar method." *McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006). Under the lodestar method, a court must first set a "reasonable hourly rate" for each attorney and staff member, keeping in mind all case-specific variables, such as each member's years of practice, expertise in the areas of law at

issue in the case, and prior work experience. *Merck Eprova AG v. Brookstone Pharms., LLC*, No. 09-cv-9684 (RJS), 2013 WL 3146768, at *1 (S.D.N.Y. June 10, 2013). Second, the court must determine the number of hours each attorney reasonably expended. *Id.* Third, it must multiply the reasonable hourly rate by the number of hours reasonably expended to determine the "presumptively reasonable fee." *Id.* At its core, this method "boils down to [asking] what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks omitted).

## DISCUSSION

Having concluded that Plaintiffs are entitled to attorneys' fees for parts of the district court litigation and the appeal, the Court must now determine whether the specific recovery sought by Plaintiffs is reasonable. (Doc. No. 328.) Based on the Fees Order, Plaintiffs identify $593,110.33 worth of fees incurred in district court litigation that are eligible for reimbursement under the Fees Order (Doc. No. 329 at 10), and they request reimbursement for $500,000 of this work – the maximum amount that Plaintiffs may seek under the parties' joint stipulation (Doc. No. 178 at ¶ 6). Because the stipulated cap covers only fees incurred in the district court, Plaintiffs seek an additional $14,421.53 based on the Court's decision to award them fifteen percent of the cost of their appeal. (Doc. No. 329 at 10.)

As an initial matter, the Court notes that the Defendants did not respond to Plaintiffs' records of the fees they incurred, despite the Court's having given them the opportunity to respond by June 6, 2022. As a result, "any complaints or arguments they may have had on the subject are therefore abandoned." *EMA Fin., LLC v. 5Barz Int'l, Inc.*, No. 18-cv-4995 (VEC), 2019 WL 8503357, at *11 (S.D.N.Y. Sept. 18, 2019) (citing *Jackson v. Fed. Exp.*, 766 F.3d 189, 198 (2d

3

Cir. 2014)); *see also Legacy Agency, Inc. v. Scoffield*, No. 20-cv-5771 (JGK), 2021 WL 5332295, at *3 (S.D.N.Y. Nov. 15, 2021) (rejecting a respondent's argument the other party should not receive attorneys' fees when that argument is "untimely"). Accordingly, the Court treats Plaintiffs' motion as unopposed and grants their requests except when they conflict with the law or practice of courts in this Circuit.

A. **Hourly Rates**

To determine if a proposed hourly rate is reasonable, "courts compare it to prevailing market rates 'for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Whitehead v. Mix Unit, LLC*, No. 17-cv-9476 (VSB) (JLC), 2019 WL 384446, at *5 (S.D.N.Y. Jan. 31, 2019) (quoting *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998)). Plaintiffs propose the following hourly rates for each of their attorneys and staff members, which reflect that some of the attorneys increased their hourly rates during the course of litigation:

- Richard Mandel: $500–550 per hour;
- Jonathan King: $475–545 per hour;
- Thomas Kjellberg: $405–435 per hour;
- Scott Ceresia: $260–310 per hour;
- Nart-Anong Chinda: $215–230 per hour;
- Simon Gerson: $595 per hour;
- Robert Giordanella: $491 per hour;
- Mark Montague: $555 per hour;
- Bridget Crawford: $270 per hour;
- Ryan Ghiselli: $260 per hour;
- Ignacio Duran: $200 per hour;
- Sarah Guldan: $225 per hour;
- Sandy Lubin: $220 per hour;
- George Diaz: $230 per hour;
- Martin Noble: $215 per hour.

(Doc. No. 329 at 1–3.)

1. **Richard Mandel & Jonathan King**

Plaintiffs propose an hourly rate for Mr. Mandel ranging between $500 and $550 per hour.

(Doc. No. 329 at 1–2.) Mr. Mandel graduated in 1985 from New York University Law School and "had nearly thirty years of experience as a litigator focusing on intellectual property, including copyright law, as of the commencement of this case." (Doc. No. 329 at 2.) He is a partner at Cowan, Liebowitz & Latman, P.C. ("Cowan"). (Doc. No. 329 at 2.) In this District, partners working on copyright law cases make between $400 to $750 per hour, depending on their experience in copyright law and their overall time spent practicing. *See Latin Am. Music Co., Inc. v. Spanish Broad. Sys., Inc.*, No. 13-cv-1526 (RJS), 2020 WL 2848232, at *5 (S.D.N.Y. June 1, 2020) (collecting cases). Partners with comparable experience practicing intellectual property law have been awarded more than what Plaintiffs request for Mr. Mandel. *See, e.g.*, *Broad. Music, Inc. v. Pamdh Enters., Inc.*, No. 13-cv-2255 (KMW), 2014 WL 2781846, at *6–7 (S.D.N.Y. June 19, 2014) (approving an hourly rate of $570 for a partner with fifteen years' experience in copyright law); *Sub-Zero, Inc. v. Sub Zero NY Refrigeration & Appliances Servs., Inc.*, No. 13-cv-2548 (KMW), 2014 WL 1303434, at *8–9 (S.D.N.Y. Apr. 1, 2014) (approving a rate of $785 per hour for a "senior partner" in a copyright and intellectual property practice group with thirty-eight years of practice experience). Further, while Plaintiffs' proposed rates for Mr. Mandel changed over the course of the case, each successively higher rate was reasonable in light of Mr. Mandel's additional experience over time and general price inflation in the legal market. Accordingly, the Court finds that the proposed fees for Mr. Mandel of $500 to $550 per hour are reasonable for an attorney with Mr. Mandel's experience.

Plaintiffs request an hourly rate of $475 to $545 per hour for Mr. King. (Doc. No. 329 at 2.) Mr. King graduated from Harvard Law School in 1991 and had "more than twenty years of experience as a litigator in the intellectual property field, including copyright, as of the time of this case." (Doc. No. 329 at 2.) He is also a partner at Cowan. (Doc. No. 329 at 2.) As with Mr.

Mandel, Mr. King's proposed rates are well within the ranges of similarly experienced litigators who work on copyright cases, and each successively higher fee rate that Mr. King charged as the case progressed was reasonable in light of Mr. King's additional experience and general inflation. Accordingly, the Court holds that the proposed rates between $475 and $545 are reasonable for Mr. King.

### 2. **Thomas Kjellberg**

Plaintiffs also seek compensation for the fees incurred by Thomas Kjellberg, a counsel at Cowan.  (Doc. No. 329 at 2.)  Mr. Kjellberg is a 1998 graduate of Fordham Law School "with extensive experience in copyright law." (Doc. No. 329 at 2.)  His billing rate ranges between $405 and $435 per hour.  (Doc. No. 329 at 2.)  Plaintiffs provide no information on Mr. Kjellberg's experience aside from the year of his graduation and undetailed assertions about his experience. (Doc. No. 329 at 2.)  The Court notes, however, that records of the New York State Unified Court System show he was admitted to the bar in 1999.  *See Whitehead*, 2019 WL 384446, at *5 (taking judicial notice of an attorney's admission date provided in records of the New York State Unified Court System to calculate reasonable attorney fees).  The work he performed on this case began in July 2012, when Mr. Kjellberg had been a member of the bar for at least thirteen years.  (Doc. No. 329 at 4.)  Courts in this District have awarded hourly rates between $461 and $505 in complex copyright cases for "second, third, and fourth-year associates," let alone far more experienced attorneys with the title "counsel," such as Mr. Kjellberg.  *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 57 (S.D.N.Y. 2015).  Accordingly, the Court finds his proposed hourly rate of $405 to $435 to be reasonable.

### 3. **Other Associates & Paralegals**

Plaintiffs seek compensation for work conducted by Scott Ceresia, a then-associate at Cowan.  (Doc. No. 329 at 2.)  Mr. Ceresia is a 2008 graduate of New York University Law School.

6

(Doc. No. 329 at 3.) Plaintiffs' proposed billing rate for his work on the brief supporting their motion for summary judgment is $260 per hour. (Doc. No. 329 at 4.) Plaintiffs' proposed billing rate for his work increases to $270, $285, and $310 per hour for work performed later in the case. (Doc. No. 329 at 3). Generally, courts in this District have approved billing rates for law firm associates "in the range of $200 to $450 per hour" depending on the associate's experience. *Genger v. Genger*, No. 14-cv-5683 (KBF), 2015 WL 1011718, at *2 (S.D.N.Y. Mar. 9, 2015); *see also Dweck v. Amadi*, No. 10-cv-2577 (RMB) (HBP), 2012 WL 3020029, at *4 n.5 (S.D.N.Y. July 6, 2012) (collecting cases approving rates between $180 and $440 per hour for associates). For copyright infringement cases, courts in this District have awarded "hourly rates averaging $461 to $505 for second, third, and fourth-year associates." *Beastie Boys*, 112 F. Supp. 3d at 56; *see also Latin Am. Music Co.*, 2020 WL 2848232 (capping $465 per hour as an associate's rate on a copyright action). Though Plaintiffs' motion does not specify Mr. Ceresia's experience in copyright cases in particular, the Court notes that the New York State Unified Court System shows he was admitted to the bar in early 2009, so he was a third- or fourth-year associate when he worked on the Plaintiffs' brief supporting their motion for summary judgment motion in July 2012. (Doc. No. 329 at 4.) An hourly rate of $260 is below what courts in this District have awarded third- or fourth-year associates working on federal copyright cases. *See Beastie Boys*, 112 F. Supp. 3d at 57. Additionally, the later rate increases for his work are commensurate with his progressively increasing experience. Accordingly, the Court finds the proposed rates for Mr. Ceresia's services to be reasonable.

Plaintiffs also seek compensation for the work of Nart-Anong Chinda, then a paralegal at Cowan. (Doc. No. 329 at 3.) Ms. Chinda worked at Cowan for "several years," and Plaintiffs' proposed rate for her work ranges between $215 and $230 per hour. (Doc. No. 329 at 3.) Ms.

7

Chinda's proposed rate exceeds the rates generally approved for paralegals working on copyright cases in this District. *See Latin Am. Music Co.*, 2020 WL 2848232, at *7 ("[J]udges in the Southern District of New York have generally found hourly rates of $150 to $200 to be reasonable for paralegals in copyright cases."); *see also Beastie Boys*, 112 F. Supp. 3d at 57 (reducing the fee for experienced paralegals on a copyright infringement case to $200 per hour). Accordingly, the Court reduces the rate at which Plaintiffs will be compensated for Ms. Chinda's work to $200 per hour, a rate that is appropriate in light of the typical range of rates deemed reasonable for paralegals, the case's complexity, and Ms. Chinda's several years of experience.

4. **Other Attorneys and Paralegals with Inadequate Information**

Plaintiffs also request reimbursement for the work of other attorneys and legal staff members, but they provide scant information about these persons' experience and credentials. They are attorneys Simon Gerson, Robert Giordanella, Mark Montague, Bridget Crawford, and Ryan Ghiselli (Doc. No. 329 at 3), as well as paralegals Ignacio Duran, Sarah Guldan, Sandy Lubin, and George Diaz, and other legal staff members such as Martin Noble (Doc. No. 329 at 3, Doc. No. 329-1 at 27).

The "fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Courts have responded to a prevailing party's failure to provide adequate information supporting the reasonableness of a fees request in a number of ways. Among other courses of action, they have employed an across-the-board percentage reduction in the rates requested because of "inadequate proof of the reasonableness of the hourly rate charged," *General Electric Co. v. Compagnie Euralair, S.A.*, No. 96-cv-0884 (SAS), 1997 WL 397627, at *6 (S.D.N.Y. July 3, 1997), or reduced rates from ones that might be deemed reasonable if adequate

documentation were provided to ones that are much closer to the lower end of a reasonable range of billing rates, *see, e.g.*, *Phat Fashions LLC v. Blue Max Corp.*, No. 01-cv-3933 (KMW) (RLE), 2005 WL 1221838, at *3 (S.D.N.Y. May 2, 2005); *see also Protection One Alarm Monitoring, Inc. v. Executive Protection One Security Service, LLC*, 553 F. Supp. 2d 201, 209 (E.D.N.Y. 2008) (reducing hourly rates from $375 to $300 and $275 to $200 because "counsel has failed to provide information regarding the experience level of the attorneys").

To account for Plaintiffs' inadequate submissions, the Court reduces the hourly rates for the aforementioned legal team members to the lower end of what might be deemed – based on the limited information Plaintiffs provide – a reasonable range of rates. For the attorneys mentioned above, Plaintiffs did not provide any information about their education or experience. They called two of the attorneys in question "associates," but did not clarify the position of the other attorneys, referring to them only as "lawyers." (Doc. No. 329 at 3.) Only one of these attorneys, Mark Montague, whom Plaintiffs refer to as a "patent lawyer," appears to have experience in intellectual property law. (Doc. No. 329 at 3.) Two others are described as "corporate lawyers," and the rest are described only as "associates." (Doc. No. 329 at 3.) In light of the absence of crucial details, and because the burden of demonstrating entitlement to fees rests with Plaintiffs, the Court assumes that these "lawyers" and "associates" were all first-year generalist associates with limited experience. *Cf. Prot. One Alarm Monitoring*, 553 F. Supp. 2d at 209 ("Where the moving party fails to provide information on the attorneys' and paralegals' backgrounds and experience, courts have used their discretion to award fees at a rate lower than requested."). Accordingly, the Court finds that an hourly rate of $200 per hour is reasonable as it is in line with the lower end of hourly rates for general associates in this District. *See id.*; *Genger v. Genger*, No. 14-cv-5683 (KBF), 2015 WL 1011718, at *2 (S.D.N.Y. Mar. 9, 2015). For Mr. Montague, the Court awards Plaintiffs

9

$461 per hour, in line with the lower end of fee ranges in this District for intellectual property associates. *See Beastie Boys*, 112 F. Supp. 3d at 57 (identifying a range of rates of "$461 to $505 for second, third, and fourth-year associates").

Similarly, Plaintiffs provide no information about the experience of the aforementioned paralegals working on their case. Accordingly, the Court sets these paralegals' hourly rate at $90 per hour, which is the lower end of the range of paralegal fees in this District. *See Themis Cap. v. Democratic Republic of the Congo*, No. 09-cv-1652 (PAE), 2014 WL 4379100, at *8 (S.D.N.Y. Sept. 4, 2014) (finding that "the caselaw reflects that paralegal billing rates of between $90 and $125 are more in line with the prevailing market rates in this District").

### B. Hours Expended

After determining a reasonable hourly fee, the Court must also ensure the reasonableness of the number of hours billed. *See Arbor Hill*, 522 F.3d at 189–90. To do this, courts consider the "contemporaneous time records . . . that specify, for each attorney, the date, hours expended, and nature of the work done," and evaluate the reasonableness of this time expenditure based on the court's "own familiarity with the case . . . and [the court's] experience generally." *Mugavero v. Arms Acres, Inc.*, No. 03-cv-5724 (PGG), 2010 WL 451045, at *6 (S.D.N.Y. Feb. 9, 2010) (internal quotation marks omitted). When assessing the prevailing party's proposed billing, courts may make deductions for a variety of reasons including vague billing entries or "block billing" methods that "impede[] the Court's ability to conduct a meaningful review of the hours requested." *Fisher v. Aetna Life Ins. Co.*, No. 16-cv-144 (RJS), 2020 WL 5898788, at *10 (S.D.N.Y. Oct. 5, 2020) (internal quotation marks omitted). Where a district court identifies hours that are "excessive, redundant, or otherwise unnecessary, . . . the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a

fee application." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation marks and citations omitted); *see also Francois v. Mazer*, 523 F. App'x 28, 29 (2d Cir. 2013) (explaining that a district court "need not set forth item-by-item findings concerning what may be countless objections to individual billing items" (internal quotation marks and citations omitted)).

1. **Unreliable Records**

"Requested fees must be supported with contemporaneous time records establishing for each attorney for whom fees are sought, the date on which work was performed, the hours expended, and the nature of the work done." *Sprint Commc'ns Co. L.P. v. Chang*, No. 13-cv-3846 (RA), 2014 WL 6611484, at *6 (S.D.N.Y. Nov. 21, 2014) (alterations and internal quotation marks omitted). Where the court doubts the accuracy of those records, it may reduce the attorneys' fee award. *See, e.g.*, *Nnebe v. Daus*, Nos. 06-cv-04991, 17-cv-7119 (RJS), 2022 WL 612967, at *6 (S.D.N.Y. Mar. 1, 2022).

For the district court litigation, Plaintiffs' billing records and motion for attorneys' fees include occasional errors and internally inconsistent documentation. For example, Plaintiffs' affidavit claims that Mr. Kjellberg worked on the summary judgment motion on July 9, July 16, and July 18, 2012. (Doc. No. 329 at 4, n.3.) The invoice Plaintiffs cite to, however, has no record of Mr. Kjellberg working on this case on those days. (Doc. 329-1 at 7.) Similarly, Plaintiffs request repayment for hours Mr. Ceresia worked on the summary judgment motion on July 14, 15, and 19, 2012 (Doc. No. 329 at 4, n.4), but the invoice they cite to has no record of Mr. Ceresia working on the case on those days.

Plaintiffs' affidavit also states imprecisely some hours figures. For instance, Plaintiffs say that Mr. King spent seventeen hours working on Plaintiffs' summary-judgment reply brief (Doc. 329 at 5), but the invoices cited by Plaintiffs indicate that he worked 17.2 hours on the reply brief. (Doc. 329-1 at 14-15.) Finally, in some places, Plaintiffs double-count hours. For example,

11

Plaintiffs claim that on July 30, 2012, Mr. Mandel spent 5.5 hours on the Rule 56.1 counterstatement of the facts and three hours engaging with Mr. Doug Jacobson (Doc. No. 329 at 6-7), but the associated invoices indicate he only worked 5.8 hours on that day (not 8.5) (Doc. No. 329-1 at 6). The Court concludes that these deficiencies support some reduction in the hours claimed for the district court litigation. Because the hours worked on the appeal did not include similar deficiencies, those hours are not subject to this reduction.

2. **Vague Billing Entries**

Plaintiffs' billing records for the district court litigation are also impermissibly vague at times, which impedes the Court's ability to review how many hours were spent on specific activities. For a court to approve hours in attorneys' fee invoices, "some specificity is required in time entries to enable the court to determine whether a reasonable amount of time was spent on each activity." *Indep. Project, Inc. v. Vetresca Bros. Constr. Co., Inc.*, 397 F. Supp. 3d 482, 499 (S.D.N.Y. 2019). When entries are too vague, courts apply a percentage reduction in the claimed hours expended on the case. *See, e.g.*, *id.* (cutting hours by fifteen percent because of terms like "phone call(s) with opposing counsel" and "preparing letter to co-counsel" as well as other vague entries); *Miroglio S.P.A. v. Conway Stores, Inc.*, 629 F. Supp. 2d 307, 313–14 (S.D.N.Y. 2009) ("letter to [party]," "telephone call to [party]," "discussion with [party]"). Here, in light of multiple vague entries in the Plaintiffs' records pertaining to the district court litigation, which make it unclear what Plaintiffs' attorneys were working on during the billed hours, the Court concludes that some reduction to the district court hours is appropriate. *See, e.g.*, Doc. No. 329-1 at 30 ("Emails to opposing counsel," "phone conference with ReDigi counsel"); *id.* at 42 ("Phone conference with all counsel; conference with R. Mandel re same"). These and other instances merit a slight reduction in the district court hours. Because the descriptions for the work done on appeal are more robust, those hours do not merit a reduction.

12

\* \* \*

In light of the deficiencies identified above, the Court concludes that it is necessary to reduce the hours Plaintiffs' attorneys worked on the district court litigation by five percent, a "reasonable percentage of the number of hours claimed" that the Court excises "as a practical means of trimming fat from a fee application." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation marks and citations omitted); *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994) ("We do not require that the court set forth item-by-item findings concerning what may be countless objections to individual billing items."). But because the deficiencies identified above are limited to the work done on the district court litigation, the Court concludes that the hours Plaintiffs' attorneys worked on the appeal should not be so reduced.

### C. Overall Reimbursable Attorneys' Fees

#### 1. Summary Judgment Moving Brief

The Court awarded Plaintiffs "twenty-two percent of the fees incurred with its memorandum of law in support of its motion for summary judgment." (Doc. No. 328 at 19.) Plaintiffs request $6,140.31 for their attorneys' work related to this brief. (Doc. No. 329 at 5.) In light of the rate and hour adjustments described above, the Court's adjusted lodestar calculation for all the work conducted on this brief is as follows:

| Attorney | Hours | Rate ($) | Fees ($) |
|---|---|---|---|
| Richard Mandel | 28.5 | 500.00 | 14,250.00 |
| Jonathan King | 11.88 | 475.00 | 5,640.63 |
| Thomas Kjellberg | 13.49 | 405.00 | 5,463.45 |
| Scott Ceresia | 4.47 | 260.00 | 1,160.90 |
| **Total** | **58.33** | | **$26,514.98** |

The Court finds that the Plaintiffs' reasonable attorneys' fees for this part of the litigation amounts to $5,833.29, twenty-two percent of the total fees incurred by counsel.

2. **Summary Judgment Reply Brief**

The Court awarded Plaintiffs "sixty percent of the fees incurred in connection with its reply memorandum supporting summary judgment." (Doc. No. 328 at 19.) Plaintiffs requested $7,530 for their attorneys' work on this matter. (Doc. No. 329 at 5.) In light of the rate and hour adjustments described above, the Court's adjusted lodestar calculation for all the work conducted on this brief is as follows:

| Attorney | Hours | Rate ($) | Fees ($) |
|---|---|---|---|
| Richard Mandel | 6.46 | 500.00 | 3,230.00 |
| Jonathan King | 16.15 | 475.00 | 7,671.25 |
| Nart-Anong Chinda | 4.75 | 200.00 | 950.00 |
| Total | 27.36 | | $11,851.25 |

The Court finds that the Plaintiffs' reasonable attorneys' fees for this part of the litigation amounts to $7,110.75, sixty percent of the total fees incurred by counsel.

3. **Summary Judgment Opposition Brief**

The Court awarded Plaintiffs "thirty-three percent of the fees incurred in connection with its opposition to ReDigi's motion to summary judgment." (Doc. No. 328 at 19.) Plaintiffs request $9,009.50 for that work. (Doc. No. 329 at 6.) In light of the rate and hour adjustments described above, the Court's adjusted lodestar calculation for work performed on this brief is as follows:

| Attorney | Hours | Rate ($) | Fees ($) |
|---|---|---|---|
| Richard Mandel | 16.91 | 500.00 | 8,455.00 |
| Jonathan King | 33.54 | 475.00 | 15,929.13 |
| Nart-Anong Chinda | 7.22 | 200.00 | 1,444.00 |

|  | Total | 57.67 |  | $25,828.13 |
|---|---|---|---|---|

The Court finds that the Plaintiffs' reasonable attorneys' fees for this part of the litigation amounts to $8,523.28, thirty-three percent of the total fees incurred by counsel.

4. **Rule 56.1 Counterstatement of Facts**

The Court awarded Plaintiffs "thirteen percent of the fees incurred in connection with its counterstatement of facts." (Doc. No. 328 at 19.) Plaintiffs request $1,172.60 for that work. In light of the rate and hour adjustments described above, the Court's adjusted lodestar calculation for work performed on this submission is as follows:

| Attorney | Hours | Rate ($) | Fees ($) |
|---|---|---|---|
| Richard Mandel | 11.4 | 500.00 | 5,700.00 |
| Jonathan King | 4.75 | 475.00 | 2,256.25 |
| Nart-Anong Chinda | 2.85 | 200.00 | 570.00 |
| Total | 19 |  | $8,526.25 |

The Court finds that the Plaintiffs' reasonable attorneys' fees for this part of the litigation amounts to $1,108.41, thirteen percent of the total fees incurred by counsel.

5. **Costs Associated with Doug Jacobson**

The Court awarded Plaintiffs' "the entirety of the costs associated with engaging Doug Jacobson to refute ReDigi's data migration theory." (Doc. No. 328 at 19.) Plaintiffs request $11,781.79 for this work. (Doc. No. 329 at 7.) As an initial matter, the Court resolves an ambiguity in the Fees Order with respect to the costs it had authorized with respect to Mr. Jacobson. (Doc. No. 328 at 14.) The Court intended to authorize fees only for those costs *incurred by the attorneys* in connection with the expert witness, such as preparing his affidavit. The moneys paid to Mr. Jacobson himself cannot be reimbursed because "the Copyright Act authorizes federal district

15

courts to award [only] . . . . the costs specified in the general costs statute, §§ 1821 and 1920," which do not include the cost of expert witnesses engaged by the parties. *Rimini Street, Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 881 (2019); *see also Gortat v. Capala Bros., Inc.*, 795 F.3d 292, 296 (2d. Cir 2015) ("The Supreme Court has made clear on multiple occasions that, absent explicit statutory authorization, a district court may not award reimbursement for expert fees beyond the allowances authorized by 28 U.S.C. § 1920, as limited by 28 U.S.C. § 1821."). After removing the work of Mr. Jacobson and performing the rate and hour adjustments to the attorneys' work described above, the Court's adjusted lodestar calculation for work performed on engaging Mr. Jacobson is as follows:

| Attorney | Hours | Rate ($) | Fees ($) |
|---|---|---|---|
| Richard Mandel | 11.88 | 500.00 | 5,937.50 |
| Jonathan King | 3.80 | 475.00 | 1,805.00 |
| Total | 15.68 | | $7,742.50 |

Accordingly. the Court finds that the Plaintiffs' reasonable attorneys' fees for this part of the litigation amounts to $7,742.50 in fees for work engaging Doug Jacobson.

6. **Oral Argument**

The Court awarded Plaintiffs "twenty-five percent of the fees incurred in preparing for and conducting oral argument before the Court on the parties' summary judgment motions." (Doc. at 19.) Plaintiffs request reimbursement for $4,468.13. (Doc. No. 329 at 8.) In light of the rate and hour adjustments described above, the Court's adjusted lodestar calculation for work performed in connection with oral argument is as follows:

| Attorney | Hours | Rate ($) | Fees ($) |
|---|---|---|---|
| Richard Mandel | 29.36 | 500.00 | 14,677.50 |
| Jonathan King | 4.85 | 475.00 | 2,301.38 |

| | | | |
|---|---|---|---|
| **Total** | **34.2** | | **$16,978.88** |

The Court finds that the Plaintiffs' reasonable attorneys' fees for this part of the litigation amounts to $4,244.72, twenty-five percent of the total fees incurred by counsel.

### 7. Post-Summary Judgment Motions

The Court also awarded Plaintiffs attorneys' fees for "all post-summary judgment proceedings in this Court." (Doc. No. 319 at 18.) Plaintiffs request $553,008.00 for this work. (Doc. No. 329 at 9.) In light of the rate and hour adjustments described above, the Court's adjusted lodestar calculation for all work performed after the summary judgment motions is as follows:

| **Attorney** | **Hours** | **Rate ($)** | **Fees ($)** |
|---|---|---|---|
| Richard Mandel | 566.01 | 510 - 540 | 297,056.45 |
| Jonathan King | 328.89 | 490 - 530 | 165,820.13 |
| Nart-Anong Chinda | 143.07 | 200 | 28,614.00 |
| Scott Ceresia | 68.02 | 270 - 310 | 19,391.88 |
| Thomas Kjellberg | 2.19 | 415 - 425 | 923.88 |
| J. Martin Noble | 5.61 | 90 | 504.45 |
| Bridget Crawford | 0.57 | 200 | 114.00 |
| Sarah Guldan | 10.74 | 90 | 966.15 |
| Ignacio Duran | 1.33 | 90 | 119.70 |
| Mark Montague | 4.28 | 461 | 1,970.78 |
| Simon Gerson | 5.23 | 200 | 1,045.00 |
| Robert Giordanella | 0.67 | 200 | 133.00 |
| Ryan Ghiselli | 2 | 200 | 399.00 |
| Sandy Lubin | 1.9 | 90 | 171.00 |
| **Total** | **1,140.48** | | **$517,229.40** |

Accordingly, the Court finds that the Plaintiffs' reasonable attorneys' fees for this part of the litigation amounts to $517,229.40.

17

8. **Appeal**

The Court awarded Plaintiffs "fifteen percent of Plaintiffs' fees incurred on appeal." (Doc. No. at 23.)  Plaintiffs request $14,421.53 for that work.  (Doc. No. 329 at 10.)  In light of the rate and hour adjustments described above, the Court's adjusted lodestar calculation for all work performed on appeal is as follows:

| Attorney | Hours | Rate ($) | Fees ($) |
|---|---|---|---|
| Richard Mandel | 114.3 | 550.00 | 62,865.00 |
| Jonathan King | 56.7 | 545.00 | 30,901.50 |
| Thomas Kjellberg | .6 | 435 | 261.00 |
| Nart-Anong Chinda | 7.7 | 200 | 1,540.00 |
| George Diaz | 1.5 | 90 | 135.00 |
| **Total** | **180.8** | | **$95,702.50** |

Accordingly, the Court finds that the Plaintiffs' reasonable attorneys' fees for this part of the litigation amounts to $14,355.38, fifteen percent of the total fees incurred by counsel.

## Conclusion

Accordingly, IT IS HEREBY ORDERED THAT Plaintiffs' motion for attorneys' fees is GRANTED IN PART AND DENIED IN PART.  Plaintiffs are awarded $500,000.00 in attorneys' fees for litigation before the district court – the maximum amount permitted under the parties' stipulated cap – and $14,355.38 in attorneys' fees for Defendants' appeal.

SO ORDERED.

Dated:   August 11, 2022
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation